# Exhibit A

Copy

GIBSON, DUNN & CRUTCHER LLP
Rachel S. Brass, SBN 219301
rbrass@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

Attorney for Defendant CREDICO (USA) LLC.

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

MAY 1 8 2017

CLERK OF THE SUPERIOR COURT
By
NAME THOMAS, BRAHE

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| TASHIAN R. SCOTT, on his own behalf and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SPRINT CORPORATION; SPRINT/UNITED MANAGEMENT CORPORATION; LEGION; LATITUDE GROUP; CREDICO (USA) LLC, ALON BRENER, an individual, <br><br> Defendants. | CASE NO. RG 17856280 <br><br> **NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION** <br><br> Action Filed:   April 11, 2017 <br> Trial Date:      None |

1    **TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF TASHIAN R.**

2    **SCOTT AND HIS COUNSEL OF RECORD:**

3            PLEASE TAKE NOTICE THAT Defendants Credico (USA) LLC, Legion, Latitude Group,

4    and Alon Brener, with the consent of Defendants Sprint Corporation and Sprint/United Management

5
     Corporation, have, pursuant to federal law, filed with the Clerk of the United States District Court for

6
     the Northern District of California their Notice of Removal and supporting declarations, copies of

7    which are attached as **Exhibit 1**, and that this action is now removed to the United States District

8    Court. By virtue of this removal, no further proceedings before this Court are permitted. (*See* 28

9
     U.S.C. § 1446(d).)

10

11

12
     Respectfully submitted,

13
     Dated: May 18, 2017                              GIBSON, DUNN & CRUTCHER LLP

14

15

16                                                   By: *Rachel S. Brass/sch*

17                                                       Rachel S. Brass

18                                                   Attorney for Defendant
                                                     CREDICO (USA) LLC

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION – CASE NO. RG 17856280

1

## PROOF OF SERVICE

2

I, Suzanne Maruschak, declare as follows:

3

4

I am employed in the County of San Francisco, State of California, I am over the age of

eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite

5

3000, San Francisco, CA 94105-0921, in said County and State.  On May 18, 2017, I served the

6

7

following document(s):

8

**NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION AND EXHIBIT 1**

9

on the parties stated below, by the following means of service:

10

11

David A. Rosenfeld
Caren P. Sencer

12

David W.M. Fujimoto
Weinberg, Roger & Rosenfeld PC

13

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501

14

Telephone: 510-337-1001
Facsimile: 510-337-1023

15

drosenfeld@unioncounsel.net
csencer@unioncounsel.net

16

dfujimoto@unioncounsel.net

17

*Counsel for Plaintiffs*

18

Elise O'Brien                                  Nicole Eichberger

19

Rynn & Janowsky, LLP                           Proskauer Rose LLP
4100 Newport Place Drive, Suite 700            Eleven Times Square

20

Newport Beach, California 92660                New York, New York  10036

21

Telephone:  949-430-3417                       Telephone: 212-969-3000
Facsimile: 949-225-4766                         Facsimile: 212-969-2900

22

elise@rjlaw.com                                 neichberger@proskauer.com

23

*Counsel for Defendants Legion,*              *Counsel for Defendants*

24

*Latitude Group, & Alon Brener*               *Sprint Corporation and Sprint/United*
                                               *Management Corporation*

25

☐   **BY UNITED STATES MAIL:** I placed a true copy in a sealed envelope or package addressed to the persons as

26

indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our
ordinary business practices. I am readily familiar with this firm's practice for collecting and processing

27

correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is
deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully

28

prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or
postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

Gibson, Dunn &
Crutcher LLP

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ **BY MESSENGER SERVICE:** I placed a true copy in a sealed envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service for delivery before 5:00 p.m. on the above-mentioned date. *(A declaration by the messenger must accompany this Proof of Service.)*

☐ **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above at _____ [a.m./p.m.] , on November 26, 2014. The telephone number of the sending fax machine is [number] No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. This transmission report was properly issue by the sending fax machine.

☑ **BY OVERNIGHT DELIVERY:**  On the above-mentioned date, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses shown above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier with delivery fees paid or provided for.

☐ **BY LEXISNEXIS:**  I provided the document(s) listed above electronically to LexisNexis through the LexisNexis File & Serve website pursuant to the order authorizing electronic service and the instructions on that website.

☐ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM:**  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system.  After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☐ **BY ELECTRONIC SERVICE:**  On the above-mentioned date at _____ [a.m./p.m] , based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

☑ I am employed in the office of Rachel S. Brass, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑ **(STATE)**         I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(FEDERAL)**      I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 18, 2017.

_Suzanne Maruschak_
Suzanne Maruschak

Gibson, Dunn &
Crutcher LLP

Exhibit 1

GIBSON, DUNN & CRUTCHER LLP
Rachel S. Brass, SBN 219301
rbrass@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorney for Defendant CREDICO (USA) LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASHIAN R. SCOTT, on his own behalf and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT CORPORATION; SPRINT/UNITED MANAGEMENT CORPORATION; LEGION; LATITUDE GROUP; CREDICO (USA), LLC; ALON BRENER, an individual,<br><br>Defendants. | CASE NO. _____<br><br>**NOTICE OF REMOVAL BY DEFENDANTS CREDICO (USA) LLC, LEGION, LATITUDE GROUP, AND ALON BRENER**<br><br>[Removal from the Superior Court of the State of California, County of Alameda, Case No. RG 17856280]<br><br>Action Filed: April 11, 2017 |

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANTS

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF TASHIAN SCOTT AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants Credico (USA) LLC ("Credico"), Legion, Latitude Group ("Latitude"), and Alon Brener ("Brener") (collectively, "Removing Defendants"), with the consent of Defendants Sprint Corporation and Sprint/United Management Corporation (collectively, "Sprint"), hereby remove this action—with reservation of all defenses and rights, including but not limited to the right to move to compel arbitration—from the Superior Court of the State of California for the County of Alameda, Case No. RG 17856280, to the United States District Court for the Northern District of California, San Francisco Division.  As set forth below, removal is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

**I.    TIMELINESS OF REMOVAL**

1.     Plaintiff Tashian Scott ("Scott") filed a Class Action Complaint ("Complaint") against Defendants in the Superior Court for Alameda County, California, Case Number RG 17856280, on April 11, 2017.  Under 28 U.S.C § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant Credico as of the date of this filing are attached as Exhibit A to the Declaration of Rachel Brass ("Brass Decl."), and true and correct copies of all process, pleadings, and orders served upon Defendants Legion, Latitude, and Brener as of the date of this filing are attached as Exhibits A, B, and C to the Declaration of Elise O'Brien ("O'Brien Decl."), filed concurrently herewith.

2.     This notice of removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed as to Credico, Legion, Latitude, and Brener.  28 U.S.C. §1446(b); Fed. R. Civ. P. 6(a)(1).  Sprint consents to removal under 28 U.S.C. § 1446(b)(2)(C).  In particular:

3.     Plaintiffs served Sprint with a Summons and Complaint on April 17, 2017.  *See* Brass Decl. ¶ 4.  Sprint consents to removal of the case.  *See id.*

4.     Plaintiffs served Credico with a Summons and Complaint on April 18, 2017.  *See* Brass Decl. ¶ 3, Ex. A.

5.       Plaintiffs served Legion with a Summons and Complaint on April 24, 2017.  *See* O'Brien Decl. ¶ 2, Ex. A.

6.       Plaintiffs served Latitude with a Summons and Complaint on April 24, 2017.  *See* O'Brien Decl. ¶ 3, Ex. B.

7.       Plaintiffs served Brener with a Summons and Complaint on April 24, 2017.  *See* O'Brien Decl. ¶ 4, Ex. C.

## II.    SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

8.       Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Defendants pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

9.       CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).  This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action.  *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶¶ 40, 42.

10.      Plaintiffs are current or former workers who performed work for Defendants Legion and Latitude.  Plaintiffs allege that they are properly considered employees of Defendants, although many are not classified as "employees."  They bring this class action "to recover wages and impose penalties based on Defendants' failure to pay the minimum wage and overtime, failure to properly maintain and provide accurate itemized wage statements, failure to provide required notifications regarding employees' pay, failure to provide meal periods and paid rest periods, failure to maintain proper piece-rate records, failure to properly reimburse for travel expenses, making unlawful deductions from wages, and failure to pay all wages due upon termination of employment."  Compl. at 1-2.  The Complaint alleges eight causes of action on behalf of the putative class arising out of Plaintiffs' work with Legion and Latitude.   Compl. ¶¶ 52-146.

11.      Plaintiffs seek injunctive relief, damages, "restitution and wages according to proof under the Labor Code, Business & Professions Code sections et seq.," "an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due," penalties

and interest, liquidated damages, attorneys' fees and costs, and "further relief as this Court deems just and proper." Compl. at 26-27.

12.     Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

13.     Removing Defendants, and Sprint, deny any liability as to Scott's claims and the claims of the putative class members, and deny that class treatment is appropriate. Removing Defendants and Sprint expressly reserve all rights in this regard. For purposes of meeting the jurisdictional requirements for removal only, however, Removing Defendants submit that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

**A.     The Proposed Class Consists of More Than 100 Members.**

14.     Scott alleges in the Complaint that he "brings this action on behalf of himself and all other current and former employees similarly situated as a class action under Code of Civil Procedure section 382." Compl. ¶ 40. Plaintiff further alleges that he "seeks to represent the following classes:"

> All current and former employees of Defendants who have not been paid for all hours worked at any time in the four years preceding the filing of this Complaint.

> All current and former employees of Defendants who have been denied uninterrupted meal periods at any time in the four years preceding the filing of this Complaint.

> All current and former employees of Defendants who have been denied uninterrupted paid rest periods at any time in the four years preceding the filing of this Complaint.

> All current and former employees of Defendants who have had their pay deducted for the loss or damage of Defendants' property at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been indemnified for necessary work-related expenditures at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been provided accurate, itemized wage statements at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been provided written statements reflecting their applicable pay plans at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who were not paid all wages due upon separation at any time in the four years preceding the filing of this Complaint.

*Id.*

15.     While Removing Defendants and Sprint deny that they are Plaintiffs' joint employers, for purposes of this analysis only, Removing Defendants view the Complaint's allegations as encompassing all persons who performed work on the Assurance Wireless campaign for an Independent Sales Office ("ISO") located in California that was contracted by Credico.  Because Plaintiffs have alleged a claim under Section 17200 of the Cal. Bus. & Pract. Code, which claim Removing Defendants deny, Removing Defendants assume for purposes of this motion only that Plaintiffs seek damages and available penalties for the four years prior to the filing of Plaintiffs' Complaint.  While Removing Defendants deny that class treatment is permissible or appropriate, based on Credico's good faith review of currently available information that was provided to Credico pursuant to its contracts with ISOs with individuals who worked on the Assurance Wireless campaign, Credico estimates that there were at least 3,000 individuals who performed work for a California-based ISO on the Assurance Wireless campaign during this time period.  *See* Declaration of Jennifer Clark ("Clark Decl.") ¶ 4.  Accordingly,  based on the Complaint's allegations the proposed class consists of more than 100 members.

**B.     Defendants And Plaintiff Are Not Citizens Of The Same State.**

16.     The minimum diversity of citizenship criteria under CAFA requires that the plaintiff or any member of the putative class be a citizen of a state that is different from that of any defendant. 28 U.S.C. § 1332(d)(2)(A).

17.     The Complaint does not allege facts establishing Plaintiff's citizenship, but a search of public records indicates that Scott has been a resident of Alameda County, California throughout the time period alleged in the Complaint.  *See* Brass Decl. ¶ 5.

18.     Credico is a Delaware corporation, with its principal place of business in Chicago, Illinois.  *See* Clark Decl. ¶ 2.

19.     Because the proposed class representative is "a citizen of a state different from that of any defendant," the minimum diversity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A).

**C.     The Amount Placed In Controversy By The Class Claims Exceeds $5 Million.**

20.     Although Removing Defendants deny that Plaintiffs' claims have any merit, Removing Defendants aver, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiffs' requested monetary recovery exceeds $5 million.

**1.     Plaintiffs' Class Allegations Surpass the Jurisdictional Threshold Amount**

21.     Removing Defendants deny that Scott or the putative class members are entitled to any relief.  However, for purposes of this jurisdictional analysis only, Removing Defendants rely on Plaintiffs' allegations.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint.").

22.     Plaintiffs' Complaint alleges that Defendants "fail[ed] to pay the minimum wage and overtime, fail[ed] to properly maintain and provide accurate itemized wage statements, fail[ed] to provide required notifications regarding employees' pay, fail[ed] to provide meal periods and paid rest periods, fail[ed] to maintain proper piece-rate records, fail[ed] to properly reimburse for travel expenses, ma[d]e unlawful deductions from wages, and fail[ed] to pay all wages due upon termination of employment."  Compl.  at 1-2.  For each of these alleged violations, Plaintiffs seek civil penalties under the California Labor Code ("Labor Code"), Industrial Wage Commission Wage Order 7 ("Wage Order"), and/or the California Business and Professions Code ("Bus. Code").  Specifically, Plaintiffs seek, among other things:

a.     **Count 1:  Failure to pay minimum wage**

1)     Unpaid wages under Labor Code Section 1194

2)     Liquidated damages under Labor Code Section 1194.2

        3)      Civil penalties contained in Labor Code Section 558 and 1197.1

    b.    **Count 2: Failure to authorize and permit paid rest breaks**

        1)      Civil penalties under Labor Code Section 226.7

        2)      Compensation for rest breaks taken under Labor Code Section 226.2

        3)      Civil penalties under Labor Code Section 1197.1

        4)      Liquidated damages under Labor Code Section 1194.2

    c.    **Count 3: Failure to permit meal periods**

        1)      Civil penalties under Labor Code Section 226.7

    d.    **Count 4: Failure to provide accurate wage statements**

        1)      Under Labor Code Section 226(e), the greater of all actual damages or $50 for the initial pay period in which the violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4000

    e.    **Count 5: Failure to indemnify for necessary expenditures**

        1)      Damages equal to the amount of expenditures or losses that have not been reimbursed under Labor Code section 2802

    f.    **Count 6: Unlawful deductions**

        1)      Wages unlawfully deducted under Labor Code Section 218

    g.    **Count 7: Failure to provide all wages due at separation**

        1)      One day's wages for every day Defendants failed to pay wages owed on termination, up to 30 days' pay, for each putative class member under Labor Code Section 203

    h.    **Count 8: Unlawful business practices**

        1)      Restitution for all wages unlawfully withheld during the four years prior to the filing of the Complaint, under Bus. Code Sections 17203 and 17208

Compl. ¶¶ 52-146.  While Removing Defendants deny that Plaintiffs are able to recover all of the damages they claim, including, among other reasons, because there is no private right of action for certain of the penalties sought and because such penalties violate Defendants' due process rights,

Gibson, Dunn &
Crutcher LLP

6

Plaintiffs' allegations, if accepted, would place more than $5,000,000 in controversy, exclusive of interest and costs. While Removing Defendants deny that they are Plaintiffs' joint employers or that class treatment is permissible or appropriate, Credico has reviewed its records and has determined, based on information currently available that was provided to Credico pursuant to its contracts with ISOs with individuals who worked on the Assurance Wireless campaign, that there were at least 3,000 workers who performed work on the Assurance Wireless campaign for a California-based ISO contracted by Credico during the four years prior to the filing of the Complaint. Clark Decl. ¶ 4. While workweek data and compensation information for individuals working with ISOs is not maintained by Credico (*see* Clark Decl. ¶ 3), based on information currently available that was provided to Credico pursuant to its contracts with ISOs with individuals who worked on the Assurance Wireless campaign, these approximately 3,000 individuals made sales on an aggregate of approximately 114,500 days during the four years prior to the filing of the Complaint. Clark Decl. ¶ 5. Accordingly, Plaintiffs' claim under Labor Code Section 1197.1 alone would place more than $5 million in controversy, as explained below.

23.    Using a conservative estimate, the 114,500 days during which individuals who worked on the Assurance Wireless campaign made sales can be apportioned into approximately 22,900 weekly pay periods (114,500 divided by 5 days per week).

24.    Labor Code Section 1197.1 provides for penalties of $100 for each pay period for the first alleged violation and $250 for each pay period for subsequent violations. Plaintiffs' claim under Section 1197.1 would place over $5 million in controversy. The calculations are as follows. First violation: 3,000 * $100 = $300,000. Subsequent violations: 19,900 * $250 = $4,975,000. Total: $4,975,000 + $300,000 = $5,275,000.

25.    For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy, and removal to this Court is proper under CAFA.

26.    Furthermore, because Removing Defendants have shown there is federal jurisdiction over this action, Plaintiffs bear the burden of proof with regard to any argument that an exception to CAFA removal applies and justifies remand. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Removing Defendants submit that no such exception applies and expressly reserve the

right to contest and further brief the applicability of any exception that Plaintiffs may raise in a motion for remand.

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

27. Based on the foregoing allegations from the Complaint, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    (a) This is a civil action that is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B);

    (b) This action involves a putative class of more than 100 persons as required by 28 U.S.C. § 1332(d)(5)(B);

    (c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required under 28 U.S.C. § 1332(d)(2); and

    (d) Plaintiff is a citizen of a state that is different from that of any Defendant, as required by 28 U.S.C. § 1332(d)(2)(A).

Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

28. The United States District Court for the Northern District of California, San Francisco, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiffs originally filed this case, in Superior Court of California for the County of Alameda. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

29. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants Credico, Legion, Latitude, and Brener are attached as Exhibit A to the Brass Declaration and Exhibits A, B, and C to the O'Brien Declaration filed concurrently herewith.

30. Upon filing this Notice of Removal, Removing Defendants will furnish written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of California for the County of Alameda, under 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Credico, Legion, Latitude, and Brener remove to this Court the above action pending against it in the Superior Court of California for the County of Alameda.

Gibson, Dunn &
Crutcher LLP

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANTS

Respectfully submitted,

Dated: May 18, 2017                          GIBSON, DUNN & CRUTCHER LLP


                                             By:  /s/ Rachel S. Brass
                                                  Rachel S. Brass

                                             GIBSON, DUNN & CRUTCHER LLP
                                             Rachel S. Brass
                                             rbrass@gibsondunn.com
                                             555 Mission Street, Suite 3000
                                             San Francisco, CA 94105-0921
                                             Telephone:    415.393.8200
                                             Facsimile:    415.393.8306

                                             ***Attorney for Defendant***
                                             ***CREDICO (USA) LLC.***


                                             RYNN & JANOWSKY, LLP
                                             Elise O'Brien
                                             elise@rjlaw.com
                                             4100 Newport Place Drive, Suite 700
                                             Newport Beach, CA 92660
                                             Telephone:    949.430.3417
                                             Facsimile:    949.225.4766

                                             ***Attorney for Defendants***
                                             ***LEGION, LATITUDE GROUP, and ALON***
                                             ***BRENER.***

### DECLARATION OF FILER PURSUANT TO CIVIL LOCAL RULE 5-1(i)

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the signatories.

Dated: May 18, 2017                          GIBSON, DUNN & CRUTCHER LLP


                                             By:  /s/ Rachel S. Brass
                                                  Rachel S. Brass

                                             Attorney for Defendant
                                             CREDICO (USA) LLC

1    GIBSON, DUNN & CRUTCHER LLP
Rachel S. Brass, SBN 219301
2    rbrass@gibsondunn.com
555 Mission Street, Suite 3000
3    San Francisco, CA 94105-0921
Telephone: 415.393.8200
4    Facsimile: 415.393.8306

5    Attorney for Defendant CREDICO (USA) LLC.

6

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12

13    TASHIAN R. SCOTT, on his own behalf and
on behalf of all those similarly situated,

14              Plaintiffs,

15         v.

16    SPRINT CORPORATION; SPRINT/UNITED
MANAGEMENT CORPORATION;
17    LEGION; LATITUDE GROUP; CREDICO
(USA), LLC; ALON BRENER, an individual,

18            Defendants.

19

**CASE NO.** _____

**DECLARATION OF RACHEL S. BRASS IN
SUPPORT OF NOTICE OF REMOVAL BY
DEFENDANTS
CREDICO (USA) LLC, LEGION,
LATITUDE GROUP, AND ALON BRENER**

[Removal from the Superior Court of the State of
California, County of Alameda, Case No. RG
17856280]

Action Filed: April 11, 2017

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

I, Rachel S. Brass, declare as follows:

1.      I am an attorney admitted to practice law before all courts of the State of California and the United States District Court for the Northern District of California.  I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and I am one of the attorneys responsible for the representation of Defendant Credico (USA) LLC in this matter.  I make this declaration in support of Defendants' Notice of Removal.  Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      Defendant Credico (USA) LLC is a Delaware corporation, with its principal place of business in Chicago, Illinois.

3.      Attached hereto as **Exhibit A** is a true and correct copy of all process, pleadings, and orders served upon Defendant Credico (USA) LLC, which comprises a Summons and a Class Action Complaint.

4.      Upon information and belief, based on correspondence with counsel for Defendant Sprint Corporation and Sprint/UMC (collectively, "Sprint"), Sprint was served on April 17, 2017.  Sprint has consented to removal of the case.

5.      Based upon a review of publicly available information, Plaintiff Tashian Scott has been a resident of Alameda County, California since at least November 2005.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 18, 2017.


                                  */s/ Rachel S. Brass*
                                  Rachel S. Brass

# Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** SPRINT CORPORATION; SPRINT/UNITED
*(AVISO AL DEMANDADO):* MANAGEMENT CORPORATION; LEGION;
LATITUDE GROUP; CREDICO (USA), LLC;
ALON BRENER , *AN INDIVIDUAL*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
TASHIAN R. SCOTT, on his own behalf and on behalf of all those similarly
situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

APR 1 2 2017

SUE PESKO
By

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Alameda County Superior Court<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG17856280 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Weinberg, Roger & Rosenfeld   (510) 337-1001
1001 Marina Village Pkwy, Ste 200, Alameda, CA  94501

| DATE:<br>*(Fecha)* APR 1 2 2017 | Chad Finke | Clerk, by<br>*(Secretario)* SUE PESKO | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Credico (USA), LLC**

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* **Corporation Code 17061 (Limited Liability Company)**
4. ☐ by personal delivery on *(date):* 4-18-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

DAVID A. ROSENFELD, Bar No. 058163
CAREN P. SENCER, Bar No. 233488
DAVID W.M. FUJIMOTO, Bar No. 299316
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: drosenfeld@unioncounsel.net
        csencer@unioncounsel.net
        dfujimoto@unioncounsel.net
        courtnotices@unioncounsel.net

Attorneys for Plaintiffs

ENDORSED
FILED
ALAMEDA COUNTY

APR 11 2017

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| TASHIAN R. SCOTT, on his own behalf and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT CORPORATION; SPRINT/UNITED MANAGEMENT CORPORATION; LEGION; LATITUDE GROUP; CREDICO (USA), LLC; ALON BRENER, an individual,<br><br>Defendants. | Class Action<br><br>Case No. RG 17856280<br><br>COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND UNLAWFUL BUSINESS PRACTICES |

### I.    INTRODUCTION

This is an action by Plaintiff Tashian R. Scott, brought under the California Labor Code and California Business and Professions Code section 17200 on behalf of himself and those similarly situated. Plaintiffs are or were employed by Defendants for the sole task of registering applicants for Sprint Corporation's Lifeline program, which provides free mobile phones and free limited wireless telephone services to qualifying low-income individuals. This action is to recover wages and impose penalties based on Defendants' failure to pay the minimum wage and overtime, failure to properly maintain and provide accurate itemized wage statements, failure to provide required notifications regarding employees' pay, failure to provide meal periods and paid rest periods, failure to maintain proper piece-rate records, failure to properly reimburse for travel

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

COMPLAINT [CLASS ACTION] – SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

DOCSNTVZMC1493\142552\898864.v2-4/11/17

BY FAX

expenses, making unlawful deductions from wages, and failure to pay all wages due upon termination of employment. Defendants' violations of law provide Defendants with an unfair business advantage, violate the applicable wage order and the Labor Code, and is contrary to California law.

## II.    PARTIES

1.    Plaintiff Tashian R. Scott ("Scott" or "Plaintiff") was at all relevant times herein employed by Defendants Latitude Group, Inc., Legion, Inc., Sprint/United Management Corporation, and Sprint Corporation, ostensibly as a sales representative. He brings this action on his own behalf and on behalf of others similarly situated (collectively, "Plaintiffs").

2.    Defendant Sprint Corporation ("Sprint") is a business entity doing business in California, and is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, Defendant Sprint is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover, Defendant Sprint is a client employer as defined in section 2810.3 of the Labor Code.

3.    Defendant Sprint/United Management Corporation ("Sprint/UMC") is a business entity doing business in California, and is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. Defendant Sprint/UMC is a wholly owned subsidiary of Defendant Sprint. In addition, Defendant Sprint/UMC is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover, Defendant Sprint/UMC is a client employer as defined in section 2810.3 of the Labor Code.

4.    Defendants Legion and Latitude Group ("Legion/Latitude Group") are both operated out of 7901 Stoneridge Dr., Ste. 555, Pleasanton, California, 94588. Each is a business entity doing business in California, and each is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, they are each an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

Defendants Legion/Latitude Group each is a "labor contractor" as defined in section 2810.3 of the Labor Code, and each provided labor to Defendants Sprint and Sprint/UMC, and/or to Defendant Credico (USA) LLC.

5. Credico (USA) LLC ("Credico") is a business entity doing business in California, and is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, Defendant Credico is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover, on information and belief, Defendant Credico is a labor contractor as defined in section 2810.3 of the Labor Code in that Defendant Credico contractually agreed to provide to Defendants Sprint and Sprint/UMC the labor necessary to carry out the Sprint Lifeline program. Defendant Credico is also a client employer as defined in section 2810.3 of the Labor Code in that Defendant Credico contracted with Defendants Legion/Latitude Group and/or with Defendant Alon Brener for those Defendants to provide the labor necessary for Defendant Credico to fulfill its contractual obligations to provide labor to Defendants Sprint and/or Sprint/UMC.

6. Alon Brener ("Brener") is an individual and is the president of both Defendants Legion/Latitude Group. He is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. On information and belief, Defendants Legion/Latitude Group are, and at all times herein mentioned were, the alter egos of Defendant Brener. There exists, and at all times herein mentioned has existed, a unity of interest and ownership between these defendants such that any separateness between them has ceased to exist. Defendant Brener completely controlled, dominated, managed, and operated Defendants Legion/Latitude Group. Defendant Brener comingled the assets of each business operation to suit his convenience by placing the fixed assets of Defendant Latitude Group in the name of Defendant Legion in order to evade payment of the obligations owed to creditors of Defendant Latitude Group. Brener is also a "labor contractor" as defined in section 2810.3 of the Labor Code, as he provided labor to Defendants Sprint and Sprint/UMC, and/or to Defendant Credico (USA) LLC.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3
COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

7.     A client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for the payment of wages. Cal. Lab. Code § 2810.3(b). Therefore, Defendants Sprint, Sprint/UMC, and Credico are jointly liable for the violations committed by Defendants Legion/Latitude and Brener ("Legion/Latitude Group/Brener"). Furthermore, Defendants Sprint and Sprint/UMC are jointly and severally liable for Credico's liability for Credico providing, through Defendants Legion/Latitude Group/Brener, workers to carry out the Sprint Lifeline program.

8.     Venue is proper based on the location of Defendants Legion/Latitude Group/Brener's office in Pleasanton, California being within the jurisdiction of this Court. Additionally, Defendants Sprint, Sprint/UMC, and Credico do business in Alameda County. The relief requested is within the jurisdiction of this Court.

## III.     FACTUAL ALLEGATIONS

9.     The Federal Communications Commission ("FCC") provides for subsidies to numerous telephone companies that have been designated as an eligible telecommunications carrier ("ETC") to operate the Lifeline program. The Lifeline program provides free mobile phones and free limited wireless telephone services to qualified low-income individuals. ETCs like Defendant Sprint secure profits from low-income individuals when individuals exceed their monthly pool of minutes allotted by the program and independently purchase additional minutes or plans from the particular ETC that provides the individual services.

10.     Assurance Wireless ("Assurance") is a brand of Defendant Sprint, which operates Sprint's Lifeline program. On information and belief, Assurance contracts with Credico to provide marketing for the Sprint Lifeline program. Credico, in turn, subcontracts with Legion to carry out marketing activities, including registering applicants for the Lifeline program. Plaintiffs ostensibly worked for Defendant Legion to carry out Assurance's Lifeline program, but receive paychecks from Defendant Latitude Group. Defendants Legion/Latitude Group/Brener consider Assurance Wireless to be their "client" for whom they carry out marketing activities, including seeking applicants for Assurance's Lifeline program. Defendants Legion/Latitude Group/Brener were only permitted by Defendant Credico and/or Defendants Sprint/UMC to seek applicants in

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

the counties of Alameda, Solano, and Contra Costa. If Plaintiffs enrolled applicants in, for example, San Francisco, any money earned would be directed by Defendant Sprint/UMC and/or Defendant Credico to Legion/Latitude Group/Brener's equivalent company responsible for the San Francisco region.

11. Plaintiffs are required to report to the Legion/Latitude Group/Brener office in Pleasanton at approximately 7:00 a.m. for mandatory, daily trainings. The trainings would last for between 2-3 hours and include a variety of topics including but not limited to: how to make sales, how to properly maintain equipment, and how to get to the "next level" within the company. These trainings were conducted by Plaintiffs' superiors, as well as owners of companies responsible for signing up Lifeline applicants in other counties.

12. After the trainings, Defendants Legion/Latitude Group/Brener direct Plaintiffs to one of a number of locations including: HUD-subsidized housing developments, Greyhound Bus stations, specific shopping malls, county general assistance offices, BART stations, Dollar Stores, and other locations where it is expected Plaintiffs will register eligible applicants for the Lifeline program. These locations are evaluated by Defendant Sprint/UMC to, among other things, make sure Assurance Wireless is not presented in a negative way to the public.

13. Plaintiffs arrive at a particular location by driving their own vehicle, taking public transportation, or getting a ride with another employee. Plaintiffs who take public transportation or drive their own vehicles are not reimbursed for mileage, gas, public transportation costs, bridge tolls, or other related costs.

14. Once Plaintiffs arrive at the designated location they set up the Assurance Wireless kiosks, or pop-up canopies, for the day. Each kiosk includes a stand with an "Assurance Wireless" flag attached to it. Plaintiffs all wear nametags that include the name "assurance wireless" on it. Plaintiffs carry with them the mobile phones that are ultimately provided to applicants deemed eligible for the program.

15. Once at the kiosk, Plaintiffs attempt to register persons eligible for Assurance's Lifeline program by communicating with prospective applicants at the location.

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

16.     Plaintiffs are not provided a location at a given kiosk to store the equipment if they wish to take a break. Therefore, when Plaintiffs need to eat, they must do so while still maintaining responsibility for securing the phones, stand, and other supplies at the kiosk. While eating, if a prospective applicant approaches the kiosk, Plaintiffs must answer questions and engage with the individual. Similarly, if while Plaintiffs try to take a rest period a prospective customer approaches the kiosk, he or she must attend to the individual.

17.     Defendant Sprint/UMC representatives occasionally travel to sites where Plaintiffs are working to observe and make sure Plaintiffs are interacting with prospective applicants in an acceptable manner according to Sprint/UMC guidelines. On information and belief, Defendant Sprint/UMC representatives have surreptitiously feigned being prospective applicants and asked Plaintiffs to engage in prohibited conduct. If an employee violates Defendant Sprint/UMC's guidelines, they can be fired. Indeed, Legion/Latitude Group/Brener employees have been terminated for violating Defendant Sprint/UMC's guidelines.

18.     When equipment is damaged or stolen, Defendants Legion/Latitude Group/Brener deduct the value of the loss from Plaintiffs' paycheck, without making any finding of gross negligence.

19.     Plaintiffs are required to return to the Pleasanton office at the end of the day to return the phones, flags, and other supplies. They must record which phones have been placed and notate in the system which phones are being returned. They must also meet with a superior for a breakdown of the day. Plaintiffs do not leave the office in the evening until approximately 6:30 p.m.

20.     The wages, hours and working conditions of individuals employed in the mercantile industry who are paid on a piece-rate basis are regulated by Industrial Wage Commission Wage Order 7, Cal. Code Regs. tit. 8, section 11070.

21.     Plaintiffs are also covered by Labor Code sections 1194, 1194.2, and 1197. Together, these sections require that an employer pay employees at least the minimum wage for each hour worked as prescribed by law. Plaintiffs have not been paid for each hour worked. Instead, Plaintiffs have been paid based on a piece-rate system. This system is based upon the

number of times an employee completes the task of placing a cell phone with a qualified applicant. Each time this task is completed, Plaintiffs are paid at a rate of $8, regardless of the amount of time necessary to complete each task. The $8 rate is not based on a percentage of the price of a sale or service because qualified applicants pay nothing for the cell phones or mobile services they receive.

22.     Plaintiffs are covered by Labor Code section 510, which requires that employers pay employees overtime for hours worked in excess of eight per day or forty per week. Defendants did not pay any overtime. They simply paid Plaintiffs for the pieces completed. Plaintiffs routinely worked in excess of eight hours per day and forty regular hours per week, but have not been paid an overtime rate for those hours worked.

23.     Plaintiffs are covered by Labor Code sections 512 and 226.7, as well as Wage Order 7, sections 11 and 12, which require that employers provide meal periods and paid rest periods. Plaintiffs are entitled to an uninterrupted, thirty (30) minute meal period for a work period of more than five (5) hours and two (2) uninterrupted 10 minute paid rest periods during each eight (8) hour shift. Labor Code section 512 requires employers provide a second meal period of not less than thirty (30) minutes for any employee who works more than ten (10) hours in a day. Labor Code section 226.7 provides for wages of one additional hour of pay at the employee's regular rate to compensate for each day a rest or meal period was not permitted. Despite regularly working shifts that lasted approximately eleven and a half (11½) hours, Plaintiffs were not relieved of all duties and provided two uninterrupted thirty (30) minute meal periods or two (2) uninterrupted 10 minute paid rest periods. Plaintiffs have not been compensated for the Defendants' failure to permit uninterrupted meal periods or paid rest periods in the past four years.

24.     Plaintiffs were not provided with a billing code or other mechanism to record rest breaks, causing Plaintiffs to be unpaid for any rest break taken. Defendant therefore systematically discouraged Plaintiffs from taking rest breaks.

25.     Rest breaks were unaccounted for on wage statements. The appellate court has held that rest breaks must be a separate line item on a wage statement for piece-rate workers.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1    *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864. This requirement was codified in

2    Labor Code section 226.2, effective January 1, 2016. Failure to account for rest breaks or provide

3    a mechanism for recording or receiving pay for rest breaks is a failure to provide a rest break as

4    contemplated by Labor Code section 226.7.

5        26.    Defendants' policy and practice made it impossible for Plaintiffs to take a meal

6    period and/or to be relieved of all duties while taking a meal period.

7        27.    Under Labor Code section 226, each employee must receive an accurate itemized

8    wage statement. Defendants issued inadequate wage statements that fail to specify the number of

9    hours worked, the number of piece rate units earned, and the applicable rate of the piece rate

10   basis. Failure to provide adequate and accurate wage statements deprives Plaintiffs of their right

11   to confirm that they are receiving the appropriate compensation. Failure to provide employees

12   with this itemized statement allows the employee to collect damages, seek injunctive relief, and

13   recover penalties.

14        28.    Under Labor Code section 2802, employees must be indemnified "for all

15   necessary expenditures or losses incurred by the employee in direct consequence of the discharge

16   of his or her duties . . . ." Plaintiffs are required to drive across as many as three counties, yet

17   Defendants only paid Plaintiffs at most $10.00 per day for driving their own vehicle regardless of

18   the number of miles driven or parking costs incurred.

19        29.    Labor Code section 221 makes it unlawful for an employer to deduct from an

20   employee's wages for losses of goods unless the employer can prove the loss was the result of a

21   "dishonest or willful act, or the gross negligence of the employee." Wage Order 7, § 8. Despite

22   this limitation, Defendants have deducted from Plaintiffs' paychecks for the loss of goods, even

23   though there was no dishonesty, willfulness, or gross negligence on the part of Plaintiffs.

24        30.    When hired, employers are required to provide employees with written notice that

25   includes the rate of pay. Lab. Code § 2810.5. Plaintiffs were not provided with written notice

26   notifying them of their rate of pay.

27        31.    Employers must pay all wages due to an employee at the time of discharge or by

28   the last day of work if the employee gave 72 hours' notice of intent to quit. Lab. Code §§ 201,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

202. If an employee quits without providing 72 hours' notice, all wage are due within 72 hours of the employee quitting. Lab. Code § 202. On information and belief, many Plaintiffs either quit their employment while providing 72 hours' notice or were discharged by Defendants Legion/Latitude Group/Brener, but were not provided all wages due. On information and belief, there are Plaintiffs who quit without giving 72 hours' notice but were not provided all wages due within 72 hours of quitting.

32.    Plaintiffs are not exempt from California's minimum wage and overtime protections. Plaintiffs do not determine their own hours of work or the location of the site where they will attempt to register applicants. Defendants Legion/Latitude Group/Brener require Plaintiffs to arrive at the main office at 7:00 a.m. to attend mandatory daily trainings. Once Defendants Legion/Latitude Group/Brener are done with the daily training, they then direct Plaintiffs to report to a pre-determined location or a location approved by Defendants Legion/Latitude Group/Brener. Defendants Legion/Latitude Group/Brener require that Plaintiffs report back to the main office by a certain time in the evening to return telephones and equipment and to report the number of successful applicants. Therefore, as compared to outside salespersons, the hours worked and the location of the site itself, are directed by Defendants Legion/Latitude Group/Brener.

33.    Defendants control the assigned sites by sending representatives to monitor Plaintiffs by watching them and/or by sending representatives to surreptitiously pretend to be prospective applicants who request that Plaintiffs engage in prohibited conduct. Employees who engage in prohibited conduct are disciplined up to, and including, termination.

34.    Plaintiffs are not engaged in selling tangible items, intangible items, or contracts for services. The cell phones are free, as are the mobile services in which participants enroll. Plaintiffs are thus not selling intangible items. Because eligible applicants do not pay for the free mobile services, the agreements entered into between participants and Defendants Sprint and Sprint/UMC lack the consideration necessary to form a contract for services. Plaintiffs therefore are not obtaining contracts for products or services.

/ / /

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

9

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

35. California Business and Professions Code section 17204 allows a person who has suffered injury in fact and has lost money to bring a representative suit seeking restitution, fees, and costs.

36. Plaintiffs are informed and believe and thereupon allege that as a proximate and direct result of Defendants' actions, Plaintiffs have suffered damages and are entitled to penalties in an amount to be specified at trial.

37. Plaintiffs are informed and believe and thereupon allege that as a proximate and direct result of Defendants' actions, Defendants unlawfully acquired money or property from Plaintiffs and others similarly situated in an amount to be specified at trial.

38. Defendants Legion/Latitude Group/Brener's knowingly and intentionally false reported to ADP, the payroll provider, the hours worked by Plaintiffs each pay cycle. Each time Defendants Legion/Latitude Group/Brener is prompted to provide information regarding the number of hours each Plaintiff works they instead provide ADP with the number of phones placed with a qualified applicant.

## IV. CLASS ALLEGATIONS

39. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

40. Plaintiff brings this action on behalf of himself and all other current and former employees similarly situated as a class action under Code of Civil Procedure section 382. Plaintiff seeks to represent the following classes:

> All current and former employees of Defendants who have not been paid for all hours worked at any time in the four years preceding the filing of this Complaint.

> All current and former employees of Defendants who have been denied uninterrupted meal periods at any time in the four years preceding the filing of this Complaint.

> All current and former employees of Defendants who have been denied uninterrupted paid rest periods at any time in the four years preceding the filing of this Complaint.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

10

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

All current and former employees of Defendants who have had their pay deducted for the loss or damage of Defendants' property at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been indemnified for necessary work-related expenditures at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been provided accurate, itemized wage statements at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been provided written statements reflecting their applicable pay plans at any time in the four years preceding the filing of this Complaint.

All former employees of Defendants who were not paid all wages due upon separation at any time in the four years preceding the filing of this Complaint.

41.     Plaintiffs reserve the right under Rule 1855(b), California Rules of Court to amended or modify the class description with greater specificity or further division into sub-classes or limitation to particular issues.

42.     This action may be properly maintained as a class action under Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

### A.     NUMEROSITY

43.     The members of the proposed class are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been ascertained at this time, Plaintiffs are informed and believe there are at least 60 current and former employees similarly situated to Plaintiff Scott.

44.     Defendants' employment records will provide information as to the number and location of all class members. Those records will furthermore disclose the information provided in the itemized wage statements or Plaintiffs will have their own reasonable estimates of such monies.

### B.     COMMONALITY

45.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

include, without limitation:

a. Whether Plaintiffs are covered by the provisions of IWC Wage Order 7;

b. Whether Defendants violated IWC Wage Order 7 and Labor Code section 1194 by failing to pay Plaintiffs at least the minimum wage for each hour worked;

c. Whether Defendants violated IWC Wage Order 7 and Labor Code section 510 by failing to pay Plaintiffs overtime for every hour worked over eight in a day or forty in a week;

d. Whether Defendants violated IWC Wage Order 7 and Labor Code section 512 by failing to provide Plaintiffs the opportunity to take uninterrupted meal periods for every five hours worked without providing employees with compensatory remuneration;

e. Whether Defendants violated IWC Wage Order 7 and Labor Code section 512 by failing to provide Plaintiffs the opportunity to take a second uninterrupted meal period for every ten hours worked without providing employees with compensatory remuneration;

f. Whether Defendants violated IWC Wage Order 7, and Labor Code sections 226.2 and 226.7 by failing to permit paid rest periods without providing employees with compensatory remuneration;

g. Whether Defendants violated Labor Code section 2802 by failing to reimburse Plaintiffs for transportation or other necessary expenses;

h. Whether Defendants violated IWC Wage Order 7 and Labor Code section 221 by making unlawful deductions when property was damaged or lost without a dishonest or willful act or by the gross negligence of the employee;

i. Whether the wage statements provided by Defendants meet the requirements of Labor Code sections 226 and 226.2; and

j. Whether Defendants owe waiting time penalties under Labor Code section 203.

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

### C.   TYPICALITY

46.    The claims of the Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the proposed class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations as alleged herein.

### D.   ADEQUACY OF REPRESENTATION

47.    Plaintiff is an adequate representative of the proposed class in that Plaintiff has the same interests in the litigation of this case as the proposed class members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who is highly experienced in class action and wage and hour litigation of this nature. Plaintiff is not subject to any individual defenses different from those conceivably applicable to the class as a whole.

### E.   SUPERIORITY OF CLASS ACTION

48.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices for the defined period.

49.    Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

50.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all proposed class members is impractical. Even if every proposed class member could afford individual litigation, the court system could not. It would be unduly burdensome to this Court in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

13
COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1    factual issues. By contrast, the conduct of this action as a class action, with respect to some or all

2    of the issues presented herein, presents fewer management difficulties, conserves the resources of

3    the parties and the court system, and protects the rights of each proposed class member. Plaintiff

4    anticipates no management difficulties in this litigation.

5         51.    Defendants have also acted, or have refused to act, in respects generally applicable

6    to the proposed class, thereby making appropriate relief with regard to the members of the

7    proposed class as a whole, as requested herein.

8         Wherefore, Plaintiffs pray judgment as set forth below.

9    

V.    **FIRST CAUSE OF ACTION**

10   

**(FAILURE TO PAY FOR EACH HOUR WORKED AT THE APPROPRIATE RATE)**
(Labor Code §§ 218, 218.5, 218.6, 510, 558, 1182.12, 1194, 1194.2, 1197, 1197.1,

11   Wage Order 7, § 3, 4, 20)

12        52.    Plaintiffs reallege and incorporate by reference each and every allegation set forth

13   in the preceding paragraphs as though fully set forth at length herein.

14        53.    California law requires employees be compensated at no less than the appropriate

15   minimum wage for each and every individual hour worked. Labor Code section 1182.12 provides

16   that on and after July 1, 2014, the minimum wage for all industries shall be not less than nine

17   dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall

18   be not less than ten dollars ($10) per hour.

19        54.    California law does not allow an employer to meet its minimum wage obligations

20   by averaging weekly pay over the total hours worked in a given week. (*Armenta v. Osmose*

21   (2005) 135 Cal.App.4th 314, 324 (concluding that "the [federal] model of averaging all hours

22   worked 'in any work week' to compute an employer's minimum wage obligation under

23   California law is inappropriate" and clarifying that "[t]he minimum wage standard affixes to each

24   hour worked by respondents for which they were not paid")).

25        55.    Piece-rate systems which fail to compensate employees for each individual hour

26   worked violate California law. *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36.

27        56.    Plaintiffs were not compensated for any hours worked. Under Defendants' piece-

28   rate pay plan, Plaintiffs did not receive *any* wages at *any* rate for time spent performing work.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

14
COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1  They were instead paid a piece rate of $8.00 for each cell phone placed with a qualified applicant.

2  For example, Plaintiffs were paid as low as $112 per week for placing 14 cell phones with

3  qualified applicants, notwithstanding approximately 57.5 hours of work.

4       57.   On many occasions, this failure to pay for hours worked would occur because of

5  periods of time that piece-rate work was not available. Notwithstanding the inability of Plaintiffs

6  to earn piece-rate wages, Plaintiffs were required to remain at the kiosk to wait for prospective

7  applicants to arrive and speak with prospective applicants in an effort to enroll them. This "stand-

8  by" time and the time spent trying to enroll prospective applicants was not compensated at any

9  rate.

10       58.   Plaintiffs were not paid for the time spent attending the daily mandatory meetings.

11       59.   Labor Code section 1194 provides for a private right of action to recover wages for

12  hours worked but not compensated.

13       60.   During the statutory period, Defendants failed to pay Plaintiffs and members of the

14  class wages for all hours worked in violation of Labor Code section 1197 and Wage Order 7,

15  sections 4 and 9. Plaintiffs' hours worked were not compensated at all.

16       61.   Plaintiffs routinely worked more than 8 hours in a day and/or 40 regular hours in a

17  week without receiving any compensation for that time and without overtime compensation at the

18  rate of one and one-half (1½) times their regular weekly rate in violation of Labor Code sections

19  510 and 1194, and Wage Order 7, sections 3 and 4.

20       62.   Labor Code section 218 provides for a private right of action to recover wages

21  under the Labor Code. Plaintiffs seek to recover unpaid wages directly under section 218.

22       63.   Plaintiffs seek to recover compensation for time worked but not paid and

23  attorneys' fees and costs under Labor Code section 1194.

24       64.   Plaintiffs seek liquidated damages under Labor Code section 1194.2.

25       65.   Labor Code section 218.6 provides for interest on all due and unpaid wages in any

26  action brought for the nonpayment of wages. Plaintiffs seek to recover interest on all wages due.

27       66.   Plaintiffs seek to recover the civil penalty contained in Labor Code section 558 for

28  the failure to pay wages as required under Labor Code section 510.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation

15
COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

67.     Plaintiffs seek to recover the civil penalty contained in Labor Code section 1197.1 for the failure to pay wages as required under Labor Code section 1197.

68.     Plaintiffs seek reasonable attorneys' fees and costs associated with bringing this action pursuant to Labor Code sections 218.5 and 1194.

69.     Plaintiffs seek to recover penalties under Wage Order 7, section 20 for violations of section 4. Each penalty amounts to $50 per employee for the first violation and $100 per employee for each subsequent pay period in which the employee is underpaid.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VI.     SECOND CAUSE OF ACTION

### (FAILURE TO AUTHORIZE AND PERMIT PAID REST BREAKS)
### (Wage Order 7, §§ 4, 12, 20, Labor Code §§ 218, 218.5, 218.6, 226.2, 226.7, 1194, 1194.2, 1197, 1197.1)

70.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

71.     Wage Order 7, section 12 requires employers to authorize and permit paid rest breaks at a rate of ten (10) minutes for every four (4) hours worked or greater fraction thereof.

72.     Labor Code section 226.7 and Wage Order 7, section 12 require the payment of compensation for the failure to provide paid rest breaks in accordance with the applicable Wage Order of one additional hour of pay for each work day that the paid rest break(s) is not provided.

73.     Employers are required to provide rest breaks during which employees are relieved of all duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257. Defendant had no policy which relieved Plaintiffs of all duties to take rest breaks.

74.     During the statutory period, Defendants consistently failed to pay employees for rest breaks. Defendants failed to provide a billing code for rest breaks, failed to institute a formal policy permitting paid employee breaks, and failed to provide any other mechanism for an employee to take a rest break during which they were relieved of all duties, and to be paid for that time.

75.     As a piece-rate employee, unless separately compensated, time spent enjoying a rest break is uncompensated and reduces the total potential compensation for the day by

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

16
COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

decreasing the amount of time available for productive work. Plaintiffs were paid solely based on piece rate production. Any time spent to take a rest break negatively impacted their earning potential because by not engaging in any duties while on a break, Plaintiffs could miss opportunities to complete the task of placing a cell phone with a qualified applicant. Since this was the only way Plaintiffs were actually paid anything, they could not afford to take rest breaks.

76.     By failing to establish a rest break policy and failing to establish any mechanism for providing rest breaks, Defendants failed to authorize and permit rest breaks. Defendants were required to separately compensate Plaintiffs for rest periods. *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864. By providing no pay for rest breaks taken and not separately itemizing rest break pay, Defendants discouraged and dissuaded employees from taking breaks.

77.     Such a policy and practice of denying compensation for legally mandated rest breaks is in violation of the duty to pay for all hours worked in accordance with Wage Order 7, section 12, as well as Labor Code sections 1194 and 1197.

78.     Defendants' failure to provide paid rest breaks in accordance with Wage Order 7 section 12 entitles Plaintiffs to the remedy provided in Labor Code section 226.7 and Wage Order 7, section 12.

79.     In addition, for any day rest breaks were taken but compensation was not provided, each employee is entitled to compensation as set forth in Labor Code section 226.2.

80.     Labor Code section 218 provides wage claimants with a private right of action to recover wages under the Labor Code. The payments owed to employees for paid rest breaks not provided are premium wages under Labor Code section 226.7.

81.     Labor Code section 218.6 provides for an award of interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due.

82.     Plaintiffs are entitled to and hereby seek premium pay for paid rest breaks not provided, wages for rest breaks taken, interest on the unpaid amounts, and an award of attorney fees and costs all in amounts to be proven at trial.

83.     Plaintiffs seek to recover the civil penalty contained in Labor Code section 1197.1 for the failure to pay wages as required under Labor Code section 1197.

17
COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

84.   Plaintiffs seek to recover the unpaid balance of the full amount of the regular and premium wages due, including interest thereon, reasonable attorney's fees, and costs of suit for rest breaks taken but not paid under Labor Code sections 218, 218.5, 218.6, 1194 and liquidated damages under Labor Code section 1194.2.

85.   Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violations of Wage Order 7, sections 4 and 12, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VII.   THIRD CAUSE OF ACTION

### (FAILURE TO AUTHORIZE AND PERMIT MEAL PERIODS)
#### (Wage Order 7, §§ 11, 20, Labor Code §§ 218, 218.5, 218.6, 226.7, 512)

86.   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

87.   Wage Order 7, section 11 requires employer to provide a meal period of not less than thirty (30) minutes before the end of the 5th hour of work. Additionally, employers are required to authorize and permit an additional meal period of not less than thirty (30) minutes after an employee works for more than ten (10) hours.

88.   Labor Code section 512 and Wage Order 7, section 11 require the payment of compensation for the failure to provide a meal break in accordance with the applicable Wage Order of one additional hour of pay for each work day that the meal period(s) is not provided.

89.   During the statutory period, Defendants consistently failed to provide employees a reasonable opportunity to take an off-duty, uninterrupted meal break. Defendants failed to institute any policy permitting off-duty, uninterrupted meal periods and failed to provide any mechanism for an employee to take such a meal period. Defendants also failed to maintain records showing when Plaintiffs took meal periods, if ever, in violation of Wage order 7, section 7(a)(3).

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

18

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

90.     By failing to establish a meal period policy and failing to establish any mechanism for providing uninterrupted meal periods, Defendants failed to provide Plaintiffs with meal periods.

91.     Defendant' failure to provide Plaintiffs with uninterrupted meal periods during which they were relieved of all duties in accordance with Wage Order 7 section 11 entitles Plaintiffs to the remedy provided in Labor Code section 226.7 and Wage Order 7, section 11.

92.     Labor Code section 218 provides wage claimants with a private right of action to recover wages under the Labor Code. The payments owed to employees for meal periods not provided are premium wages under Labor Code section 226.7.

93.     Labor Code section 218.6 provides for an award of interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due under the Section on behalf of himself and others similarly situated.

94.     Plaintiffs are entitled to and hereby seek premium pay for uninterrupted meal periods not provided and interest on the unpaid amounts, in amounts to be proven at trial.

95.     Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violation of Wage Order 7, section 11, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VIII.   FOURTH CAUSE OF ACTION

**(FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS)**
**(Labor Code §§ 226, 226.2, 226.6, 1174, 2810.5, Wage Order 7, §§ 7(A)(4), 20)**

96.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

97.     California Labor Code section 226(a) states that every employer shall, semi-monthly or at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing substantial detailed information, including but not limited to, each hour worked. Wage Order 7, section 7(A)(4) contains similar requirements.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

19
COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

98.     California Labor Code section 226.2(a)(2)(A) provides that an employer of employees paid on a piece-rate basis must furnish statements including the total hours of compensable rest and recovery periods, the rate of compensation for those periods, and the gross wages paid for those periods during the pay period.

99.     Labor Code section 1174(d) requires the employer to keep payroll records showing hours worked and wages paid.

100.    Labor Code section 2810.5 requires an employer provide employees with timely, accurate written notice of any changes to any pay plan used to determine his compensation.

101.    Labor Code section 2800 requires an employer in all cases to indemnify its employee for losses caused by the employer's want of ordinary care.

102.    Plaintiffs are paid solely on a piece-rate basis, with compensation contingent on the number of times they complete the task of placing a cell phone with a qualified applicant, regardless of the time taken to complete each task.

103.    During the statutory period, Defendants consistently failed to provide employees with accurate itemized statements and keep adequate payroll records because they failed to report the total number of hours worked and failed to include each regular and overtime rate wages were earned at, and failed to provide necessary information regarding pieces produced, breaks taken, and the rate at which breaks were paid under the piece-rate system.

104.    As a result of Defendant's knowing and intentional failure to comply with the provisions of Labor Code sections 226(a)(3), 226.2, and 1174(d), Plaintiffs have been deprived of wage information and wages entitled to them by law. This establishes injury under 226(e)(2).

105.    Plaintiffs are entitled to and seek the remedy provided in Labor Code section 226(e):

> [T]he greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

106.    Plaintiffs seek injunctive relief against the Defendants to ensure future compliance and attorney's fees under 226(h).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

107.  Defendant Brener knowingly and intentionally participated in or aided in the violation of Labor Code section 226. Plaintiffs therefore seek enforcement of the penalties provided in Labor Code sections 226 and 226.6 against Defendant Brener individually.

108.  Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of all Defendants' violation of Wage Order 7, section 7, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## IX.    FIFTH CAUSE OF ACTION
## (FAILURE TO INDEMNIFY FOR NECESSARY EXPENDITURES)
### (Labor Code § 2802)

109.  Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

110.  California Labor Code section 2802 mandates that employers indemnify employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties.

111.  Plaintiffs have incurred various necessary expenditures as a direct consequence of their work, including without limitation, fuel expenses, public transportation costs, bridge tolls, and other expenses.

112.  Despite knowing these expenses were incurred, Defendants failed to reimburse or indemnify Plaintiffs for these expenditures and losses.

113.  As a result of Defendants' failure to indemnify Plaintiffs for necessary expenditures, Defendants have violated Labor Code section 2802. Plaintiffs are therefore entitled to damages equal to the amount of expenditures or losses that have not been reimbursed by Defendants, interest on those damages from the original date of each expenditure or loss, and reasonable attorneys' fees and costs incurred in recovery of these amounts.

114.  Plaintiffs seek injunctive relief against the Defendants to ensure future compliance with Labor Code section 2802.

Wherefore, Plaintiffs pray for judgment as set forth below.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

## X.  SIXTH CAUSE OF ACTION

### (UNLAWFUL DEDUCTIONS)
### (Labor Code §§ 221; Wage Order 7 §§ 8, 20)

115.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

116.    Labor Code section 221 makes it unlawful for an employer to collect or receive from an employee any part of wages paid to an employee up to that point. Wage Order 7, section 8, prohibits an employer from making deductions to an employee's pay for a cash shortage, breakage, or loss of equipment unless such loss was caused by the employee's dishonest act, willful act, or gross negligence.

117.    Plaintiffs have suffered incidents in which cell phones and other equipment have been stolen, lost, or damaged. These incidents have occurred absent dishonesty, willfulness, or gross negligence by Plaintiffs.

118.    Defendants have unlawfully deducted from Plaintiffs' pay the approximate value of company losses caused as a result of incidents resulting in loss to Defendants, but which were not caused by the dishonesty, willfulness, or gross negligence of Plaintiffs.

119.    As a result of Defendants' unlawful deductions, Plaintiffs have lost wages earned which are due to them.

120.    Labor Code section 218 provides for a private right of action to recover wages and penalties under the Labor Code. Plaintiffs seek to recover wages unlawfully deducted.

121.    Plaintiffs seek injunctive relief against the Defendants to ensure future compliance with Labor Code section 221 and Wage Order 7, section 8.

122.    Labor Code section 218.5 provides for attorneys' fees and costs for a prevailing plaintiff who seeks to recover wages. The class seeks to recover attorneys' fees and costs in this action brought for the nonpayment of wages based on the unlawful deductions made by Defendants.

123.    Labor Code section 218.6 provides for interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

124.    Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violation of Wage Order 7, section 8, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## XI.    SEVENTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ALL WAGES DUE AT SEPARATION)
### (Labor Code §§ 201, 202, 203, 218, 218.5, 218.6)

125.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

126.    Labor Code section 201 provides that an employer who terminates an employee must immediately pay that employee all wages owing on separation.

127.    Similarly, Labor Code section 202 provides that an employee who quits is entitled to all wages owing within seventy-two (72) hours of quitting, unless that employee provides at least seventy-two hours' notice to the employer, in which case the employer immediately must pay all wages owing at the time of separation.

128.    Labor Code section 203 provides that if an employer willfully fails to pay wages when due to an employee who is discharged or quits, the employee's wages continue at the same rate until the employer pays or until suit is filed, but not for more than thirty (30) days.

129.    All Plaintiffs employed by Defendants who were terminated or quit at any time in the four years preceding the filing of this Complaint have been deprived of wages immediately owed upon separation as a result of Defendants' policy and practice of failing to provide wages for all hours worked, premiums for meal and rest periods not provided, and wages unlawfully deducted.

130.    Defendant's failure to pay all wages at termination was in violation of Labor Code sections 201 and 202. As a result, Plaintiffs who separated from employment with Defendants have been damaged in that they have been deprived of compensation owed to them.

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

23

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

131.     In addition to the wages due for prior work, each former employee Plaintiff is entitled to one day's wages for every day Defendants failed to pay wages owed on termination, up to thirty (30) days' pay, plus interest on the unpaid amounts, in amounts to be proven at trial.

132.     Labor Code section 218 provides for a private right of action to recover wages and penalties under the Labor Code. Plaintiffs seek to recover section 203 penalties directly under section 218.

133.     Labor Code section 218.5 provides for attorneys' fees and costs for a prevailing plaintiff who seeks to recover wages. The class seeks to recover attorneys' fees and costs in this action brought for the nonpayment of wages.

134.     Labor Code section 218.6 provides for interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due.

Wherefore, Plaintiffs pray for judgment as set forth below.

## XII.     EIGHTH CAUSE OF ACTION

### (UNLAWFUL BUSINESS PRACTICES)
### (Business & Prof. Code §§ 17200 et seq.)

135.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

136.     California Business and Professions Code sections 17200 *et seq.* prohibit unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practice.

137.     Beginning on at least four years ago prior to the filing of this Complaint, Defendants committed unlawful acts as defined by California Business & Professions Code section 17200. Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

      a.  Wage Order 7; Labor Code section 1194 (requirement to pay minimum wage for each hour worked);

      b.  Wage Order 7; Labor Code section 510 (requirement to pay overtime);

      c.  Wage Order 7; Labor Code section 512 (requirement to provide meal periods);

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

24

Case 3:17-cv-02846-EMC Document 1-2 Filed 05/16/17 Page 27 of 29

1          d.  Wage Order 7; Labor Code section 226.7 (failure to authorize or permit paid

2                rest periods);

3          e.  Labor Code section 226.2 (failure to provide rest break pay at the regular rate);

4          f.  Labor Code section 2802 (requirement to indemnify employees for necessary

5                losses or expenditures);

6          g.  Wage Order 7; Labor Code section 221 (prohibition against unlawful

7                deductions);

8          h.  Labor Code section 2810.5 (requirement to provide written notice of pay

9                information).

10      138.   The violation of these laws serve as unlawful predicate acts for purposes of

11 Business & Professions Code section 17200 and remedies are provided therein under Business &

12 Professions Code section 17203. Plaintiffs have suffered direct economic injury in that they have

13 not been paid all wages and compensation due in a timely manner.

14      139.   The acts and practices described in this Complaint constitute unlawful, unfair and

15 fraudulent business practices, and unfair competition within the meaning of Business and

16 Professions Code sections 17200 *et seq.*

17      140.   Business & Professions Code section 17203 provides that the Court may restore to

18 any person in interest any money or property which may have been acquired by means of such

19 unfair competition and to which those person have an ownership interest. Plaintiffs are entitled to

20 restitution pursuant to Business & Professions Codes sections 17203 and 17208 for all wages

21 unlawfully withheld from them during the four years prior to the filing of this Complaint.

22      141.   Plaintiffs' success in this action will enforce important rights affecting the public

23 interest, and in that regard, Plaintiff sues on behalf of himself and other current and former

24 employees similarly situated. Plaintiffs seek and are entitled to unpaid compensation for unpaid

25 wages due, unpaid rest periods, unpaid waiting time penalties, injunctive relief, declaratory relief,

26 and any other remedy owing to Plaintiffs.

27      142.   Injunctive and declaratory relief is necessary and appropriate to prevent the

28 Defendants from repeating their wrongful business practices alleged above.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

25

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

143.     To prevent Defendants from profiting and benefiting from their wrongful and illegal acts, it is appropriate and necessary to enter an order requiring Defendants to restore Plaintiffs all monies that are owed.

144.     An actual controversy has arisen and now exists relating to the rights and duties of the Defendants and Plaintiffs as to whether Defendants must compensate for unpaid wages and meal and rest periods.

145.     Plaintiffs request a declaration by this Court that Plaintiffs are entitled to be compensated for unpaid wages, meal and rest periods, unlawful deductions, and necessary expenditures pursuant to California Law.

146.     Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Therefore, attorneys' fees are appropriate pursuant to California Code of Civil Procedure section 1021.5.

Wherefore, Plaintiffs pray judgment as set forth below.

## XIII.   PRAYER FOR RELIEF

Plaintiffs pray for judgment as follows:

1.     For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants from committing in the future those violations of law herein alleged;

2.     For an order determining this matter to be a class action and that Plaintiff is named class representative and Plaintiff's attorneys are named class counsel;

3.     For an award of damages in an amount according to proof under the Labor Code;

4.     For an award of restitution and wages according to proof under the Labor Code, Business & Professions Code sections et seq., and any other applicable provision;

5.     For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due;

6.     For penalties under the Labor Code, IWC Wage Order 7, and all other statutory and/or civil penalties provided by law;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

26
COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

7. For interest under Labor Code sections 218.6, 1194, 1197.1, and any other applicable provisions;

8. For liquidated damages under Labor Code section 1194.2;

9. For an award of reasonable attorneys' fees, costs, and interest thereon pursuant to Labor Code sections 218.5, 226, 1194, and 2802; Code of Civil Procedure section 1021.5; and any other applicable provision;

10. For such other and further relief as this Court deems just and proper.

Dated: April 11, 2017

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: David A. Rosenfeld
Caren P. Sencer
David W.M. Fujimoto
Attorneys for Plaintiffs

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

DOCSNT\ZMC1493\142552\898864.v2-4/11/17

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1  GIBSON, DUNN & CRUTCHER LLP
   Rachel S. Brass, SBN 219301
2  rbrass@gibsondunn.com
   555 Mission Street, Suite 3000
3  San Francisco, CA 94105-0921
   Telephone: 415.393.8200
4  Facsimile:  415.393.8306

5  Attorney for Defendant CREDICO (USA) LLC.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  TASHIAN R. SCOTT, on his own behalf and        CASE NO. _____
13  on behalf of all those similarly situated,
                                                   **DECLARATION OF ELISE O'BRIEN IN**
14                  Plaintiffs,                     **SUPPORT OF NOTICE OF REMOVAL BY**
                                                   **DEFENDANTS**
15          v.                                     **CREDICO (USA) LLC, LEGION,**
                                                   **LATITUDE GROUP, AND ALON BRENER**
16  SPRINT CORPORATION; SPRINT/UNITED
    MANAGEMENT CORPORATION;                        [Removal from the Superior Court of the State of
17  LEGION; LATITUDE GROUP; CREDICO                California, County of Alameda, Case No. RG
    (USA), LLC; ALON BRENER, an individual,        17856280]
18
                    Defendants.                    Action Filed:   April 11, 2017
19

20

21

22

23

24

25

26

27

28

O'BRIEN DECL. I/S/O DEFENDANTS' NOTICE OF REMOVAL

I, Elise O'Brien, declare as follows:

1.      I am an attorney admitted to practice law before all courts of the State of California and the United States District Court for the Northern District of California.  I am a partner in the law firm of Rynn & Janowsky, LLP, and I am one of the attorneys responsible for the representation of Defendants Legion, Latitude Group, and Alon Brener in this matter.  I make this declaration in support of Defendants' Notice of Removal.  Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of all process, pleadings, and orders served upon Defendant Legion, which comprises a Summons and a Class Action Complaint.  Legion was served on April 24, 2017.

3.      Attached hereto as **Exhibit B** is a true and correct copy of all process, pleadings, and orders served upon Defendant Latitude Group, which comprises a Summons and a Class Action Complaint.  Latitude Group was served on April 24, 2017.

4.      Attached hereto as **Exhibit C** is a true and correct copy of all process, pleadings, and orders served upon Defendant Alon Brener, which comprises a Summons and a Class Action Complaint.  Alon Brener was served on April 24, 2017.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 17, 2017.

Elise O'Brien

O'BRIEN DECL. I/S/O DEFENDANTS' NOTICE OF REMOVAL

Gibson, Dunn &
Crutcher LLP

1

2

3

**DECLARATION OF FILER PURSUANT TO CIVIL LOCAL RULE 5-1(i)**

4

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this

5

6

document has been obtained from the signatory.

7

Dated: May 18, 2017                                  GIBSON, DUNN & CRUTCHER LLP

8

9

By: */s/ Rachel S. Brass*

Rachel S. Brass

10

Attorney for Defendant

11

CREDICO (USA) LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** SPRINT CORPORATION; SPRINT/UNITED
*(AVISO AL DEMANDADO):* MANAGEMENT CORPORATION; LEGION;
LATITUDE GROUP; CREDICO (USA), LLC;
ALON BRENER *, AN INDIVIDUAL*

ENDORSED
FILED
ALAMEDA COUNTY

APR 1 2 2017

By _____ SUE PESKO

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
TASHIAN R. SCOTT, on his own behalf and on behalf of all those similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* RG 17856280 |
|---|---|
| Alameda County Superior Court<br>1225 Fallon Street<br>Oakland, CA 94612 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Weinberg, Roger & Rosenfeld   (510) 337-1001
1001 Marina Village Pkwy, Ste 200, Alameda, CA  94501

| DATE:   APR 1 2 2017<br>*(Fecha)* | **Chad Finke** | Clerk, by<br>*(Secretario)* | SUE PESKO | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Legion**

   under: ☐ CCP 416.10 (corporation)             ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* **CCP 415.95 (Business Organization Form Unknown)**

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1 DAVID A. ROSENFELD, Bar No. 058163
2 CAREN P. SENCER, Bar No. 233488
   DAVID W.M. FUJIMOTO, Bar No. 299316
3 WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
4 1001 Marina Village Parkway, Suite 200
   Alameda, California 94501
5 Telephone (510) 337-1001
   Fax (510) 337-1023
6 E-Mail: drosenfeld@unioncounsel.net
           csencer@unioncounsel.net
7          dfujimoto@unioncounsel.net
           courtnotices@unioncounsel.net

8 Attorneys for Plaintiffs

ENDORSED
FILED
ALAMEDA COUNTY

APR 1 1 2017

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

9

10 SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

11 TASHIAN R. SCOTT, on his own behalf and
12 on behalf of all those similarly situated,

13                          Plaintiffs,

14         v.

15 SPRINT CORPORATION; SPRINT/UNITED
16 MANAGEMENT CORPORATION; LEGION;
   LATITUDE GROUP; CREDICO (USA), LLC;
   ALON BRENER, an individual,
17
18                          Defendants.

Class Action

Case No.    RG 17856280

COMPLAINT FOR VIOLATIONS OF
THE LABOR CODE AND UNLAWFUL
BUSINESS PRACTICES

19                      I.    **INTRODUCTION**

20         This is an action by Plaintiff Tashian R. Scott, brought under the California Labor Code

21 and California Business and Professions Code section 17200 on behalf of himself and those

22 similarly situated. Plaintiffs are or were employed by Defendants for the sole task of registering

23 applicants for Sprint Corporation's Lifeline program, which provides free mobile phones and free

24 limited wireless telephone services to qualifying low-income individuals. This action is to recover

25 wages and impose penalties based on Defendants' failure to pay the minimum wage and

26 overtime, failure to properly maintain and provide accurate itemized wage statements, failure to

27 provide required notifications regarding employees' pay, failure to provide meal periods and paid

28 rest periods, failure to maintain proper piece-rate records, failure to properly reimburse for travel

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

COMPLAINT [CLASS ACTION] – SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

DOCSNT\ZMC1493\142552\898864.v2-4/11/17

BY FAX

expenses, making unlawful deductions from wages, and failure to pay all wages due upon termination of employment. Defendants' violations of law provide Defendants with an unfair business advantage, violate the applicable wage order and the Labor Code, and is contrary to California law.

## II.  PARTIES

1.      Plaintiff Tashian R. Scott ("Scott" or "Plaintiff") was at all relevant times herein employed by Defendants Latitude Group, Inc., Legion, Inc., Sprint/United Management Corporation, and Sprint Corporation, ostensibly as a sales representative. He brings this action on his own behalf and on behalf of others similarly situated (collectively, "Plaintiffs").

2.      Defendant Sprint Corporation ("Sprint") is a business entity doing business in California, and is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, Defendant Sprint is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover, Defendant Sprint is a client employer as defined in section 2810.3 of the Labor Code.

3.      Defendant Sprint/United Management Corporation ("Sprint/UMC") is a business entity doing business in California, and is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. Defendant Sprint/UMC is a wholly owned subsidiary of Defendant Sprint. In addition, Defendant Sprint/UMC is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover, Defendant Sprint/UMC is a client employer as defined in section 2810.3 of the Labor Code.

4.      Defendants Legion and Latitude Group ("Legion/Latitude Group") are both operated out of 7901 Stoneridge Dr., Ste. 555, Pleasanton, California, 94588. Each is a business entity doing business in California, and each is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, they are each an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover,

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
815 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

1    Defendants Legion/Latitude Group each is a "labor contractor" as defined in section 2810.3 of the

2    Labor Code, and each provided labor to Defendants Sprint and Sprint/UMC, and/or to Defendant

3    Credico (USA) LLC.

4         5.     Credico (USA) LLC ("Credico") is a business entity doing business in California,

5    and is a "person" as defined in California Labor Code section 18 and California Business and

6    Professions Code section 17201. In addition, Defendant Credico is an "employer" as that term is

7    used in the California Labor Code and in the California Industrial Welfare Commission's orders

8    regulating wages, hours, and working conditions. Moreover, on information and belief, Defendant

9    Credico is a labor contractor as defined in section 2810.3 of the Labor Code in that Defendant

10   Credico contractually agreed to provide to Defendants Sprint and Sprint/UMC the labor necessary

11   to carry out the Sprint Lifeline program. Defendant Credico is also a client employer as defined in

12   section 2810.3 of the Labor Code in that Defendant Credico contracted with Defendants

13   Legion/Latitude Group and/or with Defendant Alon Brener for those Defendants to provide the

14   labor necessary for Defendant Credico to fulfill its contractual obligations to provide labor to

15   Defendants Sprint and/or Sprint/UMC.

16        6.     Alon Brener ("Brener") is an individual and is the president of both Defendants

17   Legion/Latitude Group. He is a "person" as defined in California Labor Code section 18 and

18   California Business and Professions Code section 17201. On information and belief, Defendants

19   Legion/Latitude Group are, and at all times herein mentioned were, the alter egos of Defendant

20   Brener. There exists, and at all times herein mentioned has existed, a unity of interest and

21   ownership between these defendants such that any separateness between them has ceased to exist.

22   Defendant Brener completely controlled, dominated, managed, and operated Defendants

23   Legion/Latitude Group. Defendant Brener comingled the assets of each business operation to suit

24   his convenience by placing the fixed assets of Defendant Latitude Group in the name of

25   Defendant Legion in order to evade payment of the obligations owed to creditors of Defendant

26   Latitude Group. Brener is also a "labor contractor" as defined in section 2810.3 of the Labor

27   Code, as he provided labor to Defendants Sprint and Sprint/UMC, and/or to Defendant Credico

28   (USA) LLC.

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
401 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

7.     A client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for the payment of wages. Cal. Lab. Code § 2810.3(b). Therefore, Defendants Sprint, Sprint/UMC, and Credico are jointly liable for the violations committed by Defendants Legion/Latitude and Brener ("Legion/Latitude Group/Brener"). Furthermore, Defendants Sprint and Sprint/UMC are jointly and severally liable for Credico's liability for Credico providing, through Defendants Legion/Latitude Group/Brener, workers to carry out the Sprint Lifeline program.

8.     Venue is proper based on the location of Defendants Legion/Latitude Group/Brener's office in Pleasanton, California being within the jurisdiction of this Court. Additionally, Defendants Sprint, Sprint/UMC, and Credico do business in Alameda County. The relief requested is within the jurisdiction of this Court.

### III.     FACTUAL ALLEGATIONS

9.     The Federal Communications Commission ("FCC") provides for subsidies to numerous telephone companies that have been designated as an eligible telecommunications carrier ("ETC") to operate the Lifeline program. The Lifeline program provides free mobile phones and free limited wireless telephone services to qualified low-income individuals. ETCs like Defendant Sprint secure profits from low-income individuals when individuals exceed their monthly pool of minutes allotted by the program and independently purchase additional minutes or plans from the particular ETC that provides the individual services.

10.     Assurance Wireless ("Assurance") is a brand of Defendant Sprint, which operates Sprint's Lifeline program. On information and belief, Assurance contracts with Credico to provide marketing for the Sprint Lifeline program. Credico, in turn, subcontracts with Legion to carry out marketing activities, including registering applicants for the Lifeline program. Plaintiffs ostensibly worked for Defendant Legion to carry out Assurance's Lifeline program, but receive paychecks from Defendant Latitude Group. Defendants Legion/Latitude Group/Brener consider Assurance Wireless to be their "client" for whom they carry out marketing activities, including seeking applicants for Assurance's Lifeline program. Defendants Legion/Latitude Group/Brener were only permitted by Defendant Credico and/or Defendants Sprint/UMC to seek applicants in

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
981 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1    the counties of Alameda, Solano, and Contra Costa. If Plaintiffs enrolled applicants in, for

2    example, San Francisco, any money earned would be directed by Defendant Sprint/UMC and/or

3    Defendant Credico to Legion/Latitude Group/Brener's equivalent company responsible for the

4    San Francisco region.

5         11.    Plaintiffs are required to report to the Legion/Latitude Group/Brener office in

6    Pleasanton at approximately 7:00 a.m. for mandatory, daily trainings. The trainings would last for

7    between 2-3 hours and include a variety of topics including but not limited to: how to make sales,

8    how to properly maintain equipment, and how to get to the "next level" within the company.

9    These trainings were conducted by Plaintiffs' superiors, as well as owners of companies

10   responsible for signing up Lifeline applicants in other counties.

11        12.    After the trainings, Defendants Legion/Latitude Group/Brener direct Plaintiffs to

12   one of a number of locations including: HUD-subsidized housing developments, Greyhound Bus

13   stations, specific shopping malls, county general assistance offices, BART stations, Dollar Stores,

14   and other locations where it is expected Plaintiffs will register eligible applicants for the Lifeline

15   program. These locations are evaluated by Defendant Sprint/UMC to, among other things, make

16   sure Assurance Wireless is not presented in a negative way to the public.

17        13.    Plaintiffs arrive at a particular location by driving their own vehicle, taking public

18   transportation, or getting a ride with another employee. Plaintiffs who take public transportation

19   or drive their own vehicles are not reimbursed for mileage, gas, public transportation costs, bridge

20   tolls, or other related costs.

21        14.    Once Plaintiffs arrive at the designated location they set up the Assurance Wireless

22   kiosks, or pop-up canopies, for the day. Each kiosk includes a stand with an "Assurance

23   Wireless" flag attached to it. Plaintiffs all wear nametags that include the name "assurance

24   wireless" on it. Plaintiffs carry with them the mobile phones that are ultimately provided to

25   applicants deemed eligible for the program.

26        15.    Once at the kiosk, Plaintiffs attempt to register persons eligible for Assurance's

27   Lifeline program by communicating with prospective applicants at the location.

28   ///

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
01 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

16.     Plaintiffs are not provided a location at a given kiosk to store the equipment if they wish to take a break. Therefore, when Plaintiffs need to eat, they must do so while still maintaining responsibility for securing the phones, stand, and other supplies at the kiosk. While eating, if a prospective applicant approaches the kiosk, Plaintiffs must answer questions and engage with the individual. Similarly, if while Plaintiffs try to take a rest period a prospective customer approaches the kiosk, he or she must attend to the individual.

17.     Defendant Sprint/UMC representatives occasionally travel to sites where Plaintiffs are working to observe and make sure Plaintiffs are interacting with prospective applicants in an acceptable manner according to Sprint/UMC guidelines. On information and belief, Defendant Sprint/UMC representatives have surreptitiously feigned being prospective applicants and asked Plaintiffs to engage in prohibited conduct. If an employee violates Defendant Sprint/UMC's guidelines, they can be fired. Indeed, Legion/Latitude Group/Brener employees have been terminated for violating Defendant Sprint/UMC's guidelines.

18.     When equipment is damaged or stolen, Defendants Legion/Latitude Group/Brener deduct the value of the loss from Plaintiffs' paycheck, without making any finding of gross negligence.

19.     Plaintiffs are required to return to the Pleasanton office at the end of the day to return the phones, flags, and other supplies. They must record which phones have been placed and notate in the system which phones are being returned. They must also meet with a superior for a breakdown of the day. Plaintiffs do not leave the office in the evening until approximately 6:30 p.m.

20.     The wages, hours and working conditions of individuals employed in the mercantile industry who are paid on a piece-rate basis are regulated by Industrial Wage Commission Wage Order 7, Cal. Code Regs. tit. 8, section 11070.

21.     Plaintiffs are also covered by Labor Code sections 1194, 1194.2, and 1197. Together, these sections require that an employer pay employees at least the minimum wage for each hour worked as prescribed by law. Plaintiffs have not been paid for each hour worked. Instead, Plaintiffs have been paid based on a piece-rate system. This system is based upon the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
61 Alamar Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1  number of times an employee completes the task of placing a cell phone with a qualified

2  applicant. Each time this task is completed, Plaintiffs are paid at a rate of $8, regardless of the

3  amount of time necessary to complete each task. The $8 rate is not based on a percentage of the

4  price of a sale or service because qualified applicants pay nothing for the cell phones or mobile

5  services they receive.

6      22.    Plaintiffs are covered by Labor Code section 510, which requires that employers

7  pay employees overtime for hours worked in excess of eight per day or forty per week.

8  Defendants did not pay any overtime. They simply paid Plaintiffs for the pieces completed.

9  Plaintiffs routinely worked in excess of eight hours per day and forty regular hours per week, but

10  have not been paid an overtime rate for those hours worked.

11      23.    Plaintiffs are covered by Labor Code sections 512 and 226.7, as well as Wage

12  Order 7, sections 11 and 12, which require that employers provide meal periods and paid rest

13  periods. Plaintiffs are entitled to an uninterrupted, thirty (30) minute meal period for a work

14  period of more than five (5) hours and two (2) uninterrupted 10 minute paid rest periods during

15  each eight (8) hour shift. Labor Code section 512 requires employers provide a second meal

16  period of not less than thirty (30) minutes for any employee who works more than ten (10) hours

17  in a day. Labor Code section 226.7 provides for wages of one additional hour of pay at the

18  employee's regular rate to compensate for each day a rest or meal period was not permitted.

19  Despite regularly working shifts that lasted approximately eleven and a half (11½) hours,

20  Plaintiffs were not relieved of all duties and provided two uninterrupted thirty (30) minute meal

21  periods or two (2) uninterrupted 10 minute paid rest periods. Plaintiffs have not been

22  compensated for the Defendants' failure to permit uninterrupted meal periods or paid rest periods

23  in the past four years.

24      24.    Plaintiffs were not provided with a billing code or other mechanism to record rest

25  breaks, causing Plaintiffs to be unpaid for any rest break taken. Defendant therefore

26  systematically discouraged Plaintiffs from taking rest breaks.

27      25.    Rest breaks were unaccounted for on wage statements. The appellate court has

28  held that rest breaks must be a separate line item on a wage statement for piece-rate workers.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
61 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1   *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864. This requirement was codified in

2   Labor Code section 226.2, effective January 1, 2016. Failure to account for rest breaks or provide

3   a mechanism for recording or receiving pay for rest breaks is a failure to provide a rest break as

4   contemplated by Labor Code section 226.7.

5         26.    Defendants' policy and practice made it impossible for Plaintiffs to take a meal

6   period and/or to be relieved of all duties while taking a meal period.

7         27.    Under Labor Code section 226, each employee must receive an accurate itemized

8   wage statement. Defendants issued inadequate wage statements that fail to specify the number of

9   hours worked, the number of piece rate units earned, and the applicable rate of the piece rate

10  basis. Failure to provide adequate and accurate wage statements deprives Plaintiffs of their right

11  to confirm that they are receiving the appropriate compensation. Failure to provide employees

12  with this itemized statement allows the employee to collect damages, seek injunctive relief, and

13  recover penalties.

14        28.    Under Labor Code section 2802, employees must be indemnified "for all

15  necessary expenditures or losses incurred by the employee in direct consequence of the discharge

16  of his or her duties . . . ." Plaintiffs are required to drive across as many as three counties, yet

17  Defendants only paid Plaintiffs at most $10.00 per day for driving their own vehicle regardless of

18  the number of miles driven or parking costs incurred.

19        29.    Labor Code section 221 makes it unlawful for an employer to deduct from an

20  employee's wages for losses of goods unless the employer can prove the loss was the result of a

21  "dishonest or willful act, or the gross negligence of the employee." Wage Order 7, § 8. Despite

22  this limitation, Defendants have deducted from Plaintiffs' paychecks for the loss of goods, even

23  though there was no dishonesty, willfulness, or gross negligence on the part of Plaintiffs.

24        30.    When hired, employers are required to provide employees with written notice that

25  includes the rate of pay. Lab. Code § 2810.5. Plaintiffs were not provided with written notice

26  notifying them of their rate of pay.

27        31.    Employers must pay all wages due to an employee at the time of discharge or by

28  the last day of work if the employee gave 72 hours' notice of intent to quit. Lab. Code §§ 201,

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

202. If an employee quits without providing 72 hours' notice, all wage are due within 72 hours of the employee quitting. Lab. Code § 202. On information and belief, many Plaintiffs either quit their employment while providing 72 hours' notice or were discharged by Defendants Legion/Latitude Group/Brener, but were not provided all wages due. On information and belief, there are Plaintiffs who quit without giving 72 hours' notice but were not provided all wages due within 72 hours of quitting.

32. Plaintiffs are not exempt from California's minimum wage and overtime protections. Plaintiffs do not determine their own hours of work or the location of the site where they will attempt to register applicants. Defendants Legion/Latitude Group/Brener require Plaintiffs to arrive at the main office at 7:00 a.m. to attend mandatory daily trainings. Once Defendants Legion/Latitude Group/Brener are done with the daily training, they then direct Plaintiffs to report to a pre-determined location or a location approved by Defendants Legion/Latitude Group/Brener. Defendants Legion/Latitude Group/Brener require that Plaintiffs report back to the main office by a certain time in the evening to return telephones and equipment and to report the number of successful applicants. Therefore, as compared to outside salespersons, the hours worked and the location of the site itself, are directed by Defendants Legion/Latitude Group/Brener.

33. Defendants control the assigned sites by sending representatives to monitor Plaintiffs by watching them and/or by sending representatives to surreptitiously pretend to be prospective applicants who request that Plaintiffs engage in prohibited conduct. Employees who engage in prohibited conduct are disciplined up to, and including, termination.

34. Plaintiffs are not engaged in selling tangible items, intangible items, or contracts for services. The cell phones are free, as are the mobile services in which participants enroll. Plaintiffs are thus not selling intangible items. Because eligible applicants do not pay for the free mobile services, the agreements entered into between participants and Defendants Sprint and Sprint/UMC lack the consideration necessary to form a contract for services. Plaintiffs therefore are not obtaining contracts for products or services.

///

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
365 Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

9

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

35.     California Business and Professions Code section 17204 allows a person who has suffered injury in fact and has lost money to bring a representative suit seeking restitution, fees, and costs.

36.     Plaintiffs are informed and believe and thereupon allege that as a proximate and direct result of Defendants' actions, Plaintiffs have suffered damages and are entitled to penalties in an amount to be specified at trial.

37.     Plaintiffs are informed and believe and thereupon allege that as a proximate and direct result of Defendants' actions, Defendants unlawfully acquired money or property from Plaintiffs and others similarly situated in an amount to be specified at trial.

38.     Defendants Legion/Latitude Group/Brener's knowingly and intentionally false reported to ADP, the payroll provider, the hours worked by Plaintiffs each pay cycle. Each time Defendants Legion/Latitude Group/Brener is prompted to provide information regarding the number of hours each Plaintiff works they instead provide ADP with the number of phones placed with a qualified applicant.

## IV.     CLASS ALLEGATIONS

39.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

40.     Plaintiff brings this action on behalf of himself and all other current and former employees similarly situated as a class action under Code of Civil Procedure section 382. Plaintiff seeks to represent the following classes:

> All current and former employees of Defendants who have not been paid for all hours worked at any time in the four years preceding the filing of this Complaint.

> All current and former employees of Defendants who have been denied uninterrupted meal periods at any time in the four years preceding the filing of this Complaint.

> All current and former employees of Defendants who have been denied uninterrupted paid rest periods at any time in the four years preceding the filing of this Complaint.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

10

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

All current and former employees of Defendants who have had their pay deducted for the loss or damage of Defendants' property at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been indemnified for necessary work-related expenditures at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been provided accurate, itemized wage statements at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been provided written statements reflecting their applicable pay plans at any time in the four years preceding the filing of this Complaint.

All former employees of Defendants who were not paid all wages due upon separation at any time in the four years preceding the filing of this Complaint.

41.     Plaintiffs reserve the right under Rule 1855(b), California Rules of Court to amended or modify the class description with greater specificity or further division into sub-classes or limitation to particular issues.

42.     This action may be properly maintained as a class action under Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

### A.     NUMEROSITY

43.     The members of the proposed class are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been ascertained at this time, Plaintiffs are informed and believe there are at least 60 current and former employees similarly situated to Plaintiff Scott.

44.     Defendants' employment records will provide information as to the number and location of all class members. Those records will furthermore disclose the information provided in the itemized wage statements or Plaintiffs will have their own reasonable estimates of such monies.

### B.     COMMONALITY

45.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

include, without limitation:

    a.  Whether Plaintiffs are covered by the provisions of IWC Wage Order 7;

    b.  Whether Defendants violated IWC Wage Order 7 and Labor Code section 1194 by failing to pay Plaintiffs at least the minimum wage for each hour worked;

    c.  Whether Defendants violated IWC Wage Order 7 and Labor Code section 510 by failing to pay Plaintiffs overtime for every hour worked over eight in a day or forty in a week;

    d.  Whether Defendants violated IWC Wage Order 7 and Labor Code section 512 by failing to provide Plaintiffs the opportunity to take uninterrupted meal periods for every five hours worked without providing employees with compensatory remuneration;

    e.  Whether Defendants violated IWC Wage Order 7 and Labor Code section 512 by failing to provide Plaintiffs the opportunity to take a second uninterrupted meal period for every ten hours worked without providing employees with compensatory remuneration;

    f.  Whether Defendants violated IWC Wage Order 7, and Labor Code sections 226.2 and 226.7 by failing to permit paid rest periods without providing employees with compensatory remuneration;

    g.  Whether Defendants violated Labor Code section 2802 by failing to reimburse Plaintiffs for transportation or other necessary expenses;

    h.  Whether Defendants violated IWC Wage Order 7 and Labor Code section 221 by making unlawful deductions when property was damaged or lost without a dishonest or willful act or by the gross negligence of the employee;

    i.  Whether the wage statements provided by Defendants meet the requirements of Labor Code sections 226 and 226.2; and

    j.  Whether Defendants owe waiting time penalties under Labor Code section 203.

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
201 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

12

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

### C.   TYPICALITY

46.   The claims of the Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the proposed class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations as alleged herein.

### D.   ADEQUACY OF REPRESENTATION

47.   Plaintiff is an adequate representative of the proposed class in that Plaintiff has the same interests in the litigation of this case as the proposed class members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who is highly experienced in class action and wage and hour litigation of this nature. Plaintiff is not subject to any individual defenses different from those conceivably applicable to the class as a whole.

### E.   SUPERIORITY OF CLASS ACTION

48.   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices for the defined period.

49.   Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

50.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all proposed class members is impractical. Even if every proposed class member could afford individual litigation, the court system could not. It would be unduly burdensome to this Court in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
801 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

13

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each proposed class member. Plaintiff anticipates no management difficulties in this litigation.

51.     Defendants have also acted, or have refused to act, in respects generally applicable to the proposed class, thereby making appropriate relief with regard to the members of the proposed class as a whole, as requested herein.

Wherefore, Plaintiffs pray judgment as set forth below.

## V.     FIRST CAUSE OF ACTION

### (FAILURE TO PAY FOR EACH HOUR WORKED AT THE APPROPRIATE RATE)
### (Labor Code §§ 218, 218.5, 218.6, 510, 558, 1182.12, 1194, 1194.2, 1197, 1197.1, Wage Order 7, § 3, 4, 20)

52.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

53.     California law requires employees be compensated at no less than the appropriate minimum wage for each and every individual hour worked. Labor Code section 1182.12 provides that on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour.

54.     California law does not allow an employer to meet its minimum wage obligations by averaging weekly pay over the total hours worked in a given week. (*Armenta v. Osmose* (2005) 135 Cal.App.4th 314, 324 (concluding that "the [federal] model of averaging all hours worked 'in any work week' to compute an employer's minimum wage obligation under California law is inappropriate" and clarifying that "[t]he minimum wage standard affixes to each hour worked by respondents for which they were not paid")).

55.     Piece-rate systems which fail to compensate employees for each individual hour worked violate California law. *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36.

56.     Plaintiffs were not compensated for any hours worked. Under Defendants' piece-rate pay plan, Plaintiffs did not receive *any* wages at *any* rate for time spent performing work.

'EINBERG, ROGER &
ROSENFELD
A Professional Corporation
*1 Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

14

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1  They were instead paid a piece rate of $8.00 for each cell phone placed with a qualified applicant.

2  For example, Plaintiffs were paid as low as $112 per week for placing 14 cell phones with

3  qualified applicants, notwithstanding approximately 57.5 hours of work.

4      57.   On many occasions, this failure to pay for hours worked would occur because of

5  periods of time that piece-rate work was not available. Notwithstanding the inability of Plaintiffs

6  to earn piece-rate wages, Plaintiffs were required to remain at the kiosk to wait for prospective

7  applicants to arrive and speak with prospective applicants in an effort to enroll them. This "stand-

8  by" time and the time spent trying to enroll prospective applicants was not compensated at any

9  rate.

10      58.   Plaintiffs were not paid for the time spent attending the daily mandatory meetings.

11      59.   Labor Code section 1194 provides for a private right of action to recover wages for

12  hours worked but not compensated.

13      60.   During the statutory period, Defendants failed to pay Plaintiffs and members of the

14  class wages for all hours worked in violation of Labor Code section 1197 and Wage Order 7,

15  sections 4 and 9. Plaintiffs' hours worked were not compensated at all.

16      61.   Plaintiffs routinely worked more than 8 hours in a day and/or 40 regular hours in a

17  week without receiving any compensation for that time and without overtime compensation at the

18  rate of one and one-half (1½) times their regular weekly rate in violation of Labor Code sections

19  510 and 1194, and Wage Order 7, sections 3 and 4.

20      62.   Labor Code section 218 provides for a private right of action to recover wages

21  under the Labor Code. Plaintiffs seek to recover unpaid wages directly under section 218.

22      63.   Plaintiffs seek to recover compensation for time worked but not paid and

23  attorneys' fees and costs under Labor Code section 1194.

24      64.   Plaintiffs seek liquidated damages under Labor Code section 1194.2.

25      65.   Labor Code section 218.6 provides for interest on all due and unpaid wages in any

26  action brought for the nonpayment of wages. Plaintiffs seek to recover interest on all wages due.

27      66.   Plaintiffs seek to recover the civil penalty contained in Labor Code section 558 for

28  the failure to pay wages as required under Labor Code section 510.

67.     Plaintiffs seek to recover the civil penalty contained in Labor Code section 1197.1 for the failure to pay wages as required under Labor Code section 1197.

68.     Plaintiffs seek reasonable attorneys' fees and costs associated with bringing this action pursuant to Labor Code sections 218.5 and 1194.

69.     Plaintiffs seek to recover penalties under Wage Order 7, section 20 for violations of section 4. Each penalty amounts to $50 per employee for the first violation and $100 per employee for each subsequent pay period in which the employee is underpaid.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VI.     SECOND CAUSE OF ACTION

**(FAILURE TO AUTHORIZE AND PERMIT PAID REST BREAKS)**
**(Wage Order 7, §§ 4, 12, 20, Labor Code §§ 218, 218.5, 218.6, 226.2, 226.7, 1194, 1194.2, 1197, 1197.1)**

70.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

71.     Wage Order 7, section 12 requires employers to authorize and permit paid rest breaks at a rate of ten (10) minutes for every four (4) hours worked or greater fraction thereof.

72.     Labor Code section 226.7 and Wage Order 7, section 12 require the payment of compensation for the failure to provide paid rest breaks in accordance with the applicable Wage Order of one additional hour of pay for each work day that the paid rest break(s) is not provided.

73.     Employers are required to provide rest breaks during which employees are relieved of all duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257. Defendant had no policy which relieved Plaintiffs of all duties to take rest breaks.

74.     During the statutory period, Defendants consistently failed to pay employees for rest breaks. Defendants failed to provide a billing code for rest breaks, failed to institute a formal policy permitting paid employee breaks, and failed to provide any other mechanism for an employee to take a rest break during which they were relieved of all duties, and to be paid for that time.

75.     As a piece-rate employee, unless separately compensated, time spent enjoying a rest break is uncompensated and reduces the total potential compensation for the day by

16

1   decreasing the amount of time available for productive work. Plaintiffs were paid solely based on
2   piece rate production. Any time spent to take a rest break negatively impacted their earning
3   potential because by not engaging in any duties while on a break, Plaintiffs could miss
4   opportunities to complete the task of placing a cell phone with a qualified applicant. Since this
5   was the only way Plaintiffs were actually paid anything, they could not afford to take rest breaks.

6       76.    By failing to establish a rest break policy and failing to establish any mechanism
7   for providing rest breaks, Defendants failed to authorize and permit rest breaks. Defendants were
8   required to separately compensate Plaintiffs for rest periods. *Bluford v. Safeway Stores, Inc.*
9   (2013) 216 Cal.App.4th 864. By providing no pay for rest breaks taken and not separately
10   itemizing rest break pay, Defendants discouraged and dissuaded employees from taking breaks.

11       77.    Such a policy and practice of denying compensation for legally mandated rest
12   breaks is in violation of the duty to pay for all hours worked in accordance with Wage Order 7,
13   section 12, as well as Labor Code sections 1194 and 1197.

14       78.    Defendants' failure to provide paid rest breaks in accordance with Wage Order 7
15   section 12 entitles Plaintiffs to the remedy provided in Labor Code section 226.7 and Wage Order
16   7, section 12.

17       79.    In addition, for any day rest breaks were taken but compensation was not provided,
18   each employee is entitled to compensation as set forth in Labor Code section 226.2.

19       80.    Labor Code section 218 provides wage claimants with a private right of action to
20   recover wages under the Labor Code. The payments owed to employees for paid rest breaks not
21   provided are premium wages under Labor Code section 226.7.

22       81.    Labor Code section 218.6 provides for an award of interest on all due and unpaid
23   wages. Plaintiffs seek to recover interest on all wages due.

24       82.    Plaintiffs are entitled to and hereby seek premium pay for paid rest breaks not
25   provided, wages for rest breaks taken, interest on the unpaid amounts, and an award of attorney
26   fees and costs all in amounts to be proven at trial.

27       83.    Plaintiffs seek to recover the civil penalty contained in Labor Code section 1197.1
28   for the failure to pay wages as required under Labor Code section 1197.

WEINBERG, ROGER & ROSENFELD A Professional Corporation

84.     Plaintiffs seek to recover the unpaid balance of the full amount of the regular and premium wages due, including interest thereon, reasonable attorney's fees, and costs of suit for rest breaks taken but not paid under Labor Code sections 218, 218.5, 218.6, 1194 and liquidated damages under Labor Code section 1194.2.

85.     Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violations of Wage Order 7, sections 4 and 12, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VII.   THIRD CAUSE OF ACTION

### (FAILURE TO AUTHORIZE AND PERMIT MEAL PERIODS)
### (Wage Order 7, §§ 11, 20, Labor Code §§ 218, 218.5, 218.6, 226.7, 512)

86.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

87.     Wage Order 7, section 11 requires employer to provide a meal period of not less than thirty (30) minutes before the end of the 5th hour of work. Additionally, employers are required to authorize and permit an additional meal period of not less than thirty (30) minutes after an employee works for more than ten (10) hours.

88.     Labor Code section 512 and Wage Order 7, section 11 require the payment of compensation for the failure to provide a meal break in accordance with the applicable Wage Order of one additional hour of pay for each work day that the meal period(s) is not provided.

89.     During the statutory period, Defendants consistently failed to provide employees a reasonable opportunity to take an off-duty, uninterrupted meal break. Defendants failed to institute any policy permitting off-duty, uninterrupted meal periods and failed to provide any mechanism for an employee to take such a meal period. Defendants also failed to maintain records showing when Plaintiffs took meal periods, if ever, in violation of Wage order 7, section 7(a)(3).

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
93 Alameda Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

18

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

90.     By failing to establish a meal period policy and failing to establish any mechanism for providing uninterrupted meal periods, Defendants failed to provide Plaintiffs with meal periods.

91.     Defendant' failure to provide Plaintiffs with uninterrupted meal periods during which they were relieved of all duties in accordance with Wage Order 7 section 11 entitles Plaintiffs to the remedy provided in Labor Code section 226.7 and Wage Order 7, section 11.

92.     Labor Code section 218 provides wage claimants with a private right of action to recover wages under the Labor Code. The payments owed to employees for meal periods not provided are premium wages under Labor Code section 226.7.

93.     Labor Code section 218.6 provides for an award of interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due under the Section on behalf of himself and others similarly situated.

94.     Plaintiffs are entitled to and hereby seek premium pay for uninterrupted meal periods not provided and interest on the unpaid amounts, in amounts to be proven at trial.

95.     Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violation of Wage Order 7, section 11, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VIII.   FOURTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS)
### (Labor Code §§ 226, 226.2, 226.6, 1174, 2810.5, Wage Order 7, §§ 7(A)(4), 20)

96.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

97.     California Labor Code section 226(a) states that every employer shall, semi-monthly or at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing substantial detailed information, including but not limited to, each hour worked. Wage Order 7, section 7(A)(4) contains similar requirements.

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
11 Marina Village Parkway, Ste m 200
Alameda, California 94501
(510) 337-1001

98.     California Labor Code section 226.2(a)(2)(A) provides that an employer of employees paid on a piece-rate basis must furnish statements including the total hours of compensable rest and recovery periods, the rate of compensation for those periods, and the gross wages paid for those periods during the pay period.

99.     Labor Code section 1174(d) requires the employer to keep payroll records showing hours worked and wages paid.

100.    Labor Code section 2810.5 requires an employer provide employees with timely, accurate written notice of any changes to any pay plan used to determine his compensation.

101.    Labor Code section 2800 requires an employer in all cases to indemnify its employee for losses caused by the employer's want of ordinary care.

102.    Plaintiffs are paid solely on a piece-rate basis, with compensation contingent on the number of times they complete the task of placing a cell phone with a qualified applicant, regardless of the time taken to complete each task.

103.    During the statutory period, Defendants consistently failed to provide employees with accurate itemized statements and keep adequate payroll records because they failed to report the total number of hours worked and failed to include each regular and overtime rate wages were earned at, and failed to provide necessary information regarding pieces produced, breaks taken, and the rate at which breaks were paid under the piece-rate system.

104.    As a result of Defendant's knowing and intentional failure to comply with the provisions of Labor Code sections 226(a)(3), 226.2, and 1174(d), Plaintiffs have been deprived of wage information and wages entitled to them by law. This establishes injury under 226(e)(2).

105.    Plaintiffs are entitled to and seek the remedy provided in Labor Code section 226(e):

> [T]he greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

106.    Plaintiffs seek injunctive relief against the Defendants to ensure future compliance and attorney's fees under 226(h).

'EINBERG, ROGER &
ROSENFELD
A Professional Corporation
'1 Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

20

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

107. Defendant Brener knowingly and intentionally participated in or aided in the violation of Labor Code section 226. Plaintiffs therefore seek enforcement of the penalties provided in Labor Code sections 226 and 226.6 against Defendant Brener individually.

108. Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of all Defendants' violation of Wage Order 7, section 7, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## IX.  FIFTH CAUSE OF ACTION
### (FAILURE TO INDEMNIFY FOR NECESSARY EXPENDITURES)
### (Labor Code § 2802)

109. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

110. California Labor Code section 2802 mandates that employers indemnify employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties.

111. Plaintiffs have incurred various necessary expenditures as a direct consequence of their work, including without limitation, fuel expenses, public transportation costs, bridge tolls, and other expenses.

112. Despite knowing these expenses were incurred, Defendants failed to reimburse or indemnify Plaintiffs for these expenditures and losses.

113. As a result of Defendants' failure to indemnify Plaintiffs for necessary expenditures, Defendants have violated Labor Code section 2802. Plaintiffs are therefore entitled to damages equal to the amount of expenditures or losses that have not been reimbursed by Defendants, interest on those damages from the original date of each expenditure or loss, and reasonable attorneys' fees and costs incurred in recovery of these amounts.

114. Plaintiffs seek injunctive relief against the Defendants to ensure future compliance with Labor Code section 2802.

Wherefore, Plaintiffs pray for judgment as set forth below.

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

## X.     SIXTH CAUSE OF ACTION

### (UNLAWFUL DEDUCTIONS)
### (Labor Code §§ 221; Wage Order 7 §§ 8, 20)

115.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

116.    Labor Code section 221 makes it unlawful for an employer to collect or receive from an employee any part of wages paid to an employee up to that point. Wage Order 7, section 8, prohibits an employer from making deductions to an employee's pay for a cash shortage, breakage, or loss of equipment unless such loss was caused by the employee's dishonest act, willful act, or gross negligence.

117.    Plaintiffs have suffered incidents in which cell phones and other equipment have been stolen, lost, or damaged. These incidents have occurred absent dishonesty, willfulness, or gross negligence by Plaintiffs.

118.    Defendants have unlawfully deducted from Plaintiffs' pay the approximate value of company losses caused as a result of incidents resulting in loss to Defendants, but which were not caused by the dishonesty, willfulness, or gross negligence of Plaintiffs.

119.    As a result of Defendants' unlawful deductions, Plaintiffs have lost wages earned which are due to them.

120.    Labor Code section 218 provides for a private right of action to recover wages and penalties under the Labor Code. Plaintiffs seek to recover wages unlawfully deducted.

121.    Plaintiffs seek injunctive relief against the Defendants to ensure future compliance with Labor Code section 221 and Wage Order 7, section 8.

122.    Labor Code section 218.5 provides for attorneys' fees and costs for a prevailing plaintiff who seeks to recover wages. The class seeks to recover attorneys' fees and costs in this action brought for the nonpayment of wages based on the unlawful deductions made by Defendants.

123.    Labor Code section 218.6 provides for interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due.

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
11 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

22

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

124. Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violation of Wage Order 7, section 8, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## XI. SEVENTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ALL WAGES DUE AT SEPARATION)
### (Labor Code §§ 201, 202, 203, 218, 218.5, 218.6)

125. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

126. Labor Code section 201 provides that an employer who terminates an employee must immediately pay that employee all wages owing on separation.

127. Similarly, Labor Code section 202 provides that an employee who quits is entitled to all wages owing within seventy-two (72) hours of quitting, unless that employee provides at least seventy-two hours' notice to the employer, in which case the employer immediately must pay all wages owing at the time of separation.

128. Labor Code section 203 provides that if an employer willfully fails to pay wages when due to an employee who is discharged or quits, the employee's wages continue at the same rate until the employer pays or until suit is filed, but not for more than thirty (30) days.

129. All Plaintiffs employed by Defendants who were terminated or quit at any time in the four years preceding the filing of this Complaint have been deprived of wages immediately owed upon separation as a result of Defendants' policy and practice of failing to provide wages for all hours worked, premiums for meal and rest periods not provided, and wages unlawfully deducted.

130. Defendant's failure to pay all wages at termination was in violation of Labor Code sections 201 and 202. As a result, Plaintiffs who separated from employment with Defendants have been damaged in that they have been deprived of compensation owed to them.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
21 Market Village Parkway, Suite 300
Alameda, California 94501
(510) 337-1001

131.     In addition to the wages due for prior work, each former employee Plaintiff is entitled to one day's wages for every day Defendants failed to pay wages owed on termination, up to thirty (30) days' pay, plus interest on the unpaid amounts, in amounts to be proven at trial.

132.     Labor Code section 218 provides for a private right of action to recover wages and penalties under the Labor Code. Plaintiffs seek to recover section 203 penalties directly under section 218.

133.     Labor Code section 218.5 provides for attorneys' fees and costs for a prevailing plaintiff who seeks to recover wages. The class seeks to recover attorneys' fees and costs in this action brought for the nonpayment of wages.

134.     Labor Code section 218.6 provides for interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due.

Wherefore, Plaintiffs pray for judgment as set forth below.

## XII.     EIGHTH CAUSE OF ACTION

### (UNLAWFUL BUSINESS PRACTICES)
### (Business & Prof. Code §§ 17200 et seq.)

135.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

136.     California Business and Professions Code sections 17200 *et seq.* prohibit unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practice.

137.     Beginning on at least four years ago prior to the filing of this Complaint, Defendants committed unlawful acts as defined by California Business & Professions Code section 17200. Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

    a.  Wage Order 7; Labor Code section 1194 (requirement to pay minimum wage for each hour worked);

    b.  Wage Order 7; Labor Code section 510 (requirement to pay overtime);

    c.  Wage Order 7; Labor Code section 512 (requirement to provide meal periods);

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
31 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

d. Wage Order 7; Labor Code section 226.7 (failure to authorize or permit paid rest periods);

e. Labor Code section 226.2 (failure to provide rest break pay at the regular rate);

f. Labor Code section 2802 (requirement to indemnify employees for necessary losses or expenditures);

g. Wage Order 7; Labor Code section 221 (prohibition against unlawful deductions);

h. Labor Code section 2810.5 (requirement to provide written notice of pay information).

138. The violation of these laws serve as unlawful predicate acts for purposes of Business & Professions Code section 17200 and remedies are provided therein under Business & Professions Code section 17203. Plaintiffs have suffered direct economic injury in that they have not been paid all wages and compensation due in a timely manner.

139. The acts and practices described in this Complaint constitute unlawful, unfair and fraudulent business practices, and unfair competition within the meaning of Business and Professions Code sections 17200 *et seq.*

140. Business & Professions Code section 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and to which those person have an ownership interest. Plaintiffs are entitled to restitution pursuant to Business & Professions Codes sections 17203 and 17208 for all wages unlawfully withheld from them during the four years prior to the filing of this Complaint.

141. Plaintiffs' success in this action will enforce important rights affecting the public interest, and in that regard, Plaintiff sues on behalf of himself and other current and former employees similarly situated. Plaintiffs seek and are entitled to unpaid compensation for unpaid wages due, unpaid rest periods, unpaid waiting time penalties, injunctive relief, declaratory relief, and any other remedy owing to Plaintiffs.

142. Injunctive and declaratory relief is necessary and appropriate to prevent the Defendants from repeating their wrongful business practices alleged above.

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

25

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

143.   To prevent Defendants from profiting and benefiting from their wrongful and illegal acts, it is appropriate and necessary to enter an order requiring Defendants to restore Plaintiffs all monies that are owed.

144.   An actual controversy has arisen and now exists relating to the rights and duties of the Defendants and Plaintiffs as to whether Defendants must compensate for unpaid wages and meal and rest periods.

145.   Plaintiffs request a declaration by this Court that Plaintiffs are entitled to be compensated for unpaid wages, meal and rest periods, unlawful deductions, and necessary expenditures pursuant to California Law.

146.   Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Therefore, attorneys' fees are appropriate pursuant to California Code of Civil Procedure section 1021.5.

Wherefore, Plaintiffs pray judgment as set forth below.

## XIII.   PRAYER FOR RELIEF

Plaintiffs pray for judgment as follows:

1.   For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants from committing in the future those violations of law herein alleged;

2.   For an order determining this matter to be a class action and that Plaintiff is named class representative and Plaintiff's attorneys are named class counsel;

3.   For an award of damages in an amount according to proof under the Labor Code;

4.   For an award of restitution and wages according to proof under the Labor Code, Business & Professions Code sections et seq., and any other applicable provision;

5.   For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due;

6.   For penalties under the Labor Code, IWC Wage Order 7, and all other statutory and/or civil penalties provided by law;

FEINBERG, ROGER &
ROSENFELD
A Professional Corporation
11 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

26

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

7. For interest under Labor Code sections 218.6, 1194, 1197.1, and any other applicable provisions;

8. For liquidated damages under Labor Code section 1194.2;

9. For an award of reasonable attorneys' fees, costs, and interest thereon pursuant to Labor Code sections 218.5, 226, 1194, and 2802; Code of Civil Procedure section 1021.5; and any other applicable provision;

10. For such other and further relief as this Court deems just and proper.

Dated: April 11, 2017

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: David A. Rosenfeld
Caren P. Sencer
David W.M. Fujimoto
Attorneys for Plaintiffs

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
501 Marina Village Parkway, Suite 100
Alameda, California 94501
(510) 337-1001

27

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

DOCSNT\ZMC1493\142552\898864.v2-4/11/17

# Exhibit B

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** SPRINT CORPORATION; SPRINT/UNITED
*(AVISO AL DEMANDADO):* MANAGEMENT CORPORATION; LEGION;
LATITUDE GROUP; CREDICO (USA), LLC;
ALON BRENER, *AN INDIVIDUAL*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TASHIAN R. SCOTT, on his own behalf and on behalf of all those similarly
situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

APR 12 2017

By _____ SUE PESKO

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):* RG 17856280

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Weinberg, Roger & Rosenfeld   (510) 337-1001
1001 Marina Village Pkwy, Ste 200, Alameda, CA 94501

DATE: APR 12 2017     Chad Finke     Clerk, by _____ SUE PESKO , Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Latitude Group

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Case 3:17-cv-02846 Document 1-5 Filed 05/18/17 Page 82 of 144

1  DAVID A. ROSENFELD, Bar No. 058163
2  CAREN P. SENCER, Bar No. 233488
   DAVID W.M. FUJIMOTO, Bar No. 299316
3  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
4  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501
5  Telephone (510) 337-1001
   Fax (510) 337-1023
6  E-Mail: drosenfeld@unioncounsel.net
           csencer@unioncounsel.net
7          dfujimoto@unioncounsel.net
           courtnotices@unioncounsel.net

8  Attorneys for Plaintiffs

ENDORSED
FILED
ALAMEDA COUNTY

APR 11 2017

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

9
10      SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          IN AND FOR THE COUNTY OF ALAMEDA

12  TASHIAN R. SCOTT, on his own behalf and
    on behalf of all those similarly situated,

Class Action

13                                    Case No. RG 17856280

                Plaintiffs,

14      v.

COMPLAINT FOR VIOLATIONS OF
THE LABOR CODE AND UNLAWFUL
BUSINESS PRACTICES

15  SPRINT CORPORATION; SPRINT/UNITED
    MANAGEMENT CORPORATION; LEGION;
16  LATITUDE GROUP; CREDICO (USA), LLC;
    ALON BRENER, an individual,

17
                Defendants.
18

19              I.    INTRODUCTION

20      This is an action by Plaintiff Tashian R. Scott, brought under the California Labor Code

21  and California Business and Professions Code section 17200 on behalf of himself and those

22  similarly situated. Plaintiffs are or were employed by Defendants for the sole task of registering

23  applicants for Sprint Corporation's Lifeline program, which provides free mobile phones and free

24  limited wireless telephone services to qualifying low-income individuals. This action is to recover

25  wages and impose penalties based on Defendants' failure to pay the minimum wage and

26  overtime, failure to properly maintain and provide accurate itemized wage statements, failure to

27  provide required notifications regarding employees' pay, failure to provide meal periods and paid

28  rest periods, failure to maintain proper piece-rate records, failure to properly reimburse for travel

BY FAX

expenses, making unlawful deductions from wages, and failure to pay all wages due upon termination of employment. Defendants' violations of law provide Defendants with an unfair business advantage, violate the applicable wage order and the Labor Code, and is contrary to California law.

## II.   PARTIES

1.      Plaintiff Tashian R. Scott ("Scott" or "Plaintiff") was at all relevant times herein employed by Defendants Latitude Group, Inc., Legion, Inc., Sprint/United Management Corporation, and Sprint Corporation, ostensibly as a sales representative. He brings this action on his own behalf and on behalf of others similarly situated (collectively, "Plaintiffs").

2.      Defendant Sprint Corporation ("Sprint") is a business entity doing business in California, and is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, Defendant Sprint is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover, Defendant Sprint is a client employer as defined in section 2810.3 of the Labor Code.

3.      Defendant Sprint/United Management Corporation ("Sprint/UMC") is a business entity doing business in California, and is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. Defendant Sprint/UMC is a wholly owned subsidiary of Defendant Sprint. In addition, Defendant Sprint/UMC is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover, Defendant Sprint/UMC is a client employer as defined in section 2810.3 of the Labor Code.

4.      Defendants Legion and Latitude Group ("Legion/Latitude Group") are both operated out of 7901 Stoneridge Dr., Ste. 555, Pleasanton, California, 94588. Each is a business entity doing business in California, and each is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, they are each an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover,

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
801 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1  Defendants Legion/Latitude Group each is a "labor contractor" as defined in section 2810.3 of the

2  Labor Code, and each provided labor to Defendants Sprint and Sprint/UMC, and/or to Defendant

3  Credico (USA) LLC.

4      5.    Credico (USA) LLC ("Credico") is a business entity doing business in California,

5  and is a "person" as defined in California Labor Code section 18 and California Business and

6  Professions Code section 17201. In addition, Defendant Credico is an "employer" as that term is

7  used in the California Labor Code and in the California Industrial Welfare Commission's orders

8  regulating wages, hours, and working conditions. Moreover, on information and belief, Defendant

9  Credico is a labor contractor as defined in section 2810.3 of the Labor Code in that Defendant

10  Credico contractually agreed to provide to Defendants Sprint and Sprint/UMC the labor necessary

11  to carry out the Sprint Lifeline program. Defendant Credico is also a client employer as defined in

12  section 2810.3 of the Labor Code in that Defendant Credico contracted with Defendants

13  Legion/Latitude Group and/or with Defendant Alon Brener for those Defendants to provide the

14  labor necessary for Defendant Credico to fulfill its contractual obligations to provide labor to

15  Defendants Sprint and/or Sprint/UMC.

16      6.    Alon Brener ("Brener") is an individual and is the president of both Defendants

17  Legion/Latitude Group. He is a "person" as defined in California Labor Code section 18 and

18  California Business and Professions Code section 17201. On information and belief, Defendants

19  Legion/Latitude Group are, and at all times herein mentioned were, the alter egos of Defendant

20  Brener. There exists, and at all times herein mentioned has existed, a unity of interest and

21  ownership between these defendants such that any separateness between them has ceased to exist.

22  Defendant Brener completely controlled, dominated, managed, and operated Defendants

23  Legion/Latitude Group. Defendant Brener comingled the assets of each business operation to suit

24  his convenience by placing the fixed assets of Defendant Latitude Group in the name of

25  Defendant Legion in order to evade payment of the obligations owed to creditors of Defendant

26  Latitude Group. Brener is also a "labor contractor" as defined in section 2810.3 of the Labor

27  Code, as he provided labor to Defendants Sprint and Sprint/UMC, and/or to Defendant Credico

28  (USA) LLC.

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
413 Mason Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

7.    A client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for the payment of wages. Cal. Lab. Code § 2810.3(b). Therefore, Defendants Sprint, Sprint/UMC, and Credico are jointly liable for the violations committed by Defendants Legion/Latitude and Brener ("Legion/Latitude Group/Brener"). Furthermore, Defendants Sprint and Sprint/UMC are jointly and severally liable for Credico's liability for Credico providing, through Defendants Legion/Latitude Group/Brener, workers to carry out the Sprint Lifeline program.

8.    Venue is proper based on the location of Defendants Legion/Latitude Group/Brener's office in Pleasanton, California being within the jurisdiction of this Court. Additionally, Defendants Sprint, Sprint/UMC, and Credico do business in Alameda County. The relief requested is within the jurisdiction of this Court.

### III.    FACTUAL ALLEGATIONS

9.    The Federal Communications Commission ("FCC") provides for subsidies to numerous telephone companies that have been designated as an eligible telecommunications carrier ("ETC") to operate the Lifeline program. The Lifeline program provides free mobile phones and free limited wireless telephone services to qualified low-income individuals. ETCs like Defendant Sprint secure profits from low-income individuals when individuals exceed their monthly pool of minutes allotted by the program and independently purchase additional minutes or plans from the particular ETC that provides the individual services.

10.    Assurance Wireless ("Assurance") is a brand of Defendant Sprint, which operates Sprint's Lifeline program. On information and belief, Assurance contracts with Credico to provide marketing for the Sprint Lifeline program. Credico, in turn, subcontracts with Legion to carry out marketing activities, including registering applicants for the Lifeline program. Plaintiffs ostensibly worked for Defendant Legion to carry out Assurance's Lifeline program, but receive paychecks from Defendant Latitude Group. Defendants Legion/Latitude Group/Brener consider Assurance Wireless to be their "client" for whom they carry out marketing activities, including seeking applicants for Assurance's Lifeline program. Defendants Legion/Latitude Group/Brener were only permitted by Defendant Credico and/or Defendants Sprint/UMC to seek applicants in

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

the counties of Alameda, Solano, and Contra Costa. If Plaintiffs enrolled applicants in, for example, San Francisco, any money earned would be directed by Defendant Sprint/UMC and/or Defendant Credico to Legion/Latitude Group/Brener's equivalent company responsible for the San Francisco region.

11.   Plaintiffs are required to report to the Legion/Latitude Group/Brener office in Pleasanton at approximately 7:00 a.m. for mandatory, daily trainings. The trainings would last for between 2-3 hours and include a variety of topics including but not limited to: how to make sales, how to properly maintain equipment, and how to get to the "next level" within the company. These trainings were conducted by Plaintiffs' superiors, as well as owners of companies responsible for signing up Lifeline applicants in other counties.

12.   After the trainings, Defendants Legion/Latitude Group/Brener direct Plaintiffs to one of a number of locations including: HUD-subsidized housing developments, Greyhound Bus stations, specific shopping malls, county general assistance offices, BART stations, Dollar Stores, and other locations where it is expected Plaintiffs will register eligible applicants for the Lifeline program. These locations are evaluated by Defendant Sprint/UMC to, among other things, make sure Assurance Wireless is not presented in a negative way to the public.

13.   Plaintiffs arrive at a particular location by driving their own vehicle, taking public transportation, or getting a ride with another employee. Plaintiffs who take public transportation or drive their own vehicles are not reimbursed for mileage, gas, public transportation costs, bridge tolls, or other related costs.

14.   Once Plaintiffs arrive at the designated location they set up the Assurance Wireless kiosks, or pop-up canopies, for the day. Each kiosk includes a stand with an "Assurance Wireless" flag attached to it. Plaintiffs all wear nametags that include the name "assurance wireless" on it. Plaintiffs carry with them the mobile phones that are ultimately provided to applicants deemed eligible for the program.

15.   Once at the kiosk, Plaintiffs attempt to register persons eligible for Assurance's Lifeline program by communicating with prospective applicants at the location.

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
81 Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

16. Plaintiffs are not provided a location at a given kiosk to store the equipment if they wish to take a break. Therefore, when Plaintiffs need to eat, they must do so while still maintaining responsibility for securing the phones, stand, and other supplies at the kiosk. While eating, if a prospective applicant approaches the kiosk, Plaintiffs must answer questions and engage with the individual. Similarly, if while Plaintiffs try to take a rest period a prospective customer approaches the kiosk, he or she must attend to the individual.

17. Defendant Sprint/UMC representatives occasionally travel to sites where Plaintiffs are working to observe and make sure Plaintiffs are interacting with prospective applicants in an acceptable manner according to Sprint/UMC guidelines. On information and belief, Defendant Sprint/UMC representatives have surreptitiously feigned being prospective applicants and asked Plaintiffs to engage in prohibited conduct. If an employee violates Defendant Sprint/UMC's guidelines, they can be fired. Indeed, Legion/Latitude Group/Brener employees have been terminated for violating Defendant Sprint/UMC's guidelines.

18. When equipment is damaged or stolen, Defendants Legion/Latitude Group/Brener deduct the value of the loss from Plaintiffs' paycheck, without making any finding of gross negligence.

19. Plaintiffs are required to return to the Pleasanton office at the end of the day to return the phones, flags, and other supplies. They must record which phones have been placed and notate in the system which phones are being returned. They must also meet with a superior for a breakdown of the day. Plaintiffs do not leave the office in the evening until approximately 6:30 p.m.

20. The wages, hours and working conditions of individuals employed in the mercantile industry who are paid on a piece-rate basis are regulated by Industrial Wage Commission Wage Order 7, Cal. Code Regs. tit. 8, section 11070.

21. Plaintiffs are also covered by Labor Code sections 1194, 1194.2, and 1197. Together, these sections require that an employer pay employees at least the minimum wage for each hour worked as prescribed by law. Plaintiffs have not been paid for each hour worked. Instead, Plaintiffs have been paid based on a piece-rate system. This system is based upon the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
01 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1  number of times an employee completes the task of placing a cell phone with a qualified

2  applicant. Each time this task is completed, Plaintiffs are paid at a rate of $8, regardless of the

3  amount of time necessary to complete each task. The $8 rate is not based on a percentage of the

4  price of a sale or service because qualified applicants pay nothing for the cell phones or mobile

5  services they receive.

6         22.     Plaintiffs are covered by Labor Code section 510, which requires that employers

7  pay employees overtime for hours worked in excess of eight per day or forty per week.

8  Defendants did not pay any overtime. They simply paid Plaintiffs for the pieces completed.

9  Plaintiffs routinely worked in excess of eight hours per day and forty regular hours per week, but

10  have not been paid an overtime rate for those hours worked.

11         23.     Plaintiffs are covered by Labor Code sections 512 and 226.7, as well as Wage

12  Order 7, sections 11 and 12, which require that employers provide meal periods and paid rest

13  periods. Plaintiffs are entitled to an uninterrupted, thirty (30) minute meal period for a work

14  period of more than five (5) hours and two (2) uninterrupted 10 minute paid rest periods during

15  each eight (8) hour shift. Labor Code section 512 requires employers provide a second meal

16  period of not less than thirty (30) minutes for any employee who works more than ten (10) hours

17  in a day. Labor Code section 226.7 provides for wages of one additional hour of pay at the

18  employee's regular rate to compensate for each day a rest or meal period was not permitted.

19  Despite regularly working shifts that lasted approximately eleven and a half (11½) hours,

20  Plaintiffs were not relieved of all duties and provided two uninterrupted thirty (30) minute meal

21  periods or two (2) uninterrupted 10 minute paid rest periods. Plaintiffs have not been

22  compensated for the Defendants' failure to permit uninterrupted meal periods or paid rest periods

23  in the past four years.

24         24.     Plaintiffs were not provided with a billing code or other mechanism to record rest

25  breaks, causing Plaintiffs to be unpaid for any rest break taken. Defendant therefore

26  systematically discouraged Plaintiffs from taking rest breaks.

27         25.     Rest breaks were unaccounted for on wage statements. The appellate court has

28  held that rest breaks must be a separate line item on a wage statement for piece-rate workers.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1  *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864. This requirement was codified in
2  Labor Code section 226.2, effective January 1, 2016. Failure to account for rest breaks or provide
3  a mechanism for recording or receiving pay for rest breaks is a failure to provide a rest break as
4  contemplated by Labor Code section 226.7.

5       26.    Defendants' policy and practice made it impossible for Plaintiffs to take a meal
6  period and/or to be relieved of all duties while taking a meal period.

7       27.    Under Labor Code section 226, each employee must receive an accurate itemized
8  wage statement. Defendants issued inadequate wage statements that fail to specify the number of
9  hours worked, the number of piece rate units earned, and the applicable rate of the piece rate
10  basis. Failure to provide adequate and accurate wage statements deprives Plaintiffs of their right
11  to confirm that they are receiving the appropriate compensation. Failure to provide employees
12  with this itemized statement allows the employee to collect damages, seek injunctive relief, and
13  recover penalties.

14       28.    Under Labor Code section 2802, employees must be indemnified "for all
15  necessary expenditures or losses incurred by the employee in direct consequence of the discharge
16  of his or her duties . . . ." Plaintiffs are required to drive across as many as three counties, yet
17  Defendants only paid Plaintiffs at most $10.00 per day for driving their own vehicle regardless of
18  the number of miles driven or parking costs incurred.

19       29.    Labor Code section 221 makes it unlawful for an employer to deduct from an
20  employee's wages for losses of goods unless the employer can prove the loss was the result of a
21  "dishonest or willful act, or the gross negligence of the employee." Wage Order 7, § 8. Despite
22  this limitation, Defendants have deducted from Plaintiffs' paychecks for the loss of goods, even
23  though there was no dishonesty, willfulness, or gross negligence on the part of Plaintiffs.

24       30.    When hired, employers are required to provide employees with written notice that
25  includes the rate of pay. Lab. Code § 2810.5. Plaintiffs were not provided with written notice
26  notifying them of their rate of pay.

27       31.    Employers must pay all wages due to an employee at the time of discharge or by
28  the last day of work if the employee gave 72 hours' notice of intent to quit. Lab. Code §§ 201,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

202. If an employee quits without providing 72 hours' notice, all wage are due within 72 hours of the employee quitting. Lab. Code § 202. On information and belief, many Plaintiffs either quit their employment while providing 72 hours' notice or were discharged by Defendants Legion/Latitude Group/Brener, but were not provided all wages due. On information and belief, there are Plaintiffs who quit without giving 72 hours' notice but were not provided all wages due within 72 hours of quitting.

32.     Plaintiffs are not exempt from California's minimum wage and overtime protections. Plaintiffs do not determine their own hours of work or the location of the site where they will attempt to register applicants. Defendants Legion/Latitude Group/Brener require Plaintiffs to arrive at the main office at 7:00 a.m. to attend mandatory daily trainings. Once Defendants Legion/Latitude Group/Brener are done with the daily training, they then direct Plaintiffs to report to a pre-determined location or a location approved by Defendants Legion/Latitude Group/Brener. Defendants Legion/Latitude Group/Brener require that Plaintiffs report back to the main office by a certain time in the evening to return telephones and equipment and to report the number of successful applicants. Therefore, as compared to outside salespersons, the hours worked and the location of the site itself, are directed by Defendants Legion/Latitude Group/Brener.

33.     Defendants control the assigned sites by sending representatives to monitor Plaintiffs by watching them and/or by sending representatives to surreptitiously pretend to be prospective applicants who request that Plaintiffs engage in prohibited conduct. Employees who engage in prohibited conduct are disciplined up to, and including, termination.

34.     Plaintiffs are not engaged in selling tangible items, intangible items, or contracts for services. The cell phones are free, as are the mobile services in which participants enroll. Plaintiffs are thus not selling intangible items. Because eligible applicants do not pay for the free mobile services, the agreements entered into between participants and Defendants Sprint and Sprint/UMC lack the consideration necessary to form a contract for services. Plaintiffs therefore are not obtaining contracts for products or services.

/ / /

VEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

9

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

35.     California Business and Professions Code section 17204 allows a person who has suffered injury in fact and has lost money to bring a representative suit seeking restitution, fees, and costs.

36.     Plaintiffs are informed and believe and thereupon allege that as a proximate and direct result of Defendants' actions, Plaintiffs have suffered damages and are entitled to penalties in an amount to be specified at trial.

37.     Plaintiffs are informed and believe and thereupon allege that as a proximate and direct result of Defendants' actions, Defendants unlawfully acquired money or property from Plaintiffs and others similarly situated in an amount to be specified at trial.

38.     Defendants Legion/Latitude Group/Brener's knowingly and intentionally false reported to ADP, the payroll provider, the hours worked by Plaintiffs each pay cycle. Each time Defendants Legion/Latitude Group/Brener is prompted to provide information regarding the number of hours each Plaintiff works they instead provide ADP with the number of phones placed with a qualified applicant.

## IV.     CLASS ALLEGATIONS

39.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

40.     Plaintiff brings this action on behalf of himself and all other current and former employees similarly situated as a class action under Code of Civil Procedure section 382. Plaintiff seeks to represent the following classes:

> All current and former employees of Defendants who have not been paid for all hours worked at any time in the four years preceding the filing of this Complaint.

> All current and former employees of Defendants who have been denied uninterrupted meal periods at any time in the four years preceding the filing of this Complaint.

> All current and former employees of Defendants who have been denied uninterrupted paid rest periods at any time in the four years preceding the filing of this Complaint.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
41 Mateos Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

10

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

All current and former employees of Defendants who have had their pay deducted for the loss or damage of Defendants' property at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been indemnified for necessary work-related expenditures at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been provided accurate, itemized wage statements at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been provided written statements reflecting their applicable pay plans at any time in the four years preceding the filing of this Complaint.

All former employees of Defendants who were not paid all wages due upon separation at any time in the four years preceding the filing of this Complaint.

41. Plaintiffs reserve the right under Rule 1855(b), California Rules of Court to amended or modify the class description with greater specificity or further division into sub-classes or limitation to particular issues.

42. This action may be properly maintained as a class action under Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

## A. NUMEROSITY

43. The members of the proposed class are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been ascertained at this time, Plaintiffs are informed and believe there are at least 60 current and former employees similarly situated to Plaintiff Scott.

44. Defendants' employment records will provide information as to the number and location of all class members. Those records will furthermore disclose the information provided in the itemized wage statements or Plaintiffs will have their own reasonable estimates of such monies.

## B. COMMONALITY

45. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

include, without limitation:

  a. Whether Plaintiffs are covered by the provisions of IWC Wage Order 7;

  b. Whether Defendants violated IWC Wage Order 7 and Labor Code section 1194 by failing to pay Plaintiffs at least the minimum wage for each hour worked;

  c. Whether Defendants violated IWC Wage Order 7 and Labor Code section 510 by failing to pay Plaintiffs overtime for every hour worked over eight in a day or forty in a week;

  d. Whether Defendants violated IWC Wage Order 7 and Labor Code section 512 by failing to provide Plaintiffs the opportunity to take uninterrupted meal periods for every five hours worked without providing employees with compensatory remuneration;

  e. Whether Defendants violated IWC Wage Order 7 and Labor Code section 512 by failing to provide Plaintiffs the opportunity to take a second uninterrupted meal period for every ten hours worked without providing employees with compensatory remuneration;

  f. Whether Defendants violated IWC Wage Order 7, and Labor Code sections 226.2 and 226.7 by failing to permit paid rest periods without providing employees with compensatory remuneration;

  g. Whether Defendants violated Labor Code section 2802 by failing to reimburse Plaintiffs for transportation or other necessary expenses;

  h. Whether Defendants violated IWC Wage Order 7 and Labor Code section 221 by making unlawful deductions when property was damaged or lost without a dishonest or willful act or by the gross negligence of the employee;

  i. Whether the wage statements provided by Defendants meet the requirements of Labor Code sections 226 and 226.2; and

  j. Whether Defendants owe waiting time penalties under Labor Code section 203.

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

12

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1               **C.    TYPICALITY**

2       46.     The claims of the Plaintiff are typical of the claims of the proposed class. Plaintiff

3 and all members of the proposed class sustained injuries and damages arising out of and caused

4 by Defendants' common course of conduct in violation of laws and regulations as alleged herein.

5            **D.    ADEQUACY OF REPRESENTATION**

6       47.     Plaintiff is an adequate representative of the proposed class in that Plaintiff has the

7 same interests in the litigation of this case as the proposed class members. Plaintiff is committed

8 to vigorous prosecution of this case and has retained competent counsel who is highly

9 experienced in class action and wage and hour litigation of this nature. Plaintiff is not subject to

10 any individual defenses different from those conceivably applicable to the class as a whole.

11          **E.    SUPERIORITY OF CLASS ACTION**

12       48.     A class action is superior to other available means for the fair and efficient

13 adjudication of this controversy. Individual joinder of all proposed class members is not

14 practicable, and questions of law and fact common to the class predominate over any questions

15 affecting only individual members of the class. Each member of the class has been damaged and

16 is entitled to recovery by reason of Defendants' illegal policies and/or practices for the defined

17 period.

18       49.     Class action treatment will allow those similarly-situated persons to litigate their

19 claims in the manner that is most efficient and economical for the parties and the judicial system.

20 Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

21 action that would preclude its maintenance as a class action.

22       50.     A class action is superior to other available methods for the fair and efficient

23 adjudication of this controversy because individual litigation of the claims of all proposed class

24 members is impractical. Even if every proposed class member could afford individual litigation,

25 the court system could not. It would be unduly burdensome to this Court in which individual

26 litigation of numerous cases would proceed. Individualized litigation would also present the

27 potential for varying, inconsistent, or contradictory judgments and would magnify the delay and

28 expense to all parties and to the court system resulting from multiple trials of the same complex

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

13

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1 factual issues. By contrast, the conduct of this action as a class action, with respect to some or all

2 of the issues presented herein, presents fewer management difficulties, conserves the resources of

3 the parties and the court system, and protects the rights of each proposed class member. Plaintiff

4 anticipates no management difficulties in this litigation.

5      51.    Defendants have also acted, or have refused to act, in respects generally applicable

6 to the proposed class, thereby making appropriate relief with regard to the members of the

7 proposed class as a whole, as requested herein.

8      Wherefore, Plaintiffs pray judgment as set forth below.

9                       **V.**    **FIRST CAUSE OF ACTION**

10 **(FAILURE TO PAY FOR EACH HOUR WORKED AT THE APPROPRIATE RATE)**
**(Labor Code §§ 218, 218.5, 218.6, 510, 558, 1182.12, 1194, 1194.2, 1197, 1197.1,**

11 **Wage Order 7, § 3, 4, 20)**

12      52.    Plaintiffs reallege and incorporate by reference each and every allegation set forth

13 in the preceding paragraphs as though fully set forth at length herein.

14      53.    California law requires employees be compensated at no less than the appropriate

15 minimum wage for each and every individual hour worked. Labor Code section 1182.12 provides

16 that on and after July 1, 2014, the minimum wage for all industries shall be not less than nine

17 dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall

18 be not less than ten dollars ($10) per hour.

19      54.    California law does not allow an employer to meet its minimum wage obligations

20 by averaging weekly pay over the total hours worked in a given week. (*Armenta v. Osmose*

21 (2005) 135 Cal.App.4th 314, 324 (concluding that "the [federal] model of averaging all hours

22 worked 'in any work week' to compute an employer's minimum wage obligation under

23 California law is inappropriate" and clarifying that "[t]he minimum wage standard affixes to each

24 hour worked by respondents for which they were not paid")).

25      55.    Piece-rate systems which fail to compensate employees for each individual hour

26 worked violate California law. *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36.

27      56.    Plaintiffs were not compensated for any hours worked. Under Defendants' piece-

28 rate pay plan, Plaintiffs did not receive *any* wages at *any* rate for time spent performing work.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
10 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

14

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1    They were instead paid a piece rate of $8.00 for each cell phone placed with a qualified applicant.

2    For example, Plaintiffs were paid as low as $112 per week for placing 14 cell phones with

3    qualified applicants, notwithstanding approximately 57.5 hours of work.

4        57.    On many occasions, this failure to pay for hours worked would occur because of

5    periods of time that piece-rate work was not available. Notwithstanding the inability of Plaintiffs

6    to earn piece-rate wages, Plaintiffs were required to remain at the kiosk to wait for prospective

7    applicants to arrive and speak with prospective applicants in an effort to enroll them. This "stand-

8    by" time and the time spent trying to enroll prospective applicants was not compensated at any

9    rate.

10       58.    Plaintiffs were not paid for the time spent attending the daily mandatory meetings.

11       59.    Labor Code section 1194 provides for a private right of action to recover wages for

12   hours worked but not compensated.

13       60.    During the statutory period, Defendants failed to pay Plaintiffs and members of the

14   class wages for all hours worked in violation of Labor Code section 1197 and Wage Order 7,

15   sections 4 and 9. Plaintiffs' hours worked were not compensated at all.

16       61.    Plaintiffs routinely worked more than 8 hours in a day and/or 40 regular hours in a

17   week without receiving any compensation for that time and without overtime compensation at the

18   rate of one and one-half (1½) times their regular weekly rate in violation of Labor Code sections

19   510 and 1194, and Wage Order 7, sections 3 and 4.

20       62.    Labor Code section 218 provides for a private right of action to recover wages

21   under the Labor Code. Plaintiffs seek to recover unpaid wages directly under section 218.

22       63.    Plaintiffs seek to recover compensation for time worked but not paid and

23   attorneys' fees and costs under Labor Code section 1194.

24       64.    Plaintiffs seek liquidated damages under Labor Code section 1194.2.

25       65.    Labor Code section 218.6 provides for interest on all due and unpaid wages in any

26   action brought for the nonpayment of wages. Plaintiffs seek to recover interest on all wages due.

27       66.    Plaintiffs seek to recover the civil penalty contained in Labor Code section 558 for

28   the failure to pay wages as required under Labor Code section 510.

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
11 Marina Village Parkway, Suite 100
Alameda, California 94501
(510) 337-1001

15

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

67.     Plaintiffs seek to recover the civil penalty contained in Labor Code section 1197.1 for the failure to pay wages as required under Labor Code section 1197.

68.     Plaintiffs seek reasonable attorneys' fees and costs associated with bringing this action pursuant to Labor Code sections 218.5 and 1194.

69.     Plaintiffs seek to recover penalties under Wage Order 7, section 20 for violations of section 4. Each penalty amounts to $50 per employee for the first violation and $100 per employee for each subsequent pay period in which the employee is underpaid.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VI.     SECOND CAUSE OF ACTION

### (FAILURE TO AUTHORIZE AND PERMIT PAID REST BREAKS)
### (Wage Order 7, §§ 4, 12, 20, Labor Code §§ 218, 218.5, 218.6, 226.2, 226.7, 1194, 1194.2, 1197, 1197.1)

70.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

71.     Wage Order 7, section 12 requires employers to authorize and permit paid rest breaks at a rate of ten (10) minutes for every four (4) hours worked or greater fraction thereof.

72.     Labor Code section 226.7 and Wage Order 7, section 12 require the payment of compensation for the failure to provide paid rest breaks in accordance with the applicable Wage Order of one additional hour of pay for each work day that the paid rest break(s) is not provided.

73.     Employers are required to provide rest breaks during which employees are relieved of all duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257. Defendant had no policy which relieved Plaintiffs of all duties to take rest breaks.

74.     During the statutory period, Defendants consistently failed to pay employees for rest breaks. Defendants failed to provide a billing code for rest breaks, failed to institute a formal policy permitting paid employee breaks, and failed to provide any other mechanism for an employee to take a rest break during which they were relieved of all duties, and to be paid for that time.

75.     As a piece-rate employee, unless separately compensated, time spent enjoying a rest break is uncompensated and reduces the total potential compensation for the day by

/EINBERG, ROGER &
ROSENFELD
A Professional Corporation
93 Marria Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1  decreasing the amount of time available for productive work. Plaintiffs were paid solely based on
2  piece rate production. Any time spent to take a rest break negatively impacted their earning
3  potential because by not engaging in any duties while on a break, Plaintiffs could miss
4  opportunities to complete the task of placing a cell phone with a qualified applicant. Since this
5  was the only way Plaintiffs were actually paid anything, they could not afford to take rest breaks.

6    76.    By failing to establish a rest break policy and failing to establish any mechanism
7  for providing rest breaks, Defendants failed to authorize and permit rest breaks. Defendants were
8  required to separately compensate Plaintiffs for rest periods. *Bluford v. Safeway Stores, Inc.*
9  (2013) 216 Cal.App.4th 864. By providing no pay for rest breaks taken and not separately
10 itemizing rest break pay, Defendants discouraged and dissuaded employees from taking breaks.

11   77.    Such a policy and practice of denying compensation for legally mandated rest
12 breaks is in violation of the duty to pay for all hours worked in accordance with Wage Order 7,
13 section 12, as well as Labor Code sections 1194 and 1197.

14   78.    Defendants' failure to provide paid rest breaks in accordance with Wage Order 7
15 section 12 entitles Plaintiffs to the remedy provided in Labor Code section 226.7 and Wage Order
16 7, section 12.

17   79.    In addition, for any day rest breaks were taken but compensation was not provided,
18 each employee is entitled to compensation as set forth in Labor Code section 226.2.

19   80.    Labor Code section 218 provides wage claimants with a private right of action to
20 recover wages under the Labor Code. The payments owed to employees for paid rest breaks not
21 provided are premium wages under Labor Code section 226.7.

22   81.    Labor Code section 218.6 provides for an award of interest on all due and unpaid
23 wages. Plaintiffs seek to recover interest on all wages due.

24   82.    Plaintiffs are entitled to and hereby seek premium pay for paid rest breaks not
25 provided, wages for rest breaks taken, interest on the unpaid amounts, and an award of attorney
26 fees and costs all in amounts to be proven at trial.

27   83.    Plaintiffs seek to recover the civil penalty contained in Labor Code section 1197.1
28 for the failure to pay wages as required under Labor Code section 1197.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
461 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

17

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

84.     Plaintiffs seek to recover the unpaid balance of the full amount of the regular and premium wages due, including interest thereon, reasonable attorney's fees, and costs of suit for rest breaks taken but not paid under Labor Code sections 218, 218.5, 218.6, 1194 and liquidated damages under Labor Code section 1194.2.

85.     Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violations of Wage Order 7, sections 4 and 12, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VII.    THIRD CAUSE OF ACTION

### (FAILURE TO AUTHORIZE AND PERMIT MEAL PERIODS)
### (Wage Order 7, §§ 11, 20, Labor Code §§ 218, 218.5, 218.6, 226.7, 512)

86.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

87.     Wage Order 7, section 11 requires employer to provide a meal period of not less than thirty (30) minutes before the end of the 5th hour of work. Additionally, employers are required to authorize and permit an additional meal period of not less than thirty (30) minutes after an employee works for more than ten (10) hours.

88.     Labor Code section 512 and Wage Order 7, section 11 require the payment of compensation for the failure to provide a meal break in accordance with the applicable Wage Order of one additional hour of pay for each work day that the meal period(s) is not provided.

89.     During the statutory period, Defendants consistently failed to provide employees a reasonable opportunity to take an off-duty, uninterrupted meal break. Defendants failed to institute any policy permitting off-duty, uninterrupted meal periods and failed to provide any mechanism for an employee to take such a meal period. Defendants also failed to maintain records showing when Plaintiffs took meal periods, if ever, in violation of Wage order 7, section 7(a)(3).

/ / /

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

18

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

90.     By failing to establish a meal period policy and failing to establish any mechanism for providing uninterrupted meal periods, Defendants failed to provide Plaintiffs with meal periods.

91.     Defendant' failure to provide Plaintiffs with uninterrupted meal periods during which they were relieved of all duties in accordance with Wage Order 7 section 11 entitles Plaintiffs to the remedy provided in Labor Code section 226.7 and Wage Order 7, section 11.

92.     Labor Code section 218 provides wage claimants with a private right of action to recover wages under the Labor Code. The payments owed to employees for meal periods not provided are premium wages under Labor Code section 226.7.

93.     Labor Code section 218.6 provides for an award of interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due under the Section on behalf of himself and others similarly situated.

94.     Plaintiffs are entitled to and hereby seek premium pay for uninterrupted meal periods not provided and interest on the unpaid amounts, in amounts to be proven at trial.

95.     Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violation of Wage Order 7, section 11, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VIII.   FOURTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS)
### (Labor Code §§ 226, 226.2, 226.6, 1174, 2810.5, Wage Order 7, §§ 7(A)(4), 20)

96.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

97.     California Labor Code section 226(a) states that every employer shall, semi-monthly or at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing substantial detailed information, including but not limited to, each hour worked. Wage Order 7, section 7(A)(4) contains similar requirements.

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

19

98.   California Labor Code section 226.2(a)(2)(A) provides that an employer of employees paid on a piece-rate basis must furnish statements including the total hours of compensable rest and recovery periods, the rate of compensation for those periods, and the gross wages paid for those periods during the pay period.

99.   Labor Code section 1174(d) requires the employer to keep payroll records showing hours worked and wages paid.

100.   Labor Code section 2810.5 requires an employer provide employees with timely, accurate written notice of any changes to any pay plan used to determine his compensation.

101.   Labor Code section 2800 requires an employer in all cases to indemnify its employee for losses caused by the employer's want of ordinary care.

102.   Plaintiffs are paid solely on a piece-rate basis, with compensation contingent on the number of times they complete the task of placing a cell phone with a qualified applicant, regardless of the time taken to complete each task.

103.   During the statutory period, Defendants consistently failed to provide employees with accurate itemized statements and keep adequate payroll records because they failed to report the total number of hours worked and failed to include each regular and overtime rate wages were earned at, and failed to provide necessary information regarding pieces produced, breaks taken, and the rate at which breaks were paid under the piece-rate system.

104.   As a result of Defendant's knowing and intentional failure to comply with the provisions of Labor Code sections 226(a)(3), 226.2, and 1174(d), Plaintiffs have been deprived of wage information and wages entitled to them by law. This establishes injury under 226(e)(2).

105.   Plaintiffs are entitled to and seek the remedy provided in Labor Code section 226(e):

> [T]he greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

106.   Plaintiffs seek injunctive relief against the Defendants to ensure future compliance and attorney's fees under 226(h).

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

20

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1    107.   Defendant Brener knowingly and intentionally participated in or aided in the

2    violation of Labor Code section 226. Plaintiffs therefore seek enforcement of the penalties

3    provided in Labor Code sections 226 and 226.6 against Defendant Brener individually.

4    108.   Wage Order 7, section 20(A) provides for civil penalties for violations of the

5    Wage Order. As a result of all Defendants' violation of Wage Order 7, section 7, Plaintiffs are

6    entitled to and hereby seek civil penalties in the amount of $50 per employee for the first

7    violation and $100 per employee for each subsequent pay period in which there was a violation.

8    Wherefore, Plaintiffs pray for judgment as set forth below.

9                        IX.   **FIFTH CAUSE OF ACTION**
                    **(FAILURE TO INDEMNIFY FOR NECESSARY EXPENDITURES)**
10                               **(Labor Code § 2802)**

11    109.   Plaintiffs reallege and incorporate by reference each and every allegation set forth

12    in the preceding paragraphs as though fully set forth at length herein.

13    110.   California Labor Code section 2802 mandates that employers indemnify

14    employees for all necessary expenditures incurred by the employee in direct consequence of the

15    discharge of his or her duties.

16    111.   Plaintiffs have incurred various necessary expenditures as a direct consequence of

17    their work, including without limitation, fuel expenses, public transportation costs, bridge tolls,

18    and other expenses.

19    112.   Despite knowing these expenses were incurred, Defendants failed to reimburse or

20    indemnify Plaintiffs for these expenditures and losses.

21    113.   As a result of Defendants' failure to indemnify Plaintiffs for necessary

22    expenditures, Defendants have violated Labor Code section 2802. Plaintiffs are therefore entitled

23    to damages equal to the amount of expenditures or losses that have not been reimbursed by

24    Defendants, interest on those damages from the original date of each expenditure or loss, and

25    reasonable attorneys' fees and costs incurred in recovery of these amounts.

26    114.   Plaintiffs seek injunctive relief against the Defendants to ensure future compliance

27    with Labor Code section 2802.

28    Wherefore, Plaintiffs pray for judgment as set forth below.

/EINBERG, ROGER &
ROSENFELD
A Professional Corporation
.1 Marine Village Parkway, Suite 300
Alameda, California 94501
(510) 337-1001

21

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

## X.   SIXTH CAUSE OF ACTION

### (UNLAWFUL DEDUCTIONS)
### (Labor Code §§ 221; Wage Order 7 §§ 8, 20)

115.   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

116.   Labor Code section 221 makes it unlawful for an employer to collect or receive from an employee any part of wages paid to an employee up to that point. Wage Order 7, section 8, prohibits an employer from making deductions to an employee's pay for a cash shortage, breakage, or loss of equipment unless such loss was caused by the employee's dishonest act, willful act, or gross negligence.

117.   Plaintiffs have suffered incidents in which cell phones and other equipment have been stolen, lost, or damaged. These incidents have occurred absent dishonesty, willfulness, or gross negligence by Plaintiffs.

118.   Defendants have unlawfully deducted from Plaintiffs' pay the approximate value of company losses caused as a result of incidents resulting in loss to Defendants, but which were not caused by the dishonesty, willfulness, or gross negligence of Plaintiffs.

119.   As a result of Defendants' unlawful deductions, Plaintiffs have lost wages earned which are due to them.

120.   Labor Code section 218 provides for a private right of action to recover wages and penalties under the Labor Code. Plaintiffs seek to recover wages unlawfully deducted.

121.   Plaintiffs seek injunctive relief against the Defendants to ensure future compliance with Labor Code section 221 and Wage Order 7, section 8.

122.   Labor Code section 218.5 provides for attorneys' fees and costs for a prevailing plaintiff who seeks to recover wages. The class seeks to recover attorneys' fees and costs in this action brought for the nonpayment of wages based on the unlawful deductions made by Defendants.

123.   Labor Code section 218.6 provides for interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due.

'EINBERG, ROGER &
ROSENFELD
A Professional Corporation
11 Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

22

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

124.   Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violation of Wage Order 7, section 8, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## XI.   SEVENTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ALL WAGES DUE AT SEPARATION)
### (Labor Code §§ 201, 202, 203, 218, 218.5, 218.6)

125.   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

126.   Labor Code section 201 provides that an employer who terminates an employee must immediately pay that employee all wages owing on separation.

127.   Similarly, Labor Code section 202 provides that an employee who quits is entitled to all wages owing within seventy-two (72) hours of quitting, unless that employee provides at least seventy-two hours' notice to the employer, in which case the employer immediately must pay all wages owing at the time of separation.

128.   Labor Code section 203 provides that if an employer willfully fails to pay wages when due to an employee who is discharged or quits, the employee's wages continue at the same rate until the employer pays or until suit is filed, but not for more than thirty (30) days.

129.   All Plaintiffs employed by Defendants who were terminated or quit at any time in the four years preceding the filing of this Complaint have been deprived of wages immediately owed upon separation as a result of Defendants' policy and practice of failing to provide wages for all hours worked, premiums for meal and rest periods not provided, and wages unlawfully deducted.

130.   Defendant's failure to pay all wages at termination was in violation of Labor Code sections 201 and 202. As a result, Plaintiffs who separated from employment with Defendants have been damaged in that they have been deprived of compensation owed to them.

/ / /

FEINBERG, ROGER &
ROSENFELD
A Professional Corporation
91 Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

23

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

131. In addition to the wages due for prior work, each former employee Plaintiff is entitled to one day's wages for every day Defendants failed to pay wages owed on termination, up to thirty (30) days' pay, plus interest on the unpaid amounts, in amounts to be proven at trial.

132. Labor Code section 218 provides for a private right of action to recover wages and penalties under the Labor Code. Plaintiffs seek to recover section 203 penalties directly under section 218.

133. Labor Code section 218.5 provides for attorneys' fees and costs for a prevailing plaintiff who seeks to recover wages. The class seeks to recover attorneys' fees and costs in this action brought for the nonpayment of wages.

134. Labor Code section 218.6 provides for interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due.

Wherefore, Plaintiffs pray for judgment as set forth below.

## XII.  EIGHTH CAUSE OF ACTION

### (UNLAWFUL BUSINESS PRACTICES)
### (Business & Prof. Code §§ 17200 et seq.)

135. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

136. California Business and Professions Code sections 17200 *et seq.* prohibit unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practice.

137. Beginning on at least four years ago prior to the filing of this Complaint, Defendants committed unlawful acts as defined by California Business & Professions Code section 17200. Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

  a. Wage Order 7; Labor Code section 1194 (requirement to pay minimum wage for each hour worked);

  b. Wage Order 7; Labor Code section 510 (requirement to pay overtime);

  c. Wage Order 7; Labor Code section 512 (requirement to provide meal periods);

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

EINBERG, ROGER & ROSENFELD

d. Wage Order 7; Labor Code section 226.7 (failure to authorize or permit paid rest periods);

e. Labor Code section 226.2 (failure to provide rest break pay at the regular rate);

f. Labor Code section 2802 (requirement to indemnify employees for necessary losses or expenditures);

g. Wage Order 7; Labor Code section 221 (prohibition against unlawful deductions);

h. Labor Code section 2810.5 (requirement to provide written notice of pay information).

138. The violation of these laws serve as unlawful predicate acts for purposes of Business & Professions Code section 17200 and remedies are provided therein under Business & Professions Code section 17203. Plaintiffs have suffered direct economic injury in that they have not been paid all wages and compensation due in a timely manner.

139. The acts and practices described in this Complaint constitute unlawful, unfair and fraudulent business practices, and unfair competition within the meaning of Business and Professions Code sections 17200 *et seq.*

140. Business & Professions Code section 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and to which those person have an ownership interest. Plaintiffs are entitled to restitution pursuant to Business & Professions Codes sections 17203 and 17208 for all wages unlawfully withheld from them during the four years prior to the filing of this Complaint.

141. Plaintiffs' success in this action will enforce important rights affecting the public interest, and in that regard, Plaintiff sues on behalf of himself and other current and former employees similarly situated. Plaintiffs seek and are entitled to unpaid compensation for unpaid wages due, unpaid rest periods, unpaid waiting time penalties, injunctive relief, declaratory relief, and any other remedy owing to Plaintiffs.

142. Injunctive and declaratory relief is necessary and appropriate to prevent the Defendants from repeating their wrongful business practices alleged above.

'EINBERG, ROGER &
ROSENFELD
A Professional Corporation
Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

25

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

1    143.   To prevent Defendants from profiting and benefiting from their wrongful and

2   illegal acts, it is appropriate and necessary to enter an order requiring Defendants to restore

3   Plaintiffs all monies that are owed.

4    144.   An actual controversy has arisen and now exists relating to the rights and duties of

5   the Defendants and Plaintiffs as to whether Defendants must compensate for unpaid wages and

6   meal and rest periods.

7    145.   Plaintiffs request a declaration by this Court that Plaintiffs are entitled to be

8   compensated for unpaid wages, meal and rest periods, unlawful deductions, and necessary

9   expenditures pursuant to California Law.

10    146.   Plaintiffs herein take upon themselves enforcement of these laws and lawful

11   claims. There is a financial burden incurred in pursuing this action and it would be against the

12   interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery

13   in this action. Therefore, attorneys' fees are appropriate pursuant to California Code of Civil

14   Procedure section 1021.5.

15    Wherefore, Plaintiffs pray judgment as set forth below.

16   ## XIII.   PRAYER FOR RELIEF

17   Plaintiffs pray for judgment as follows:

18   1.    For preliminary, permanent, and mandatory injunctive relief prohibiting

19   Defendants from committing in the future those violations of law herein alleged;

20   2.    For an order determining this matter to be a class action and that Plaintiff is named

21   class representative and Plaintiff's attorneys are named class counsel;

22   3.    For an award of damages in an amount according to proof under the Labor Code;

23   4.    For an award of restitution and wages according to proof under the Labor Code,

24   Business & Professions Code sections et seq., and any other applicable provision;

25   5.    For an equitable accounting to identify, locate, and restore to all current and

26   former employees the wages they are due;

27   6.    For penalties under the Labor Code, IWC Wage Order 7, and all other statutory

28   and/or civil penalties provided by law;

FEINBERG, ROGER &
ROSENFELD
A Professional Corporation

26

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

7.     For interest under Labor Code sections 218.6, 1194, 1197.1, and any other applicable provisions;

8.     For liquidated damages under Labor Code section 1194.2;

9.     For an award of reasonable attorneys' fees, costs, and interest thereon pursuant to Labor Code sections 218.5, 226, 1194, and 2802; Code of Civil Procedure section 1021.5; and any other applicable provision;

10.     For such other and further relief as this Court deems just and proper.

Dated: April 11, 2017

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:      /David A. Rosenfeld
         Caren P. Sencer
         David W.M. Fujimoto
         Attorneys for Plaintiffs

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

DOCSNT\ZMC1493\142552\898864.v2-4/11/17

# Exhibit C

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:** SPRINT CORPORATION; SPRINT/UNITED
**(AVISO AL DEMANDADO):** MANAGEMENT CORPORATION; LEGION;
LATITUDE GROUP; CREDICO (USA), LLC;
ALON BRENER, *AN INDIVIDUAL*

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
TASHIAN R. SCOTT, on his own behalf and on behalf of all those similarly
situated

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

ENDORSED
FILED
ALAMEDA COUNTY

APR 1 2 2017

By SUE PESKO

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Alameda County Superior Court<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):* RG17856280 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Weinberg, Roger & Rosenfeld (510) 337-1001
1001 Marina Village Pkwy, Ste 200, Alameda, CA 94501

| DATE:<br>*(Fecha)* APR 1 2 2017 | **Chad Finke** Clerk, by<br>*(Secretario)* SUE PESKO | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  DAVID A. ROSENFELD, Bar No. 058163
   CAREN P. SENCER, Bar No. 233488
2  DAVID W.M. FUJIMOTO, Bar No. 299316
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501
   Telephone (510) 337-1001
5  Fax (510) 337-1023
   E-Mail: drosenfeld@unioncounsel.net
6          csencer@unioncounsel.net
           dfujimoto@unioncounsel.net
7          courtnotices@unioncounsel.net

8  Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

APR 11 2017

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| TASHIAN R. SCOTT, on his own behalf and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SPRINT CORPORATION; SPRINT/UNITED MANAGEMENT CORPORATION; LEGION; LATITUDE GROUP; CREDICO (USA), LLC; ALON BRENER, an individual, <br><br> Defendants. | Class Action <br><br> Case No. RG 17856280 <br><br> **COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND UNLAWFUL BUSINESS PRACTICES** |

## I.    INTRODUCTION

This is an action by Plaintiff Tashian R. Scott, brought under the California Labor Code and California Business and Professions Code section 17200 on behalf of himself and those similarly situated. Plaintiffs are or were employed by Defendants for the sole task of registering applicants for Sprint Corporation's Lifeline program, which provides free mobile phones and free limited wireless telephone services to qualifying low-income individuals. This action is to recover wages and impose penalties based on Defendants' failure to pay the minimum wage and overtime, failure to properly maintain and provide accurate itemized wage statements, failure to provide required notifications regarding employees' pay, failure to provide meal periods and paid rest periods, failure to maintain proper piece-rate records, failure to properly reimburse for travel

1

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT [CLASS ACTION] – SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

DOCSNT\ZMC1493\142552\898864.v2-4/11/17

BY FAX

expenses, making unlawful deductions from wages, and failure to pay all wages due upon termination of employment. Defendants' violations of law provide Defendants with an unfair business advantage, violate the applicable wage order and the Labor Code, and is contrary to California law.

## II. PARTIES

1. Plaintiff Tashian R. Scott ("Scott" or "Plaintiff") was at all relevant times herein employed by Defendants Latitude Group, Inc., Legion, Inc., Sprint/United Management Corporation, and Sprint Corporation, ostensibly as a sales representative. He brings this action on his own behalf and on behalf of others similarly situated (collectively, "Plaintiffs").

2. Defendant Sprint Corporation ("Sprint") is a business entity doing business in California, and is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, Defendant Sprint is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover, Defendant Sprint is a client employer as defined in section 2810.3 of the Labor Code.

3. Defendant Sprint/United Management Corporation ("Sprint/UMC") is a business entity doing business in California, and is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. Defendant Sprint/UMC is a wholly owned subsidiary of Defendant Sprint. In addition, Defendant Sprint/UMC is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover, Defendant Sprint/UMC is a client employer as defined in section 2810.3 of the Labor Code.

4. Defendants Legion and Latitude Group ("Legion/Latitude Group") are both operated out of 7901 Stoneridge Dr., Ste. 555, Pleasanton, California, 94588. Each is a business entity doing business in California, and each is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, they are each an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

Defendants Legion/Latitude Group each is a "labor contractor" as defined in section 2810.3 of the Labor Code, and each provided labor to Defendants Sprint and Sprint/UMC, and/or to Defendant Credico (USA) LLC.

5.    Credico (USA) LLC ("Credico") is a business entity doing business in California, and is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, Defendant Credico is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions. Moreover, on information and belief, Defendant Credico is a labor contractor as defined in section 2810.3 of the Labor Code in that Defendant Credico contractually agreed to provide to Defendants Sprint and Sprint/UMC the labor necessary to carry out the Sprint Lifeline program. Defendant Credico is also a client employer as defined in section 2810.3 of the Labor Code in that Defendant Credico contracted with Defendants Legion/Latitude Group and/or with Defendant Alon Brener for those Defendants to provide the labor necessary for Defendant Credico to fulfill its contractual obligations to provide labor to Defendants Sprint and/or Sprint/UMC.

6.    Alon Brener ("Brener") is an individual and is the president of both Defendants Legion/Latitude Group. He is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. On information and belief, Defendants Legion/Latitude Group are, and at all times herein mentioned were, the alter egos of Defendant Brener. There exists, and at all times herein mentioned has existed, a unity of interest and ownership between these defendants such that any separateness between them has ceased to exist. Defendant Brener completely controlled, dominated, managed, and operated Defendants Legion/Latitude Group. Defendant Brener comingled the assets of each business operation to suit his convenience by placing the fixed assets of Defendant Latitude Group in the name of Defendant Legion in order to evade payment of the obligations owed to creditors of Defendant Latitude Group. Brener is also a "labor contractor" as defined in section 2810.3 of the Labor Code, as he provided labor to Defendants Sprint and Sprint/UMC, and/or to Defendant Credico (USA) LLC.

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

7.     A client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for the payment of wages. Cal. Lab. Code § 2810.3(b). Therefore, Defendants Sprint, Sprint/UMC, and Credico are jointly liable for the violations committed by Defendants Legion/Latitude and Brener ("Legion/Latitude Group/Brener"). Furthermore, Defendants Sprint and Sprint/UMC are jointly and severally liable for Credico's liability for Credico providing, through Defendants Legion/Latitude Group/Brener, workers to carry out the Sprint Lifeline program.

8.     Venue is proper based on the location of Defendants Legion/Latitude Group/Brener's office in Pleasanton, California being within the jurisdiction of this Court. Additionally, Defendants Sprint, Sprint/UMC, and Credico do business in Alameda County. The relief requested is within the jurisdiction of this Court.

### III.    FACTUAL ALLEGATIONS

9.     The Federal Communications Commission ("FCC") provides for subsidies to numerous telephone companies that have been designated as an eligible telecommunications carrier ("ETC") to operate the Lifeline program. The Lifeline program provides free mobile phones and free limited wireless telephone services to qualified low-income individuals. ETCs like Defendant Sprint secure profits from low-income individuals when individuals exceed their monthly pool of minutes allotted by the program and independently purchase additional minutes or plans from the particular ETC that provides the individual services.

10.     Assurance Wireless ("Assurance") is a brand of Defendant Sprint, which operates Sprint's Lifeline program. On information and belief, Assurance contracts with Credico to provide marketing for the Sprint Lifeline program. Credico, in turn, subcontracts with Legion to carry out marketing activities, including registering applicants for the Lifeline program. Plaintiffs ostensibly worked for Defendant Legion to carry out Assurance's Lifeline program, but receive paychecks from Defendant Latitude Group. Defendants Legion/Latitude Group/Brener consider Assurance Wireless to be their "client" for whom they carry out marketing activities, including seeking applicants for Assurance's Lifeline program. Defendants Legion/Latitude Group/Brener were only permitted by Defendant Credico and/or Defendants Sprint/UMC to seek applicants in

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

the counties of Alameda, Solano, and Contra Costa. If Plaintiffs enrolled applicants in, for example, San Francisco, any money earned would be directed by Defendant Sprint/UMC and/or Defendant Credico to Legion/Latitude Group/Brener's equivalent company responsible for the San Francisco region.

11. Plaintiffs are required to report to the Legion/Latitude Group/Brener office in Pleasanton at approximately 7:00 a.m. for mandatory, daily trainings. The trainings would last for between 2-3 hours and include a variety of topics including but not limited to: how to make sales, how to properly maintain equipment, and how to get to the "next level" within the company. These trainings were conducted by Plaintiffs' superiors, as well as owners of companies responsible for signing up Lifeline applicants in other counties.

12. After the trainings, Defendants Legion/Latitude Group/Brener direct Plaintiffs to one of a number of locations including: HUD-subsidized housing developments, Greyhound Bus stations, specific shopping malls, county general assistance offices, BART stations, Dollar Stores, and other locations where it is expected Plaintiffs will register eligible applicants for the Lifeline program. These locations are evaluated by Defendant Sprint/UMC to, among other things, make sure Assurance Wireless is not presented in a negative way to the public.

13. Plaintiffs arrive at a particular location by driving their own vehicle, taking public transportation, or getting a ride with another employee. Plaintiffs who take public transportation or drive their own vehicles are not reimbursed for mileage, gas, public transportation costs, bridge tolls, or other related costs.

14. Once Plaintiffs arrive at the designated location they set up the Assurance Wireless kiosks, or pop-up canopies, for the day. Each kiosk includes a stand with an "Assurance Wireless" flag attached to it. Plaintiffs all wear nametags that include the name "assurance wireless" on it. Plaintiffs carry with them the mobile phones that are ultimately provided to applicants deemed eligible for the program.

15. Once at the kiosk, Plaintiffs attempt to register persons eligible for Assurance's Lifeline program by communicating with prospective applicants at the location.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

16. Plaintiffs are not provided a location at a given kiosk to store the equipment if they wish to take a break. Therefore, when Plaintiffs need to eat, they must do so while still maintaining responsibility for securing the phones, stand, and other supplies at the kiosk. While eating, if a prospective applicant approaches the kiosk, Plaintiffs must answer questions and engage with the individual. Similarly, if while Plaintiffs try to take a rest period a prospective customer approaches the kiosk, he or she must attend to the individual.

17. Defendant Sprint/UMC representatives occasionally travel to sites where Plaintiffs are working to observe and make sure Plaintiffs are interacting with prospective applicants in an acceptable manner according to Sprint/UMC guidelines. On information and belief, Defendant Sprint/UMC representatives have surreptitiously feigned being prospective applicants and asked Plaintiffs to engage in prohibited conduct. If an employee violates Defendant Sprint/UMC's guidelines, they can be fired. Indeed, Legion/Latitude Group/Brener employees have been terminated for violating Defendant Sprint/UMC's guidelines.

18. When equipment is damaged or stolen, Defendants Legion/Latitude Group/Brener deduct the value of the loss from Plaintiffs' paycheck, without making any finding of gross negligence.

19. Plaintiffs are required to return to the Pleasanton office at the end of the day to return the phones, flags, and other supplies. They must record which phones have been placed and notate in the system which phones are being returned. They must also meet with a superior for a breakdown of the day. Plaintiffs do not leave the office in the evening until approximately 6:30 p.m.

20. The wages, hours and working conditions of individuals employed in the mercantile industry who are paid on a piece-rate basis are regulated by Industrial Wage Commission Wage Order 7, Cal. Code Regs. tit. 8, section 11070.

21. Plaintiffs are also covered by Labor Code sections 1194, 1194.2, and 1197. Together, these sections require that an employer pay employees at least the minimum wage for each hour worked as prescribed by law. Plaintiffs have not been paid for each hour worked. Instead, Plaintiffs have been paid based on a piece-rate system. This system is based upon the

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

1  number of times an employee completes the task of placing a cell phone with a qualified

2  applicant. Each time this task is completed, Plaintiffs are paid at a rate of $8, regardless of the

3  amount of time necessary to complete each task. The $8 rate is not based on a percentage of the

4  price of a sale or service because qualified applicants pay nothing for the cell phones or mobile

5  services they receive.

6      22.    Plaintiffs are covered by Labor Code section 510, which requires that employers

7  pay employees overtime for hours worked in excess of eight per day or forty per week.

8  Defendants did not pay any overtime. They simply paid Plaintiffs for the pieces completed.

9  Plaintiffs routinely worked in excess of eight hours per day and forty regular hours per week, but

10  have not been paid an overtime rate for those hours worked.

11      23.    Plaintiffs are covered by Labor Code sections 512 and 226.7, as well as Wage

12  Order 7, sections 11 and 12, which require that employers provide meal periods and paid rest

13  periods. Plaintiffs are entitled to an uninterrupted, thirty (30) minute meal period for a work

14  period of more than five (5) hours and two (2) uninterrupted 10 minute paid rest periods during

15  each eight (8) hour shift. Labor Code section 512 requires employers provide a second meal

16  period of not less than thirty (30) minutes for any employee who works more than ten (10) hours

17  in a day. Labor Code section 226.7 provides for wages of one additional hour of pay at the

18  employee's regular rate to compensate for each day a rest or meal period was not permitted.

19  Despite regularly working shifts that lasted approximately eleven and a half (11½) hours,

20  Plaintiffs were not relieved of all duties and provided two uninterrupted thirty (30) minute meal

21  periods or two (2) uninterrupted 10 minute paid rest periods. Plaintiffs have not been

22  compensated for the Defendants' failure to permit uninterrupted meal periods or paid rest periods

23  in the past four years.

24      24.    Plaintiffs were not provided with a billing code or other mechanism to record rest

25  breaks, causing Plaintiffs to be unpaid for any rest break taken. Defendant therefore

26  systematically discouraged Plaintiffs from taking rest breaks.

27      25.    Rest breaks were unaccounted for on wage statements. The appellate court has

28  held that rest breaks must be a separate line item on a wage statement for piece-rate workers.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
51 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

*Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864. This requirement was codified in Labor Code section 226.2, effective January 1, 2016. Failure to account for rest breaks or provide a mechanism for recording or receiving pay for rest breaks is a failure to provide a rest break as contemplated by Labor Code section 226.7.

26.     Defendants' policy and practice made it impossible for Plaintiffs to take a meal period and/or to be relieved of all duties while taking a meal period.

27.     Under Labor Code section 226, each employee must receive an accurate itemized wage statement. Defendants issued inadequate wage statements that fail to specify the number of hours worked, the number of piece rate units earned, and the applicable rate of the piece rate basis. Failure to provide adequate and accurate wage statements deprives Plaintiffs of their right to confirm that they are receiving the appropriate compensation. Failure to provide employees with this itemized statement allows the employee to collect damages, seek injunctive relief, and recover penalties.

28.     Under Labor Code section 2802, employees must be indemnified "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ." Plaintiffs are required to drive across as many as three counties, yet Defendants only paid Plaintiffs at most $10.00 per day for driving their own vehicle regardless of the number of miles driven or parking costs incurred.

29.     Labor Code section 221 makes it unlawful for an employer to deduct from an employee's wages for losses of goods unless the employer can prove the loss was the result of a "dishonest or willful act, or the gross negligence of the employee." Wage Order 7, § 8. Despite this limitation, Defendants have deducted from Plaintiffs' paychecks for the loss of goods, even though there was no dishonesty, willfulness, or gross negligence on the part of Plaintiffs.

30.     When hired, employers are required to provide employees with written notice that includes the rate of pay. Lab. Code § 2810.5. Plaintiffs were not provided with written notice notifying them of their rate of pay.

31.     Employers must pay all wages due to an employee at the time of discharge or by the last day of work if the employee gave 72 hours' notice of intent to quit. Lab. Code §§ 201,

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

202. If an employee quits without providing 72 hours' notice, all wage are due within 72 hours of the employee quitting. Lab. Code § 202. On information and belief, many Plaintiffs either quit their employment while providing 72 hours' notice or were discharged by Defendants Legion/Latitude Group/Brener, but were not provided all wages due. On information and belief, there are Plaintiffs who quit without giving 72 hours' notice but were not provided all wages due within 72 hours of quitting.

32.     Plaintiffs are not exempt from California's minimum wage and overtime protections. Plaintiffs do not determine their own hours of work or the location of the site where they will attempt to register applicants. Defendants Legion/Latitude Group/Brener require Plaintiffs to arrive at the main office at 7:00 a.m. to attend mandatory daily trainings. Once Defendants Legion/Latitude Group/Brener are done with the daily training, they then direct Plaintiffs to report to a pre-determined location or a location approved by Defendants Legion/Latitude Group/Brener. Defendants Legion/Latitude Group/Brener require that Plaintiffs report back to the main office by a certain time in the evening to return telephones and equipment and to report the number of successful applicants. Therefore, as compared to outside salespersons, the hours worked and the location of the site itself, are directed by Defendants Legion/Latitude Group/Brener.

33.     Defendants control the assigned sites by sending representatives to monitor Plaintiffs by watching them and/or by sending representatives to surreptitiously pretend to be prospective applicants who request that Plaintiffs engage in prohibited conduct. Employees who engage in prohibited conduct are disciplined up to, and including, termination.

34.     Plaintiffs are not engaged in selling tangible items, intangible items, or contracts for services. The cell phones are free, as are the mobile services in which participants enroll. Plaintiffs are thus not selling intangible items. Because eligible applicants do not pay for the free mobile services, the agreements entered into between participants and Defendants Sprint and Sprint/UMC lack the consideration necessary to form a contract for services. Plaintiffs therefore are not obtaining contracts for products or services.

/ / /

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

9
COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

35. California Business and Professions Code section 17204 allows a person who has suffered injury in fact and has lost money to bring a representative suit seeking restitution, fees, and costs.

36. Plaintiffs are informed and believe and thereupon allege that as a proximate and direct result of Defendants' actions, Plaintiffs have suffered damages and are entitled to penalties in an amount to be specified at trial.

37. Plaintiffs are informed and believe and thereupon allege that as a proximate and direct result of Defendants' actions, Defendants unlawfully acquired money or property from Plaintiffs and others similarly situated in an amount to be specified at trial.

38. Defendants Legion/Latitude Group/Brener's knowingly and intentionally false reported to ADP, the payroll provider, the hours worked by Plaintiffs each pay cycle. Each time Defendants Legion/Latitude Group/Brener is prompted to provide information regarding the number of hours each Plaintiff works they instead provide ADP with the number of phones placed with a qualified applicant.

## IV. CLASS ALLEGATIONS

39. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

40. Plaintiff brings this action on behalf of himself and all other current and former employees similarly situated as a class action under Code of Civil Procedure section 382. Plaintiff seeks to represent the following classes:

> All current and former employees of Defendants who have not been paid for all hours worked at any time in the four years preceding the filing of this Complaint.

> All current and former employees of Defendants who have been denied uninterrupted meal periods at any time in the four years preceding the filing of this Complaint.

> All current and former employees of Defendants who have been denied uninterrupted paid rest periods at any time in the four years preceding the filing of this Complaint.

10

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

All current and former employees of Defendants who have had their pay deducted for the loss or damage of Defendants' property at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been indemnified for necessary work-related expenditures at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been provided accurate, itemized wage statements at any time in the four years preceding the filing of this Complaint.

All current and former employees of Defendants who have not been provided written statements reflecting their applicable pay plans at any time in the four years preceding the filing of this Complaint.

All former employees of Defendants who were not paid all wages due upon separation at any time in the four years preceding the filing of this Complaint.

41.     Plaintiffs reserve the right under Rule 1855(b), California Rules of Court to amended or modify the class description with greater specificity or further division into sub-classes or limitation to particular issues.

42.     This action may be properly maintained as a class action under Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

## A.     NUMEROSITY

43.     The members of the proposed class are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been ascertained at this time, Plaintiffs are informed and believe there are at least 60 current and former employees similarly situated to Plaintiff Scott.

44.     Defendants' employment records will provide information as to the number and location of all class members. Those records will furthermore disclose the information provided in the itemized wage statements or Plaintiffs will have their own reasonable estimates of such monies.

## B.     COMMONALITY

45.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

include, without limitation:

    a.  Whether Plaintiffs are covered by the provisions of IWC Wage Order 7;

    b.  Whether Defendants violated IWC Wage Order 7 and Labor Code section 1194 by failing to pay Plaintiffs at least the minimum wage for each hour worked;

    c.  Whether Defendants violated IWC Wage Order 7 and Labor Code section 510 by failing to pay Plaintiffs overtime for every hour worked over eight in a day or forty in a week;

    d.  Whether Defendants violated IWC Wage Order 7 and Labor Code section 512 by failing to provide Plaintiffs the opportunity to take uninterrupted meal periods for every five hours worked without providing employees with compensatory remuneration;

    e.  Whether Defendants violated IWC Wage Order 7 and Labor Code section 512 by failing to provide Plaintiffs the opportunity to take a second uninterrupted meal period for every ten hours worked without providing employees with compensatory remuneration;

    f.  Whether Defendants violated IWC Wage Order 7, and Labor Code sections 226.2 and 226.7 by failing to permit paid rest periods without providing employees with compensatory remuneration;

    g.  Whether Defendants violated Labor Code section 2802 by failing to reimburse Plaintiffs for transportation or other necessary expenses;

    h.  Whether Defendants violated IWC Wage Order 7 and Labor Code section 221 by making unlawful deductions when property was damaged or lost without a dishonest or willful act or by the gross negligence of the employee;

    i.  Whether the wage statements provided by Defendants meet the requirements of Labor Code sections 226 and 226.2; and

    j.  Whether Defendants owe waiting time penalties under Labor Code section 203.

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

**C.   TYPICALITY**

46.   The claims of the Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the proposed class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations as alleged herein.

**D.   ADEQUACY OF REPRESENTATION**

47.   Plaintiff is an adequate representative of the proposed class in that Plaintiff has the same interests in the litigation of this case as the proposed class members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who is highly experienced in class action and wage and hour litigation of this nature. Plaintiff is not subject to any individual defenses different from those conceivably applicable to the class as a whole.

**E.   SUPERIORITY OF CLASS ACTION**

48.   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices for the defined period.

49.   Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

50.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all proposed class members is impractical. Even if every proposed class member could afford individual litigation, the court system could not. It would be unduly burdensome to this Court in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex

VEINBERG, ROGER &
ROSENFELD
A Professional Corporation
811 Marina Village Parkway, Suite 290
Alameda, California 94501
(510) 337-1001

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each proposed class member. Plaintiff anticipates no management difficulties in this litigation.

51.     Defendants have also acted, or have refused to act, in respects generally applicable to the proposed class, thereby making appropriate relief with regard to the members of the proposed class as a whole, as requested herein.

Wherefore, Plaintiffs pray judgment as set forth below.

## V.     FIRST CAUSE OF ACTION

**(FAILURE TO PAY FOR EACH HOUR WORKED AT THE APPROPRIATE RATE)**
**(Labor Code §§ 218, 218.5, 218.6, 510, 558, 1182.12, 1194, 1194.2, 1197, 1197.1,**
**Wage Order 7, § 3, 4, 20)**

52.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

53.     California law requires employees be compensated at no less than the appropriate minimum wage for each and every individual hour worked. Labor Code section 1182.12 provides that on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour.

54.     California law does not allow an employer to meet its minimum wage obligations by averaging weekly pay over the total hours worked in a given week. (*Armenta v. Osmose* (2005) 135 Cal.App.4th 314, 324 (concluding that "the [federal] model of averaging all hours worked 'in any work week' to compute an employer's minimum wage obligation under California law is inappropriate" and clarifying that "[t]he minimum wage standard affixes to each hour worked by respondents for which they were not paid")).

55.     Piece-rate systems which fail to compensate employees for each individual hour worked violate California law. *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36.

56.     Plaintiffs were not compensated for any hours worked. Under Defendants' piece-rate pay plan, Plaintiffs did not receive *any* wages at *any* rate for time spent performing work.

'EINBERG, ROGER &
ROSENFELD
A Professional Corporation
*)* Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

14

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

They were instead paid a piece rate of $8.00 for each cell phone placed with a qualified applicant. For example, Plaintiffs were paid as low as $112 per week for placing 14 cell phones with qualified applicants, notwithstanding approximately 57.5 hours of work.

57.   On many occasions, this failure to pay for hours worked would occur because of periods of time that piece-rate work was not available. Notwithstanding the inability of Plaintiffs to earn piece-rate wages, Plaintiffs were required to remain at the kiosk to wait for prospective applicants to arrive and speak with prospective applicants in an effort to enroll them. This "stand-by" time and the time spent trying to enroll prospective applicants was not compensated at any rate.

58.   Plaintiffs were not paid for the time spent attending the daily mandatory meetings.

59.   Labor Code section 1194 provides for a private right of action to recover wages for hours worked but not compensated.

60.   During the statutory period, Defendants failed to pay Plaintiffs and members of the class wages for all hours worked in violation of Labor Code section 1197 and Wage Order 7, sections 4 and 9. Plaintiffs' hours worked were not compensated at all.

61.   Plaintiffs routinely worked more than 8 hours in a day and/or 40 regular hours in a week without receiving any compensation for that time and without overtime compensation at the rate of one and one-half (1½) times their regular weekly rate in violation of Labor Code sections 510 and 1194, and Wage Order 7, sections 3 and 4.

62.   Labor Code section 218 provides for a private right of action to recover wages under the Labor Code. Plaintiffs seek to recover unpaid wages directly under section 218.

63.   Plaintiffs seek to recover compensation for time worked but not paid and attorneys' fees and costs under Labor Code section 1194.

64.   Plaintiffs seek liquidated damages under Labor Code section 1194.2.

65.   Labor Code section 218.6 provides for interest on all due and unpaid wages in any action brought for the nonpayment of wages. Plaintiffs seek to recover interest on all wages due.

66.   Plaintiffs seek to recover the civil penalty contained in Labor Code section 558 for the failure to pay wages as required under Labor Code section 510.

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
El Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

15

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

67.     Plaintiffs seek to recover the civil penalty contained in Labor Code section 1197.1 for the failure to pay wages as required under Labor Code section 1197.

68.     Plaintiffs seek reasonable attorneys' fees and costs associated with bringing this action pursuant to Labor Code sections 218.5 and 1194.

69.     Plaintiffs seek to recover penalties under Wage Order 7, section 20 for violations of section 4. Each penalty amounts to $50 per employee for the first violation and $100 per employee for each subsequent pay period in which the employee is underpaid.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VI.    SECOND CAUSE OF ACTION

### (FAILURE TO AUTHORIZE AND PERMIT PAID REST BREAKS)
### (Wage Order 7, §§ 4, 12, 20, Labor Code §§ 218, 218.5, 218.6, 226.2, 226.7, 1194, 1194.2, 1197, 1197.1)

70.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

71.     Wage Order 7, section 12 requires employers to authorize and permit paid rest breaks at a rate of ten (10) minutes for every four (4) hours worked or greater fraction thereof.

72.     Labor Code section 226.7 and Wage Order 7, section 12 require the payment of compensation for the failure to provide paid rest breaks in accordance with the applicable Wage Order of one additional hour of pay for each work day that the paid rest break(s) is not provided.

73.     Employers are required to provide rest breaks during which employees are relieved of all duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257. Defendant had no policy which relieved Plaintiffs of all duties to take rest breaks.

74.     During the statutory period, Defendants consistently failed to pay employees for rest breaks. Defendants failed to provide a billing code for rest breaks, failed to institute a formal policy permitting paid employee breaks, and failed to provide any other mechanism for an employee to take a rest break during which they were relieved of all duties, and to be paid for that time.

75.     As a piece-rate employee, unless separately compensated, time spent enjoying a rest break is uncompensated and reduces the total potential compensation for the day by

16

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
#1 Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1  decreasing the amount of time available for productive work. Plaintiffs were paid solely based on

2  piece rate production. Any time spent to take a rest break negatively impacted their earning

3  potential because by not engaging in any duties while on a break, Plaintiffs could miss

4  opportunities to complete the task of placing a cell phone with a qualified applicant. Since this

5  was the only way Plaintiffs were actually paid anything, they could not afford to take rest breaks.

6        76.    By failing to establish a rest break policy and failing to establish any mechanism

7  for providing rest breaks, Defendants failed to authorize and permit rest breaks. Defendants were

8  required to separately compensate Plaintiffs for rest periods. *Bluford v. Safeway Stores, Inc.*

9  (2013) 216 Cal.App.4th 864. By providing no pay for rest breaks taken and not separately

10  itemizing rest break pay, Defendants discouraged and dissuaded employees from taking breaks.

11        77.    Such a policy and practice of denying compensation for legally mandated rest

12  breaks is in violation of the duty to pay for all hours worked in accordance with Wage Order 7,

13  section 12, as well as Labor Code sections 1194 and 1197.

14        78.    Defendants' failure to provide paid rest breaks in accordance with Wage Order 7

15  section 12 entitles Plaintiffs to the remedy provided in Labor Code section 226.7 and Wage Order

16  7, section 12.

17        79.    In addition, for any day rest breaks were taken but compensation was not provided,

18  each employee is entitled to compensation as set forth in Labor Code section 226.2.

19        80.    Labor Code section 218 provides wage claimants with a private right of action to

20  recover wages under the Labor Code. The payments owed to employees for paid rest breaks not

21  provided are premium wages under Labor Code section 226.7.

22        81.    Labor Code section 218.6 provides for an award of interest on all due and unpaid

23  wages. Plaintiffs seek to recover interest on all wages due.

24        82.    Plaintiffs are entitled to and hereby seek premium pay for paid rest breaks not

25  provided, wages for rest breaks taken, interest on the unpaid amounts, and an award of attorney

26  fees and costs all in amounts to be proven at trial.

27        83.    Plaintiffs seek to recover the civil penalty contained in Labor Code section 1197.1

28  for the failure to pay wages as required under Labor Code section 1197.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
41 Mission Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

17

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

84.     Plaintiffs seek to recover the unpaid balance of the full amount of the regular and premium wages due, including interest thereon, reasonable attorney's fees, and costs of suit for rest breaks taken but not paid under Labor Code sections 218, 218.5, 218.6, 1194 and liquidated damages under Labor Code section 1194.2.

85.     Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violations of Wage Order 7, sections 4 and 12, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VII.    THIRD CAUSE OF ACTION

### (FAILURE TO AUTHORIZE AND PERMIT MEAL PERIODS)
(Wage Order 7, §§ 11, 20, Labor Code §§ 218, 218.5, 218.6, 226.7, 512)

86.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

87.     Wage Order 7, section 11 requires employer to provide a meal period of not less than thirty (30) minutes before the end of the 5th hour of work. Additionally, employers are required to authorize and permit an additional meal period of not less than thirty (30) minutes after an employee works for more than ten (10) hours.

88.     Labor Code section 512 and Wage Order 7, section 11 require the payment of compensation for the failure to provide a meal break in accordance with the applicable Wage Order of one additional hour of pay for each work day that the meal period(s) is not provided.

89.     During the statutory period, Defendants consistently failed to provide employees a reasonable opportunity to take an off-duty, uninterrupted meal break. Defendants failed to institute any policy permitting off-duty, uninterrupted meal periods and failed to provide any mechanism for an employee to take such a meal period. Defendants also failed to maintain records showing when Plaintiffs took meal periods, if ever, in violation of Wage order 7, section 7(a)(3).

/ / /

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

90. By failing to establish a meal period policy and failing to establish any mechanism for providing uninterrupted meal periods, Defendants failed to provide Plaintiffs with meal periods.

91. Defendant' failure to provide Plaintiffs with uninterrupted meal periods during which they were relieved of all duties in accordance with Wage Order 7 section 11 entitles Plaintiffs to the remedy provided in Labor Code section 226.7 and Wage Order 7, section 11.

92. Labor Code section 218 provides wage claimants with a private right of action to recover wages under the Labor Code. The payments owed to employees for meal periods not provided are premium wages under Labor Code section 226.7.

93. Labor Code section 218.6 provides for an award of interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due under the Section on behalf of himself and others similarly situated.

94. Plaintiffs are entitled to and hereby seek premium pay for uninterrupted meal periods not provided and interest on the unpaid amounts, in amounts to be proven at trial.

95. Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violation of Wage Order 7, section 11, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VIII. FOURTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS)
### (Labor Code §§ 226, 226.2, 226.6, 1174, 2810.5, Wage Order 7, §§ 7(A)(4), 20)

96. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

97. California Labor Code section 226(a) states that every employer shall, semi-monthly or at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing substantial detailed information, including but not limited to, each hour worked. Wage Order 7, section 7(A)(4) contains similar requirements.

19

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

98. California Labor Code section 226.2(a)(2)(A) provides that an employer of employees paid on a piece-rate basis must furnish statements including the total hours of compensable rest and recovery periods, the rate of compensation for those periods, and the gross wages paid for those periods during the pay period.

99. Labor Code section 1174(d) requires the employer to keep payroll records showing hours worked and wages paid.

100. Labor Code section 2810.5 requires an employer provide employees with timely, accurate written notice of any changes to any pay plan used to determine his compensation.

101. Labor Code section 2800 requires an employer in all cases to indemnify its employee for losses caused by the employer's want of ordinary care.

102. Plaintiffs are paid solely on a piece-rate basis, with compensation contingent on the number of times they complete the task of placing a cell phone with a qualified applicant, regardless of the time taken to complete each task.

103. During the statutory period, Defendants consistently failed to provide employees with accurate itemized statements and keep adequate payroll records because they failed to report the total number of hours worked and failed to include each regular and overtime rate wages were earned at, and failed to provide necessary information regarding pieces produced, breaks taken, and the rate at which breaks were paid under the piece-rate system.

104. As a result of Defendant's knowing and intentional failure to comply with the provisions of Labor Code sections 226(a)(3), 226.2, and 1174(d), Plaintiffs have been deprived of wage information and wages entitled to them by law. This establishes injury under 226(e)(2).

105. Plaintiffs are entitled to and seek the remedy provided in Labor Code section 226(e):

> [T]he greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

106. Plaintiffs seek injunctive relief against the Defendants to ensure future compliance and attorney's fees under 226(h).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
14 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

107.   Defendant Brener knowingly and intentionally participated in or aided in the violation of Labor Code section 226. Plaintiffs therefore seek enforcement of the penalties provided in Labor Code sections 226 and 226.6 against Defendant Brener individually.

108.   Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of all Defendants' violation of Wage Order 7, section 7, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## IX.   FIFTH CAUSE OF ACTION
### (FAILURE TO INDEMNIFY FOR NECESSARY EXPENDITURES)
### (Labor Code § 2802)

109.   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

110.   California Labor Code section 2802 mandates that employers indemnify employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties.

111.   Plaintiffs have incurred various necessary expenditures as a direct consequence of their work, including without limitation, fuel expenses, public transportation costs, bridge tolls, and other expenses.

112.   Despite knowing these expenses were incurred, Defendants failed to reimburse or indemnify Plaintiffs for these expenditures and losses.

113.   As a result of Defendants' failure to indemnify Plaintiffs for necessary expenditures, Defendants have violated Labor Code section 2802. Plaintiffs are therefore entitled to damages equal to the amount of expenditures or losses that have not been reimbursed by Defendants, interest on those damages from the original date of each expenditure or loss, and reasonable attorneys' fees and costs incurred in recovery of these amounts.

114.   Plaintiffs seek injunctive relief against the Defendants to ensure future compliance with Labor Code section 2802.

Wherefore, Plaintiffs pray for judgment as set forth below.

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
21 kkurins Village Parkway, Suite 200
Alameda, California 94101
(510) 337-1001

# X.    SIXTH CAUSE OF ACTION

### (UNLAWFUL DEDUCTIONS)
### (Labor Code §§ 221; Wage Order 7 §§ 8, 20)

115.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

116.    Labor Code section 221 makes it unlawful for an employer to collect or receive from an employee any part of wages paid to an employee up to that point. Wage Order 7, section 8, prohibits an employer from making deductions to an employee's pay for a cash shortage, breakage, or loss of equipment unless such loss was caused by the employee's dishonest act, willful act, or gross negligence.

117.    Plaintiffs have suffered incidents in which cell phones and other equipment have been stolen, lost, or damaged. These incidents have occurred absent dishonesty, willfulness, or gross negligence by Plaintiffs.

118.    Defendants have unlawfully deducted from Plaintiffs' pay the approximate value of company losses caused as a result of incidents resulting in loss to Defendants, but which were not caused by the dishonesty, willfulness, or gross negligence of Plaintiffs.

119.    As a result of Defendants' unlawful deductions, Plaintiffs have lost wages earned which are due to them.

120.    Labor Code section 218 provides for a private right of action to recover wages and penalties under the Labor Code. Plaintiffs seek to recover wages unlawfully deducted.

121.    Plaintiffs seek injunctive relief against the Defendants to ensure future compliance with Labor Code section 221 and Wage Order 7, section 8.

122.    Labor Code section 218.5 provides for attorneys' fees and costs for a prevailing plaintiff who seeks to recover wages. The class seeks to recover attorneys' fees and costs in this action brought for the nonpayment of wages based on the unlawful deductions made by Defendants.

123.    Labor Code section 218.6 provides for interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
51 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

124. Wage Order 7, section 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendants' violation of Wage Order 7, section 8, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period in which there was a violation.

Wherefore, Plaintiffs pray for judgment as set forth below.

## XI.    SEVENTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ALL WAGES DUE AT SEPARATION)
### (Labor Code §§ 201, 202, 203, 218, 218.5, 218.6)

125. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

126. Labor Code section 201 provides that an employer who terminates an employee must immediately pay that employee all wages owing on separation.

127. Similarly, Labor Code section 202 provides that an employee who quits is entitled to all wages owing within seventy-two (72) hours of quitting, unless that employee provides at least seventy-two hours' notice to the employer, in which case the employer immediately must pay all wages owing at the time of separation.

128. Labor Code section 203 provides that if an employer willfully fails to pay wages when due to an employee who is discharged or quits, the employee's wages continue at the same rate until the employer pays or until suit is filed, but not for more than thirty (30) days.

129. All Plaintiffs employed by Defendants who were terminated or quit at any time in the four years preceding the filing of this Complaint have been deprived of wages immediately owed upon separation as a result of Defendants' policy and practice of failing to provide wages for all hours worked, premiums for meal and rest periods not provided, and wages unlawfully deducted.

130. Defendant's failure to pay all wages at termination was in violation of Labor Code sections 201 and 202. As a result, Plaintiffs who separated from employment with Defendants have been damaged in that they have been deprived of compensation owed to them.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
21 Mataus Village Parkway, Suite 200
Alameda, California 94101
(510) 337-1001

23

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

Case 3:17-cv-02846-EMC Document 1-6 Filed 05/18/17 Page 134 of 144

131.    In addition to the wages due for prior work, each former employee Plaintiff is entitled to one day's wages for every day Defendants failed to pay wages owed on termination, up to thirty (30) days' pay, plus interest on the unpaid amounts, in amounts to be proven at trial.

132.    Labor Code section 218 provides for a private right of action to recover wages and penalties under the Labor Code. Plaintiffs seek to recover section 203 penalties directly under section 218.

133.    Labor Code section 218.5 provides for attorneys' fees and costs for a prevailing plaintiff who seeks to recover wages. The class seeks to recover attorneys' fees and costs in this action brought for the nonpayment of wages.

134.    Labor Code section 218.6 provides for interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due.

Wherefore, Plaintiffs pray for judgment as set forth below.

## XII.    EIGHTH CAUSE OF ACTION

### (UNLAWFUL BUSINESS PRACTICES)
### (Business & Prof. Code §§ 17200 et seq.)

135.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

136.    California Business and Professions Code sections 17200 *et seq.* prohibit unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practice.

137.    Beginning on at least four years ago prior to the filing of this Complaint, Defendants committed unlawful acts as defined by California Business & Professions Code section 17200. Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

    a.    Wage Order 7; Labor Code section 1194 (requirement to pay minimum wage for each hour worked);

    b.    Wage Order 7; Labor Code section 510 (requirement to pay overtime);

    c.    Wage Order 7; Labor Code section 512 (requirement to provide meal periods);

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

'EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

      d.   Wage Order 7; Labor Code section 226.7 (failure to authorize or permit paid rest periods);

      e.   Labor Code section 226.2 (failure to provide rest break pay at the regular rate);

      f.   Labor Code section 2802 (requirement to indemnify employees for necessary losses or expenditures);

      g.   Wage Order 7; Labor Code section 221 (prohibition against unlawful deductions);

      h.   Labor Code section 2810.5 (requirement to provide written notice of pay information).

138.   The violation of these laws serve as unlawful predicate acts for purposes of Business & Professions Code section 17200 and remedies are provided therein under Business & Professions Code section 17203. Plaintiffs have suffered direct economic injury in that they have not been paid all wages and compensation due in a timely manner.

139.   The acts and practices described in this Complaint constitute unlawful, unfair and fraudulent business practices, and unfair competition within the meaning of Business and Professions Code sections 17200 *et seq*.

140.   Business & Professions Code section 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and to which those person have an ownership interest. Plaintiffs are entitled to restitution pursuant to Business & Professions Codes sections 17203 and 17208 for all wages unlawfully withheld from them during the four years prior to the filing of this Complaint.

141.   Plaintiffs' success in this action will enforce important rights affecting the public interest, and in that regard, Plaintiff sues on behalf of himself and other current and former employees similarly situated. Plaintiffs seek and are entitled to unpaid compensation for unpaid wages due, unpaid rest periods, unpaid waiting time penalties, injunctive relief, declaratory relief, and any other remedy owing to Plaintiffs.

142.   Injunctive and declaratory relief is necessary and appropriate to prevent the Defendants from repeating their wrongful business practices alleged above.

143. To prevent Defendants from profiting and benefiting from their wrongful and illegal acts, it is appropriate and necessary to enter an order requiring Defendants to restore Plaintiffs all monies that are owed.

144. An actual controversy has arisen and now exists relating to the rights and duties of the Defendants and Plaintiffs as to whether Defendants must compensate for unpaid wages and meal and rest periods.

145. Plaintiffs request a declaration by this Court that Plaintiffs are entitled to be compensated for unpaid wages, meal and rest periods, unlawful deductions, and necessary expenditures pursuant to California Law.

146. Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Therefore, attorneys' fees are appropriate pursuant to California Code of Civil Procedure section 1021.5.

Wherefore, Plaintiffs pray judgment as set forth below.

## XIII. PRAYER FOR RELIEF

Plaintiffs pray for judgment as follows:

1. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants from committing in the future those violations of law herein alleged;

2. For an order determining this matter to be a class action and that Plaintiff is named class representative and Plaintiff's attorneys are named class counsel;

3. For an award of damages in an amount according to proof under the Labor Code;

4. For an award of restitution and wages according to proof under the Labor Code, Business & Professions Code sections et seq., and any other applicable provision;

5. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due;

6. For penalties under the Labor Code, IWC Wage Order 7, and all other statutory and/or civil penalties provided by law;

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

26

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

7.     For interest under Labor Code sections 218.6, 1194, 1197.1, and any other applicable provisions;

8.     For liquidated damages under Labor Code section 1194.2;

9.     For an award of reasonable attorneys' fees, costs, and interest thereon pursuant to Labor Code sections 218.5, 226, 1194, and 2802; Code of Civil Procedure section 1021.5; and any other applicable provision;

10.     For such other and further relief as this Court deems just and proper.


Dated: April 11, 2017                              WEINBERG, ROGER & ROSENFELD
                                                   A Professional Corporation


                                         By:       /s/ David A. Rosenfeld
                                                   David A. Rosenfeld
                                                   Caren P. Sencer
                                                   David W.M. Fujimoto
                                                   Attorneys for Plaintiffs

COMPLAINT [CLASS ACTION] - SCOTT, ET AL. V. SPRINT CORPORATION, ET AL.

DOCSNT\ZMC1493\142552\898864.v2-4/11/17

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
301 Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1  GIBSON, DUNN & CRUTCHER LLP
   Rachel S. Brass, SBN 219301
2  rbrass@gibsondunn.com
   555 Mission Street, Suite 3000
3  San Francisco, CA 94105-0921
   Telephone: 415.393.8200
4  Facsimile:  415.393.8306

5  Attorney for Defendant CREDICO (USA) LLC.

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

12  TASHIAN R. SCOTT, on his own behalf and       CASE NO. _____
    on behalf of all those similarly situated,
13                                                **DECLARATION OF JENNIFER CLARK IN**
                                                  **SUPPORT OF NOTICE OF REMOVAL BY**
14            Plaintiffs,                         **DEFENDANTS**
                                                  **CREDICO (USA) LLC, LEGION,**
15        v.                                      **LATITUDE GROUP, AND ALON BRENER**

16  SPRINT CORPORATION; SPRINT/UNITED
    MANAGEMENT CORPORATION;                       [Removal from the Superior Court of the State of
17  LEGION; LATITUDE GROUP; CREDICO               California, County of Alameda, Case No. RG
    (USA), LLC; ALON BRENER, an individual,       17856280]
18
              Defendants.                         Action Filed:   April 11, 2017
19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

─────────────────────────────────────────────
          CLARK DECL. I/S/O DEFENDANTS' NOTICE OF REMOVAL

I, Jennifer Clark, declare as follows:

1.    I am currently employed as the Chief Legal Officer of Credico North America.  In my position, I am familiar with and have personal knowledge of Credico (USA) LLC's corporate organization, operations, subcontractor relationships, and general business affairs.  The following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.    Defendant Credico (USA) LLC ("Credico") is a Delaware corporation, with its principal place of business in Chicago, Illinois.

3.    Workweek data and compensation information for individuals working with ISOs is not maintained by Credico.

4.    Based upon a review of currently available information provided to Credico pursuant to its contracts with Independent Sales Offices ("ISOs") with individuals who worked on the Assurance Wireless campaign, there were approximately 3,000 individuals who performed work on the Assurance Wireless campaign for a California-based ISO contracted by Credico from April 11, 2013 through April 11, 2017, based on reports provided to Credico by ISO owners.

5.    Based upon a review of currently available information provided to Credico pursuant to its contracts with ISOs with individuals who worked on the Assurance Wireless campaign, between April 11, 2013 and April 11, 2017,  the individuals who performed work on the Assurance Wireless campaign for a California-based ISO contracted by Credico made sales on an aggregate of approximately 114,500 days, based on reports provided to Credico by Assurance Wireless.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 17, 2017.

_Jennifer Clark_ (signature)
Jennifer Clark

JS-CAND 44 (Rev. 07/16)

Case 3:17-cv-02846-EMC Document 5-1 Filed 05/18/17 Page 140 of 144
Case 3:17-cv-02846 Document 1-9 Filed 05/18/17 Page 1 of 1

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1 U.S. Government Plaintiff

3 Federal Question
*(U.S. Government Not a Party)*

2 U.S. Government Defendant

4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment Of Veteran's Benefits<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury – Product Liability<br>367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 625 Drug Related Seizure of Property 21 USC § 881<br>690 Other | 422 Appeal 28 USC § 158<br>423 Withdrawal 28 USC § 157<br><br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>840 Trademark | 375 False Claims Act<br>376 Qui Tam (31 USC § 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/ Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act<br>896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |
| | | | **LABOR** | **SOCIAL SECURITY** | |
| | | | 710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act | 861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | 440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>445 Amer. w/Disabilities– Employment<br>446 Amer. w/Disabilities– Other<br>448 Education | **Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee– Conditions of Confinement | | 870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS–Third Party 26 USC § 7609 | |
| | | **IMMIGRATION** | | | |
| | | 462 Naturalization Application<br>465 Other Immigration Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

1 Original Proceeding

2 Removed from State Court

3 Remanded from Appellate Court

4 Reinstated or Reopened

5 Transferred from Another District *(specify)*

6 Multidistrict Litigation–Transfer

8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:** Yes No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE

DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

**(Place an "X" in One Box Only)**          SAN FRANCISCO/OAKLAND          SAN JOSE          EUREKA-MCKINLEYVILLE

**DATE:**          **SIGNATURE OF ATTORNEY OF RECORD:**

## Attachment to Civil Cover Sheet

***Counsel for Plaintiffs:***

David A. Rosenfeld
Caren P. Sencer
David W.M. Fujimoto
Weinberg, Roger & Rosenfeld PC
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
Telephone: 510-337-1001
Facsimile: 510-337-1023
drosenfeld@unioncounsel.net
csencer@unioncounsel.net
dfujimoto@unioncounsel.net

***Counsel for Defendants Legion, Latitude Group, and Alon Brener:***

Elise O'Brien
Rynn & Janowski, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, California 92660
Telephone:  949-430-3417
Facsimile: 949-225-4766
elise@rjlaw.com

***Counsel for Defendants Sprint Corporation and Sprint/United Management Corporation:***

Nicole Eichberger
Proskauer Rose LLP
Eleven Times Square
New York, New York  10036
Telephone: 212-969-3000
Facsimile: 212-969-2900
neichberger@proskauer.com

***Counsel for Defendant Credico (USA) LLC:***

GIBSON, DUNN & CRUTCHER LLP
Rachel S. Brass
rbrass@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

1    GIBSON, DUNN & CRUTCHER LLP
     Rachel S. Brass, SBN 219301
2    rbrass@gibsondunn.com
     555 Mission Street, Suite 3000
3    San Francisco, CA 94105-0921
     Telephone: 415.393.8200
4    Facsimile:  415.393.8306

5    Attorney for Defendant CREDICO (USA) LLC.

6

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12   TASHIAN R. SCOTT, on his own behalf and       CASE NO. _____
     on behalf of all those similarly situated,
13                                                  **PROOF OF SERVICE**

14                  Plaintiffs,

15          v.                                      [Removal from the Superior Court of the State of
                                                    California, County of Alameda, Case No. RG
16   SPRINT CORPORATION; SPRINT/UNITED              17856280]
     MANAGEMENT CORPORATION;
17   LEGION; LATITUDE GROUP; CREDICO                Action Filed:   April 11, 2017
     (USA) LLC, ALON BRENER, and individual,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

─────────────────────────────────────────────────
                         PROOF OF SERVICE

**PROOF OF SERVICE**

I, Suzanne Maruschak, declare as follows:

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, CA 94105-0921, in said County and State.  On May 18, 2017, I served the following document(s):

**NOTICE OF REMOVAL;**

**BRASS DECLARATION AND EXHIBIT A IN SUPPORT OF NOTICE OF REMOVAL;**

**O'BRIEN DECLARATION AND EXHIBITS A, B, AND C IN SUPPORT OF NOTICE OF REMOVAL;**

**CLARK DECLARATION IN SUPPORT OF NOTICE OF REMOVAL;**

**CIVIL COVER SHEET**

on the parties stated below, by the following means of service:

David A. Rosenfeld
Caren P. Sencer
David W.M. Fujimoto
Weinberg, Roger & Rosenfeld PC
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
Telephone: 510-337-1001
Facsimile: 510-337-1023
drosenfeld@unioncounsel.net
csencer@unioncounsel.net
dfujimoto@unioncounsel.net

*Counsel for Plaintiffs*

Elise O'Brien
Rynn & Janowsky, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, California 92660
Telephone:  949-430-3417
Facsimile: 949-225-4766
elise@rjlaw.com

*Counsel for Defendants Legion,*
*Latitude Group, & Alon Brener*

Nicole Eichberger
Proskauer Rose LLP
Eleven Times Square
New York, New York  10036
Telephone: 212-969-3000
Facsimile: 212-969-2900
neichberger@proskauer.com

*Counsel for Defendants*
*Sprint Corporation and Sprint/United*
*Management Corporation*

Gibson, Dunn &
Crutcher LLP

1

PROOF OF SERVICE

☑   **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☑   I am employed in the office of Rachel S. Brass, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑   **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 18, 2017.

*/s/ Suzanne Maruschak*

Gibson, Dunn &
Crutcher LLP

2

PROOF OF SERVICE